IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

**PLAINTIFFS' UNOPPOSED MOTION TO STAY DISCOVERY**

Plaintiffs respectfully move to stay discovery on the merits of Plaintiffs' claims until after the interim remedial phase of this case concludes. Staying merits discovery during this period will allow the Parties to focus their efforts on developing an interim remedial plan and will facilitate mediation and potential settlement. Plaintiffs' counsel conferred with counsel for the City, who does not object to the relief requested by this motion. For the reasons set forth more fully in the following memorandum, Plaintiffs respectfully request that this Court grant their motion to stay merits discovery until after the interim remedial phase concludes.

**MEMORANDUM OF LAW**

**A.  Case Background**

    1.    On February 24, 2023, the Court issued the scheduling order in this case (ECF 32), setting trial for January 29, 2024. Discovery is set to conclude 100 days prior, on October 21, 2023.

    2.    On May 23, 2023, the Court granted Plaintiffs' Expedited Motion for Preliminary Injunction, enjoining the City from using the redistricting plan challenged in this case (ECF 60). The same day, the Court ordered the Parties to engage in mediation within 30 days (ECF 61), which the Parties have scheduled for June 13 (*see* ECF 65).

    3.    In the next phase of the case, the Parties will focus on "creat[ing] and implementing

a constitutionally conforming remedial map" by August 1, when the County Elections Department needs a map to conduct the November elections. (ECF 32 at 32.)

4. Plaintiffs, unopposed by the City, seek a stay of discovery on the merits of their claims during this interim remedial phase.

### B. Legal Standard

5. District courts have broad, discretionary authority to decide how to manage their dockets, including the ability to stay discovery. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."); *Jolly v. Hoegh Autoliners Shipping AS*, 2021 WL 1822758 (M.D. Fla. Apr. 5, 2021); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

6. A movant seeking to stay discovery must demonstrate reasonableness and good cause. *Chico v. Dunbar Armored, Inc.*, 2017 WL 4476334, at *2 (S.D. Fla. Oct. 6, 2017). Further, district courts have weighed four main factors in deciding whether to grant a stay of discovery in the absence of a dispositive motion: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* (quoting *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)); *see also Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F. Supp. 3d 1183 (S.D. Fla. 2020).

7. Courts have been willing to grant a stay of discovery when it allows parties to avoid unnecessary expenses as they engage in mediation. *Chico*, 2017 WL 4476334, at *2. Similarly,

courts have issued stays when the likelihood of early resolution of the case means that a fulsome discovery process may not even be needed. *See ArrivalStar, S.A. v. Blue Sky Network, LLC*, 2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012).

### C. Argument

8. In this case, the legal standard is met. The matter is still at an early stage, with "no significant discovery or trial preparation ha[ving] taken place." *Juno Therapeutics, Inc. v. Kite Pharma*, 2018 WL 1470594, at *6 (C.D. Cal. Mar. 8, 2018). The Parties have focused their efforts thus far on resolving Plaintiffs' Motion for Preliminary Injunction. The Court recently granted that motion, and an interim remedial phase will now ensue.

9. A stay will not prejudice or disadvantage the non-moving party, as the City does not oppose a stay of merits discovery until after the interim remedial process.

10. A stay will likely simplify the issues and streamline the trial. It is possible that resolving the question of interim remedy—either through agreement of the Parties or by order of the Court—will facilitate a final resolution of the entire case, or narrow the issues in dispute.

11. Finally, the stay will reduce the burden of litigation on the Parties and on the Court by removing the burden of merits discovery as they seek to turn their full attention to developing an interim remedial plan, negotiating through mediation, conducting any limited discovery (if necessary) on interim remedy itself, and facilitating a potential resolution of the case before it proceeds to the next step. In contrast, resolution through negotiation may be more difficult if the Parties have already undergone the burdens of discovery.

### D. Conclusion

12. Because Plaintiffs have shown good cause to stay discovery and have demonstrated a stay is reasonable, Plaintiffs respectfully request the Court grant their motion and stay discovery

on the merits of Plaintiffs' claims until after the interim remedial phase of this case concludes.

### LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Plaintiffs' counsel conferred with counsel for the City. The City does not oppose the relief requested by this motion.

Respectfully submitted this 1st day of June, 2023,

 /s/ Nicholas L.V. Warren

| | |
|---|---|
| Nicholas L.V. Warren (FBN 1019018)<br>**ACLU Foundation of Florida, Inc**.<br>336 East College Avenue, Suite 203<br>Tallahassee, FL 32301<br>(786) 363-1769<br>nwarren@aclufl.org | Neil A. Steiner*<br>**Dechert LLP**<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>(212) 698-3822<br>neil.steiner@dechert.com |
| Daniel B. Tilley (FBN 102882)<br>Caroline A. McNamara (FBN 1038312)<br>**ACLU Foundation of Florida, Inc**.<br>4343 West Flagler Street, Suite 400<br>Miami, FL 33134<br>(786) 363-2714<br>dtilley@aclufl.org<br>cmcnamara@aclufl.org | Christopher J. Merken*<br>**Dechert LLP**<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 994-2380<br>christopher.merken@dechert.com |
| | * *Admitted pro hac vice* |

*Counsel for Plaintiffs*