UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-24066-KMM

GRACE, INC.; ENGAGE MIAMI, INC.;
SOUTH DADE BRANCH OF THE NAACP;
MIAMI-DADE BRANCH OF THE NAACP;
CLARICE COOPER; YANELIS VALDES;
JARED JOHNSON; and ALEXANDER
CONTRERAS,

    Plaintiffs,

v.

CITY OF MIAMI,

    Defendant.
_____/

**REPLY IN SUPPORT OF
MOTION TO STRIKE CAROLYN ABOTT'S IMPROPER OPINIONS
ASSESSING THE CREDIBILITY OF WITNESSES AND SPECULATING ABOUT THE
CITY'S CONSIDERATIONS AND MOTIVATIONS IN CREATING A NEW PLAN**

Defendant, City of Miami (the "City" or "Defendant"), hereby submits this Reply in Support of its Motion to Strike Carolyn Abbott's Improper Opinions Assessing the Credibility of Witnesses and Speculating About the City's Considerations and Motivations in Creating a New Plan (the "Motion to Strike") [DE 87], and states as follows:

**ARGUMENT**

Plaintiffs misconstrue the nature of Dr. Abott's conclusions: they claim that Dr. Abott "does not speculate about the subjective intent of the commissioners" or "comment on their credibility." Response at 2. Yet on the first page of her Report, she "conclu[des] that differences between [the Enacted Plan] and the Enjoined Plan *are a result of racial concerns*." [DE 82-12, at 1 (emphasis added)]. And later, she determines that "[p]artisan *motivations* cannot explain the

1

boundaries of the commission districts nor the movement of specific areas between the Enjoined Plan and [the Enacted Plan]" and nor can "a *desire* to maximize Republican advantage . . . explain any aspect of" the Enacted Plan. [DE 82-12, at 11-12 (emphasis added)]. Indeed, an entire *section* of Dr. Abott's Report—the section immediately preceding the Conclusion—is titled "Partisan *Motivations*." [DE 82-12, at 11-13 (emphasis added)]. Plaintiffs' claim that her conclusions do not relate to the City's intentions and motivations is thus belied by her Report.

Plaintiffs ignore the authorities cited in the City's Motion—and the well-settled rule that speculation about intent or credibility is not a proper subject of expert testimony—and instead assert that expert reports "like Dr. Abott's . . . are commonly used in racial gerrymandering cases." Response at 3. But Plaintiffs' cited cases have nothing to do with the issue before this Court because Dr. Abott's Report is nothing like the opinions in those cases. Specifically, in Plaintiffs' cases, the records were replete with evidence of packing or dilution, and there was no plausible explanation for such results other than race; in other words, the experts in those cases were permitted to opine—based on statistical analyses and ample circumstantial record evidence—that racial considerations predominated. *See* Response at 3-4 (citing *Bethune-Hill v. Virginia State Bd. of Elections*, 326 F. Supp. 3d 128, 147 (E.D. Va. 2018) (describing substantial evidence "that VTDs in each region were split exactly along racial lines"); *Harris v. McCrory*, 159 F. Supp. 3d 600, 619 (M.D.N.C. 2016) (noting that the "principal architect" in drawing the map, Dr. Hofeller, admitted in his deposition that race was an "active consideration," and citing other circumstantial evidence); *South Carolina State Conference of NAACP v. Alexander*, No. 3:21-cv-03302, 2023 WL 118775, at *8 (D.S.C. Jan. 6, 2023) (noting that the cartographer, Will Roberts, "failed to provide the Court with any plausible explanation" his drawing of parts of the map, and finding

there was "striking evidence that voters were sorted on the basis of race" (internal quotations omitted)).

But here, in stark contrast, there is no such evidence. Plaintiffs have never even *alleged* vote dilution, and they *conceded* that there is no packing in the Enacted Plan.[1] Rather, the record contains *only* evidence of permissible, non-racial intentions, and Plaintiffs rely on Dr. Abott merely to challenge those stated intentions with no reliable basis. This is clearly impermissible. *See* Motion at 5-8; *see also City of S. Miami v. Desantis*, Case No. 19-cv-22927, 2020 WL 7074644, at *13 (S.D. Fla. Dec. 3, 2020) ("Dr. Lichtman's opinion on the legislature's discriminatory intent improperly invades the province of the trier of fact by opining on the ultimate legal question in this case.") (citing *Quevedo v. Iberia, Lineas Aereas De Espana, S.A. Operadora Unipersonal*, No. 17-21168-CIV, 2018 WL 4932097, at *4 (S.D. Fla. Oct. 11, 2018) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony...[T]he question of intent is a classic jury question and not one for the experts." (citation omitted)); *see also Knight ex rel. Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 808-09 (11th Cir. 2017) (stating that "proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments" (quotation marks omitted)).

That the City did not challenge Dr. Abott's first report or "request[] the facts and data Dr. Abott relied on" does not render her opinions admissible. *See* Response at 3. On the contrary, this has no bearing on the analysis. It is *Plaintiffs*' burden—as the party proffering Dr. Abott—to establish the reliability and propriety of her opinions. And there are *no* facts or data upon which

---

[1] In fact, *Plaintiffs'* proposed plan has more packing of Hispanic and white voters than the Enacted Plan.

3

Dr. Abott could properly rely to reach a reliable expert opinion regarding the City's motivations on this record.

Finally, Plaintiffs argue that, "[e]ven if the Court does not consider Dr. Abott qualified as an expert," the Court should nonetheless consider her opinion because this is a bench trial. Response at 5. But it is Plaintiffs, and not the City (as Plaintiffs' contend), who "misconstrue[] the Court's gatekeeping role." Response at 5. That the Court's pre-trial gatekeeping role is "more relaxed in a bench trial situation," *see* Response at 5, does not render otherwise unreliable and impermissible opinion testimony admissible; while the Court need not make *advance* rulings regarding admissibility, it still "must determine admissibility at some point." *Travelers Property Cas. Co. of Am. v. Barkley*, No. 16-61768, 2017 WL 4867012, at *1 (S.D. Fla. June 2, 2017); *GLF v. Fedcon Joint Venture*, No. 8:17-cv-1932, 2019 WL 7423552, at *3 (M.D. Fla. Oct. 15, 2019). This is because, in a bench trial, "the Court as a fact finder is presumably competent to disregard what he thinks he should not have heard, or to discount it for practical and sensible reasons" at the appropriate time. *GLF*, 2019 WL 7423552, at *3. *Now* is the appropriate time for the Court to make such a determination: the City is not merely seeking a pre-trial, preemptive ruling. Plaintiffs rely substantially on Dr. Abott's opinions in their Objections to the Enacted Plan, so the Court, in considering the Enacted Plan, should reject Dr. Abott's impermissible conclusions.

## **CONCLUSION**

For the reasons herein and in the City's Motion to Strike, the City respectfully requests the Court to strike Dr. Abott's report and decline to consider her opinions regarding the credibility of any witnesses or the City's motivations, intentions, and considerations in creating the Enacted Plan.

Respectfully submitted,

GRAYROBINSON, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By:  *s/ Christopher N. Johnson*
Christopher N. Johnson
Florida Bar No. 69329
Email: Christopher.Johnson@gray-robinson.com
Marlene Quintana, B.C.S.
Florida Bar No. 88358
Email: Marlene.Quintana@gray-robinson.com

GRAYROBINSON, P.A.
Jason L. Unger, Esquire
Florida Bar No. 991562
George T. Levesque
Florida Bar No. 55551
Andy Bardos
Florida Bar No. 822671
301 S. Bronough Street
Suite 600
Tallahassee, Florida 32301
Telephone: (850) 577-9090
Facsimile: (850) 577-3311

CITY OF MIAMI
VICTORIA MENDEZ, City Attorney
Florida Bar No. 194931
JOHN A. GRECO, Chief Deputy City Attorney
Florida Bar No. 991236
KEVIN R. JONES, Deputy City Attorney
Florida Bar No. 119067
KERRI L. MCNULTY
Litigation & Appeals Division Chief
Florida Bar No. 16171

Office of the City Attorney
444 S.W. 2nd Avenue
Miami, FL 33130
Telephone: (305) 416-1800
Facsimile:  (305) 416-1801

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   *s/ Christopher N. Johnson*
       Christopher N. Johnson, Esq.