UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-24066-KMM

GRACE, INC.; ENGAGE MIAMI, INC.;
SOUTH DADE BRANCH OF THE NAACP;
MIAMI-DADE BRANCH OF THE NAACP;
CLARICE COOPER; YANELIS VALDES;
JARED JOHNSON; and ALEXANDER
CONTRERAS,

        Plaintiffs,

v.

CITY OF MIAMI,

        Defendant.

_____/

## DEFENDANT'S MOTION TO STAY CASE PENDING APPEAL AND TO CONTINUE TRIAL AND PRETRIAL DEADLINES

Pursuant to Rule 62(d) Florida Rules of Civil Procedure, Defendant, City of Miami (the "City"), moves to stay discovery and further proceedings pending appeal and to continue the trial and pretrial deadlines.  Plaintiffs have indicated that they seek to supplement their pleadings, as they must because the Amended Complaint is now moot.  The City does not oppose that filing as long as the case is continued and stayed pending appeal to allow the issues raised in the Court's remedial order and echoed in the proposed supplemental pleading may be addressed by the Court of Appeals.[1]

---

[1] While the City has had less than 24 hours to review the new pleading, it does intend to move to dismiss the Supplemental Pleading on the merits because it fails to state a claim and because Plaintiffs are judicially estopped from taking positions that are contrary to the positions that they took in this case to obtain the preliminary injunction.

Plaintiffs, Grace, Inc. ("Grace"), Engage Miami, Inc. ("Engage Miami"), South Dade Branch Of The NAACP ("South Dade NAACP"), Miami-Dade Branch Of The NAACP ("Miami-Dade NAACP"), Clarice Cooper, Yanelis Valdes, Jared Johnson, Alexandra Contreras and Steven Miro (collectively, the "Plaintiffs"), filed this case on December 15, 2023 (DE 1), and amended the complaint on February 10, 2023. DE 23.   That same day they filed a motion for preliminary injunction.  DE 26.  Defendants moved to dismiss the Amended Complaint.  DE 34.  This Court set the case for trial on January 29, 2024.  DE 32.  Pursuant to this Court's order, the discovery cut off is October 21, 2023.  *Id*.

On March 29, the Court's Magistrate conducted an evidentiary hearing on Plaintiffs' Expedited Motion, and issued her Report and Recommendations on May 3, 2023.  *See* DE 52. The Magistrate found that Plaintiffs had a likelihood of success on the merits that the City's Redistricting Plan was unconstitutional. *Id*.  This Court adopted that recommendation and found that the City's redistricting map set forth in City of Miami Resolution 22-131 (the "Enjoined Plan") unconstitutionally racially gerrymandered the City to preserve "three Hispanic districts, one Black district, and one Anglo district."  DE 60 p.16; DE 94 pp.20-21.  The Court issued an order enjoining the City from going forward with that plan for the upcoming election on November 7, 2023. DE 60.

On June 1, 2023, Plaintiffs moved to stay discovery while the parties engaged in mediation and a remedial process.  The following day, the Court entered an order granting the stay "until the interim remedial phase of this case has concluded."  DE 67.  The parties unsuccessfully mediated, and then the City adopted a new plan enacted in Resolution 23-271 (the "New Plan").  DE 77.  This was not a remedial plan insofar as the Enjoined Plan has been superseded by the New Plan and will no longer reflect the City's districts regardless of the

outcome of this case. *Id*. The City then moved to dismiss this action as moot. DE 80. Plaintiffs objected to the New Plan [DE 83]. This Court denied the motion to dismiss as moot, not on the merits, but because it found it had the remedial authority to ensure that any new plan passed "does not suffer from the same constitutional infirmities" as the Enjoined Plan. DE 91 p.10.

On July 30, 2023, this Court entered an Order that rejected the "New Plan" finding that it failed to correct the prior racial predominance of the Enjoined Plan (the "Remedial Order"). DE 94 pp.27,35-39. The Court mandated that the City adopt a plan proposed by Plaintiffs (Plan 4 or the "Mandated Plan"). The City appealed [DE 96] and filed a motion for stay. DE 97. The Appellate Court stayed the Remedial Order on August 4, 2023. Exhibit A (ECF 25). The Court observed that Plaintiffs Map 4 looked a lot like the New Plan and had a similar racial make-up. *Id*. p.5. Plaintiffs then filed an application with the Supreme Court of the United States to reverse that stay. On August 17, 2023 the Supreme Court denied the application. Exhibit B. The appeal in the Eleventh Circuit is proceeding on an expedited basis with the City's brief due on September 11, 2023. Exhibit C.

The pleadings are not closed and this case is currently not at issue. The Amended Complaint is solely directed to the now moot Enjoined Plan. It should either be dismissed as moot, or Plaintiffs must file an amended (or supplemented) pleading to challenge the New Plan, which they have indicated their intention to do.[2] With the remedial phase currently on appeal (and thus not concluded), the discovery stay appears to be still in effect. Plaintiffs apparently feel otherwise and have served a request for production of documents. If the stay is lifted, then the parties only have two months left to conduct discovery in this significant case. Additionally,

---

[2] Plaintiffs submitted the proposed pleading to the City for review to see if the City opposes it as part of their conferral.

the appeal will necessarily address the merits of whether the New Plan "suffers from the same constitutional infirmities" as the Enjoined Plan, and thus whether it is unconstitutional. The outcome of the appeal will significantly shape this proceeding.

For example, in their challenge to the New Plan, and in this Court's Order rejecting the New Plan, the basis for the position that District 5 is an unconstitutional racial gerrymander was that the City failed to consider a functional analysis prior to adopting a Voting Rights Act ("VRA") district with a 50.3% Black Voting Age Population ("BVAP"), notwithstanding that it is was not statistically different than the BVAP in Plaintiffs' proposed plans. This Court rejected that narrow tailoring was objective test as to whether it is the least restrictive means because the Supreme Court adopted a subjective safe harbor in this context that, as long as the legislative body had a strong basis in evidence for the belief that it was narrowly tailored, such as considering a functional analysis,[3] the district could not be challenged. DE 94 pp. 38-39 (citing *Bethune-Hill v. Va. State Bd. of Elections (Bethune-Hill I)*, 580 U.S. 178, 187 (2017). This question is squarely before the Court of Appeal, and it is also a key part of Plaintiff's supplemental pleadings. Indeed, it must be because they cannot claim that 50.3% is not objectively narrowly tailored in light of their own proposed districts. If District 5 is not unconstitutional, then none of the racial gerrymandering of District 5 (which affected the

---

[3] A functional analysis is used to determine whether the Legislature in good faith believed a VRA district was required. *Bethune-Hill v. Va. State Bd. of Elections (Bethune-Hill I)*, 580 U.S. 178, 193 (2017) Is there a large enough population, does it vote cohesively, and is there racially polarized voting? Plaintiffs conceded all of these points, and the only issue was whether 50.3% was excessive.

adjoining districts) is unconstitutional.  This question of law on appeal will have an immense impact on this case and on the scope of discovery and expert analysis.

It is two and a half months until the election.  Discovery in this case will burden the City and the Commissioners while they are preparing for the election.  For example, Plaintiffs have served a Request for Production related to every redistricting cycle for the past three decades. *See* Request for Production, Exhibit D.   Additionally, the Plaintiffs have requested the depositions of City Commissioners and the City Attorney—depositions that will undoubtedly involve discovery motions involving legislative privilege and attorney-client and attorney work product privileges.  Moreover, as the Plaintiffs have now indicated their intent to amend the pleadings to redirect their challenge to the New Plan, notwithstanding the fact that the time for amendment of the pleadings has passed, conducting discovery on a yet-to-be-filed amended complaint would be premature.

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1172 n.7 (11th Cir. 2004) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The length of the requested stay will not be indefinite or immoderate. *See Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).  Defendant's request for stay is only pending the outcome of the appeal, which as noted above, has been expedited at the Plaintiffs' request and Defendant's consent.

Where, like here, the case is not at issue and the pleading is subject to a dispositive motion[4]  the Eleventh Circuit has held the district court should generally stay all discovery

---

[4] The Amended Complaint is subject to a motion to dismiss and the Supplemental Complaint will also be subject to a dispositive motion.

during the pendency of that motion.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353,

1366 (11th Cir. 1997) (reversing district court's order compelling discovery entered during

pendency of motion to dismiss).   Though the district court is vested with discretion over

discovery matters, "[t]his discretion is not unfettered…" *Id.* at 1367.  "Facial challenges to the

legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a

claim for relief, should … be resolved before discovery begins." *Id.*  "[N]either the parties nor

the court have any need for discovery before the court rules on the motion." *Id.*  As the Eleventh

Circuit explained in *Chudasama*, "[i]f the district court dismisses a nonmeritorious claim before

discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."

*Id.* at 1368.  The court reasoned:

> Allowing a case to proceed through the pretrial processes with an
> invalid claim that increases the costs of the case does nothing but
> waste the resources of the litigants in the action before the court,
> delay resolution of disputes between other litigants, squander
> scarce judicial resources, and damage the integrity and the public's
> perception of the federal judicial system.

*Id.*

It is appropriate to delay discovery until the district court determines that there is a

cognizable cause of action asserted in the complaint.  *Moore v. Potter*, 141 Fed. Appx. 803, 807-

08 (11th Cir. 2005) (affirming stay of discovery during pendency of motion to dismiss

complaint); *see also Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV,

2011 WL 1226119, *1 (S.D. Fla. Mar. 30, 2011) (staying all discovery pending ruling on motion

to dismiss that is "potentially dispositive of the entire action"); *Staup v. Wachovia Bank, N.A.*,

No. 08-60359-CIV, 2008 WL 1771818, *1 (S.D. Fla. Aug. 16, 2008) (staying all discovery,

including Rule 26(a) initial disclosures, until resolution of pending motion to dismiss); *Carcamo*

*v. Miami-Dade County*, No. 03-20870-CIV, 2003 WL 24336368, *1 (S.D. Fla. Aug. 1, 2003)

(granting stay of discovery until court rules on pending motion to dismiss); *In re Managed Care Litig.*, No. 00-1334-MD, 2001 WL 664391, *3 (S.D. Fla. June 12, 2001) (staying discovery until ruling on pending motions to dismiss).

Even absent such a motion, such a stay would be appropriate here. The factors to consider in deciding whether to grant a stay of discovery in the absence of a dispositive motion are: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Chico v. Dunbar Armored, Inc.*, 2017 WL 4476334, at *2 (S.D. Fla. Oct. 6, 2017) (quoting *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)); *see also Prisua Eng'g Corp. v. Samsung Elecs*. Co., 472 F. Supp. 3d 1183 (S.D. Fla. 2020). Plaintiffs supplemental pleading is essentially a new action. Additionally, as set forth above, a stay pending a resolution of the appeal will substantially streamline the issues and reduce the burden on the parties and the Court.

There will be no prejudice to Plaintiffs from the Stay. The November 7, 2023 election is no longer at issue. In accordance with the stay issued by the Eleventh Circuit, it will be conducted according to the New Plan. The next election is not until November 2025. Staying this case and continuing the trial date will provide time for the Eleventh Circuit to rule, providing necessary guidance on the applicable law, and for the parties to conduct discovery and develop the case.

### Certificate of Conferral

I certify that prior to filing this motion, I attempted to resolve the matter in good faith by discussing the relief requested via e-mail on August 24, 2023 with opposing counsel. They oppose the request.

WHEREFORE, Defendant respectfully asks this Court to stay the Order pending appeal and continue the trial and pretrial deadlines in this case.

Dated this 25th day of August, 2023.

Respectfully submitted,

By:    *s/ Christopher N. Johnson*
GRAYROBINSON, P.A.
Jason L. Unger, Esquire
Florida Bar No. 991562
George T. Levesque
Florida Bar No. 55551
Andy Bardos
Florida Bar No. 822671
301 S. Bronough Street
Suite 600
Tallahassee, Florida 32301
Telephone: (850) 577-9090
Facsimile:  (850) 577-3311

GRAYROBINSON, P.A.
Christopher N. Johnson
Florida Bar No. 69329
Email: Christopher.Johnson@gray-robinson.com
Marlene Quintana, B.C.S.
Florida Bar No. 88358
Email: Marlene.Quintana@gray-robinson.com
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida  33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

CITY OF MIAMI
VICTORIA MÉNDEZ, City Attorney
Florida Bar No. 194931
JOHN A. GRECO, Chief Deputy City Attorney
Florida Bar No. 991236
KEVIN R. JONES, Deputy City Attorney
Florida Bar No. 119067
KERRI L. MCNULTY,
Litigation & Appeals Division Chief
Florida Bar No. 16171
Office of the City Attorney
444 S.W. 2nd Avenue
Miami, FL 33130

Telephone: (305) 416-1800
Facsimile:  (305) 416-1801
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   *s/ Christopher N. Johnson*
Christopher N. Johnson, Esq.