IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs serve their First Request for Production of Documents on the City of Miami. Plaintiffs request that the City provide the following documents and things herein requested within 30 days by email; at the offices of the ACLU of Florida, 4343 West Flagler Street, Suite 400, Miami, FL 33134; or in such other method as may be agreed upon by counsel. Each document request is subject to the definitions and instructions set forth below. These requests are continuing in nature, as provided in Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.    "City" or "City of Miami" means the municipal corporation the City of Miami, its elected and appointed officials, its component departments and offices, its board and commissions, and all other entities formally or informally associated with the government of Miami.

2.    "Associated with" means employed by, under contract with, acting as the agent of, representing, or otherwise affiliated with, an organization or person.

3.    "Commission" and "City Commission" means the Miami City Commission.

4.    "Commissioners" means any members of the Miami City Commission during the period from 1996 to the present, inclusive.

5. "You" or "Your" means the City of Miami and all persons acting or purporting to act on its behalf, including its agents and employees.

6. "Communication" is used in the broadest possible sense and means every manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms, or systems.

7. "Complaint" means the First Amended Complaint in this case, ECF No. 23, and any subsequently filed amended complaints.

8. "Concerning," "reflecting," "regarding," and "relating to" are used in the broadest possible sense and mean addressing, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

9. "Document" is used in the broadest possible sense and means anything that may be within the meaning of Federal Rule of Civil Procedure 34, and includes any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" includes without limitation: correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," text messages, social media communications, voice mail messages, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of

information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by the City or anyone else. The term "Document(s)" includes the defined term "Electronically Stored Information," which is defined below.

10.     "Electronically Stored Information" or "ESI" includes, but is not limited to, any and all electronic data or information stored on a computing device. Information and data is considered "electronic" if it exists in a medium that can only be read through the use of computing device. This term includes but is not limited to databases; all text file and word processing Documents (including metadata); presentation Documents; spreadsheets; graphics, animations, and images (including PNG, JPG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, and instant messages (including attachments, logs of email history and usage, header information and "deleted" files); email attachments; calendar and scheduling events, invites, and information; cache memory; Internet history files and preferences; audio; video, audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; computer system activity logs; servers; archives; back-up or disaster recovery systems; hard drives; discs; CDs; diskettes; removable drives; tapes; cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems. This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, and all file fragments and backup files.

11. "Database" means any data sets, reports, programs, and files accessible by computer that contain data that can be processed and/or sorted using standard spreadsheet or database software (including, but not limited to, Microsoft Access and Microsoft Excel).

12. "Redistricting" means the drawing or redrawing of district lines for City Commission districts.

13. "1997 Redistricting Cycle" means Redistricting in advance of and preparation for the City of Miami adopting a single-member district system for City Commission. This term includes the preparation for Redistricting and Redistricting in 1996 and 1997.

14. "2003 Redistricting Cycle" means Redistricting following the 2000 Census. This term includes the preparation for Redistricting following the release of data from the 2000 Census and Redistricting following the release of data from the 2000 Census.

15. "2013 Redistricting Cycle" means Redistricting following the 2010 Census. This term includes the preparation for Redistricting following the release of data from the 2010 Census and Redistricting following the release of data from the 2010 Census.

16. "2022–23 Redistricting Cycle" means Redistricting following the 2020 Census. This term includes the preparation for Redistricting following the release of data from the 2020 Census, Redistricting following the release of data from the 2020 Census, and any and all subsequent processes, including litigation, remedial or replacement processes, to alter district lines. This term includes the processes to enact Resolution 22-131 and Resolution 23-271.

17. "Past Redistricting Cycles" means the 1997 Redistricting Cycle, the 2003 Redistricting Cycle, and the 2013 Redistricting Cycle.

18. "Meeting" shall refer not only to in-person meetings, but also to telephonic and video conference meetings.

19. "Person(s)" shall refer not only to natural persons, but also without limitation to firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, government entities, and/or any other type of legal entities. All references to a person also include that person's agents, employees (whether part-time or full-time), and representatives.

20. "Possession" means Your immediate possession, including items held by agents and employees, and any and all other principals or assigns, as well as constructive possession by virtue of Your ability to retrieve the aforesaid Document or information.

21. The term "relating to" shall mean concerning, relating to, pertaining to, consisting of, constituting, reflecting, evidencing or concerning in any way logically or factually the subject matter of the request.

22. The term "including" means including but not limited to.

23. "And" and "or" shall be construed both disjunctively and conjunctively to bring within the scope of these Document Requests all relevant responses that might otherwise be construed outside the scope.

24. "Any" and "all" shall be construed to mean "any and all."

## INSTRUCTIONS

1. You are to produce entire Documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any Documents. Each request seeks the requested documents in their entirety, without abbreviation, redaction, or expurgation, including all attachments or other matters affixed to them. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Documents are to be produced as they are kept in the ordinary course of business. Please produce all electronically stored Documents in electronic, machine-readable form, together with sufficient Documentation of variable names and descriptions and any other information necessary to interpret and perform calculations on such data.

2. In responding to these document requests, produce all documents available to Defendant or subject to Your reasonable access or control. Documents requested are those in the actual or constructive possession or control of you, your attorneys, investigators, experts, and anyone else acting on your behalf. A document is in Defendant's possession, custody or control (a) if it is in the Defendant's physical custody, or (b) if it is in the custody of any other person and the Defendant: (i) owns such document in whole or in part; (ii) has a right, by contract, statute or otherwise, to use, inspect, examine or copy such document on any terms; or (iii) has an understanding, express or implied, that the Defendant may use, inspect, examine or copy such document when they seek to do so.

3. If there are no documents responsive to any particular category, please so state in writing.

4. If any documents or parts of documents called for by this document request have been lost, discarded or destroyed, identify such documents as completely as possible on a list, including the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

5. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

6. If any privilege or immunity is claimed as a ground for not producing a Document or tangible thing, provide a written log describing the basis for the claim of privilege or immunity that identifies each such Document and states the ground on which each such Document is asserted to be privileged or immune from disclosure. Any attachment to an allegedly privileged or immune Document shall be produced unless You contend that the attachment is also privileged or immune from disclosure.

7. Whenever necessary to bring within the scope of a Request a relevant response that might otherwise be construed to be outside its scope, the following constructions should be applied:

   a. Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;

   b. Construing the singular form of any word to include the plural and the plural form to include the singular;

   c. Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

   d. Construing the masculine form to include the feminine form;

   e. Construing "include" to mean include or including "without limitation."

8. These Document Requests request Documents in Your possession, including Documents of Your officers, employees, agents, and representatives, and unless privileged, Your attorneys.

9. These Document Requests are continuing in character so as to require You to produce additional Documents if You obtain further or different information at any time before trial. All responsive Documents in existence as of the date of production are to be produced. Any Documents created or obtained after that date are to be produced under Defendant's continuing obligation to supplement their production immediately upon the creation or development of additional responsive Documents.

10. If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of responsive Documents would impose an undue burden on You, the undersigned counsel for Plaintiffs should be contacted promptly.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All Documents and electronically stored information (ESI) related to the 2022–23 Redistricting Cycle, including memoranda related to redistricting, methodology used, criteria for redistricting and their application, the use of race, proposed maps, boundary lines, reports, data, databases, analyses, feedback, instructions, GIS files, consultants and experts retained, or drafts and proposals for any of the foregoing categories.

This at a minimum includes, but also includes significantly more than:

(a) all notes, taken electronically, handwritten, or otherwise, by commissioners, the Commission, or its staff or consultants, or by any City offices outside the Commission, related to the Recent Redistricting Cycles;

(b) all Communications, Documents, or notes, whether electronic or handwritten, transmitted within, to, and/or from the commissioners, the Commission or its staff, any City offices outside the Commission, or the public, related to the Recent Redistricting Cycles; and

(c) all complete or partial draft redistricting plans created by consultants, commissioners, Commission staff, or others, including Miguel De Grandy's Versions 1 through 11, Version 13, and any subsequent Versions after 14.

**REQUEST NO. 2:** All Documents and electronically stored information (ESI) related to the Past Redistricting Cycles, including memoranda related to redistricting, methodology used, criteria for redistricting and their application, the use of race, proposed maps, boundary lines,

reports, data, databases, analyses, feedback, instructions, GIS files, consultants and experts retained, or drafts and proposals for any of the foregoing categories.

This at a minimum includes, but also includes significantly more than:

(a) all notes, taken electronically, handwritten, or otherwise, by commissioners, the Commission, or its staff or consultants, or by any City offices outside the Commission, related to the Recent Redistricting Cycles; and

(b) all Communications, Documents, or notes, whether electronic or handwritten, transmitted within, to, and/or from the commissioners, the Commission or its staff, any City offices outside the Commission, or the public, related to the Recent Redistricting Cycles.

**REQUEST NO. 3:** All agreements, resolutions, and contracts between the City of Miami and Miami-Dade County or its Elections Department regarding the conduct of City of Miami elections that govern the 2023 or 2025 elections.

Served this 18th day of August, 2023,

*/s/ Christopher J. Merken*

| | |
|---|---|
| Nicholas L.V. Warren (FBN 1019018)<br>**ACLU Foundation of Florida, Inc.**<br>336 East College Avenue<br>Suite 203<br>Tallahassee, FL 32301<br>(786) 363-1769<br>nwarren@aclufl.org | Neil A. Steiner*<br>**Dechert LLP**<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>(215) 698-3822<br>neil.steiner@dechert.com |
| Daniel B. Tilley (FBN 102882)<br>Carolina A. McNamara (FBN 1038312)<br>**ACLU Foundation of Florida, Inc.**<br>4343 West Flagler Street<br>Suite 400<br>Miami, FL 33134<br>(786) 363-2714<br>dtilley@aclufl.org<br>cmcnamara@aclufl.org | Christopher J. Merken*<br>**Dechert LLP**<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 994-2380<br>christopher.merken@dechert.com<br><br>**Admitted Pro Hac Vice* |

***Counsel for Plaintiffs***

11