## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

     *Plaintiffs*,

v.

CITY OF MIAMI,

     *Defendant*.

_____/

### PLAINTIFFS' MOTION FOR LEAVE
### TO FILE SUPPLEMENTAL COMPLAINT

Plaintiffs move for leave to file a supplemental complaint in this matter, pursuant to FRCP 15(d) and this Court's Scheduling Order (ECF 32). The proposed supplemental complaint (attached as Exhibit 1) alleges that the five Miami City Commission districts continue to be racially gerrymandered in violation of the Equal Protection Clause, and includes supplemental facts supporting that allegation regarding the enactment of Resolution 23-271 following the Magistrate Judge's Report & Recommendation and this Court's preliminary injunction.

Plaintiffs have conferred with counsel for City, who stated that the City will not oppose this motion if a continuance of the trial and stay is granted. *See* ECF 104 at 1. As noted in the City's Motion to Stay Case Pending Appeal and to Continue Trial and Pretrial Deadlines (ECF 104), Plaintiffs oppose a continuance and stay. *Id.* at 7.

### MEMORANDUM

### I.  Procedural History

Plaintiffs filed this action on December 15, 2022, alleging that the five Miami City Commission districts are racially gerrymandered in violation of the Fourteenth Amendment's Equal Protection Clause. ECF 1. On February 10, 2023, Plaintiffs filed a First Amended Complaint

to add an additional plaintiff, among other changes, and moved for a preliminary injunction. ECF 23, 26. The Court granted that preliminary injunction, finding that Plaintiffs are substantially likely to prevail on their claim. ECF 60. The City abandoned its appeal of that injunction, ECF 88, so all parties agree the specific plan discussed in the First Amended Complaint (the "2022 Plan") will not be used in the upcoming November 2023 elections.

Responding to the Court's injunction, the City adopted another plan (the "2023 Plan"), which this Court found did not remedy the likely constitutional violations identified in its injunction order and remained an unconstitutional racial gerrymander. ECF 94. The Court issued an order directing the City to implement a court-ordered plan originally submitted by Plaintiffs. *Id.* A divided motions panel of the Eleventh Circuit issued a stay of this Court's order pending appeal, solely on the grounds that this Court's order was imposed too close to the November elections. *GRACE, Inc. v. City of Miami*, No. 23-12472 (11th Cir. Aug. 4, 2023), Doc. 25. The motions panel did not reach the merits of the City's appeal or whether the 2023 Plan is a "new map" that moots Plaintiffs' current claims. *Id.* That appeal is now proceeding on a normal schedule. Docket, 11th Cir. Case No. 23-12472.

This matter is set for a bench trial to begin January 29, 2024. ECF 32. Discovery closes on October 21, 2023. *Id.* The deadline for the parties to amend the pleadings has not yet passed. *Id.*

## II.  Argument

Under Rule 15(d), "the [C]ourt may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "A supplemental pleading is an appropriate vehicle by which to 'set forth new facts in order to update the earlier pleading . . . .' " *Lussier v. Dugger*, 904 F. 2d 661, 670 (11th Cir. 1990) (quoting 6A C. Wright, A. Miller & M.K. Kane, *Federal Practice and*

*Procedure* § 1504, at 177.) "The purpose of Rule 15(d) is to promote judicial economy and convenience by allowing a party to bring in claims related to its original claims that occurred after the party filed its last complaint." *Iwanicki v. Pa. Dep't of Corrs.*, 2013 WL 2296878, at *1 (W.D. Pa. May 24, 2013). The standard applicable to a Rule 15(d) motion is the same as that applied to a motion for leave to amend under Rule 15(a). *Reef Azul, LLC v. Potter*, 2022 WL 17656077, at *1 (S.D. Fla. Aug. 26, 2022). Under Rule 15(a)(2), leave should "be freely given when justice so requires."

Consistent with this lenient standard, the Court should grant Plaintiffs leave to file their supplemental complaint because it would avoid piecemeal litigation and allow a prompt and efficient resolution of the entire controversy between the Parties, without prejudice to the City. Plaintiffs' supplemental claims relate to their original claims—they both concern the City's racially gerrymandered Commission districts. But the supplemental allegations concern events that happened after their First Amended Complaint: the enactment of the 2023 Plan. The supplemental complaint is therefore appropriate to update the earlier pleading.

The evidence will be largely the same or substantially overlapping whether the 2023 Plan is viewed as "remedial" or as a "new map" that must be challenged entirely anew. Thus, judicial economy and efficiency counsel in favor of supplementing Plaintiffs' claims so that the entire dispute can be resolved through a single action and trial. Further, Plaintiffs have pled—and intend to seek at trial—special elections so that they and all Miami residents can live and vote in constitutional, non-gerrymandered districts as soon as practicable after trial. Supplementation and the resolution of all Plaintiffs' claims in a single trial will permit the Court to order special elections concurrent with the regular general election in November 2024. Denying supplementation and forcing the piecemeal litigation that would result may deprive the Court of the ability to fashion

an effective remedy should Plaintiffs prevail on the merits.

Furthermore, under the Scheduling Order entered on February 24, 2023 (ECF 32), Plaintiffs' requested supplementation is well within this Court's deadline for amending the pleadings (45 days after Defendant's first responsive pleading, which is yet to be filed). Accordingly, supplementation will not delay the parties' ongoing discovery efforts and their preparation for the January 29, 2024 trial.

### III.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file the attached proposed supplemental complaint.

### LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Counsel for Plaintiffs conferred with counsel for the City in a good-faith effort to resolve the issues raised in this motion. Counsel for the City stated that the City will not oppose this motion if a continuance of the trial and stay is granted. *See* ECF 104 at 1. As noted in the City's Motion to Stay Case Pending Appeal and to Continue Trial and Pretrial Deadlines (ECF 104), Plaintiffs oppose a continuance and stay. *Id.* at 7.


Respectfully submitted this 28th day of August, 2023,

 /s/ Nicholas L.V. Warren

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida, Inc**.
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida, Inc**.

Neil A. Steiner*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com

Christopher J. Merken*
**Dechert LLP**

4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2380
christopher.merken@dechert.com

*Admitted pro hac vice*

*Counsel for Plaintiffs*