IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

**JOINT STATUS REPORT**

The parties file this Joint Status Report in response to the Court's August 30, 2023 Order (ECF 106). The parties met telephonically to confer on pending matters on Friday, September 1, 2023. Attorneys Caroline McNamara, Christopher Merken, Neil Steiner, and Nicholas Warren attended for Plaintiffs. Attorneys George Levesque, Christopher Johnson, and Jason Unger attended for Defendant the City of Miami.

The Court in its Order requested information on three topics: "(1) what discovery, if any, the Parties still seek; (2) whether the Parties intend to file motions for summary judgment; and (3) whether further mediation would assist in a resolution of the instant Action." Answers to each topic are provided below.

1. **What discovery, if any, the Parties still seek**

    **Plaintiffs:** Plaintiffs seek documents and deposition testimony, with the goal of clarifying issues that still need to be presented at trial.

        a. On August 18, 2023, Plaintiffs served Requests for Production of Documents, which were filed by the City as an exhibit to its Motion to Stay Case Pending Appeal (ECF 104-4).

        b. With respect to depositions:

1

i. Plaintiffs seek to depose Miguel De Grandy. If there is no stay currently in effect and the Court denies Defendant's Motion to Stay Case Pending Appeal (ECF 104), the Parties have agreed to a date of October 2, 2023 for his deposition.

ii. Plaintiffs seek to take a Rule 30(b)(6) deposition of the City. The Parties are working to set a mutually agreeable date. Plaintiffs shared proposed 30(b)(6) topics on September 1, 2023.

iii. Plaintiffs may also depose Stephen Cody following De Grandy's deposition, and the Parties are also working to set a mutually agreeable date for his deposition as well.

iv. Plaintiffs have conferred with Miami-Dade County to take a Rule 30(b)(6) deposition focused on election administration and what is required for the County to conduct special elections for the City Commission, and are awaiting the County to provide available dates for a deposition.

v. Plaintiffs also expect to depose any experts that the City designates for trial testimony, if the City so chooses to designate any experts.

vi. Plaintiffs have agreed that they will not notice the depositions of any city commissioners, the City Attorney, or the City Clerk.

vii. Plaintiffs continue to be willing to negotiate in good faith with the City to limit the number of depositions and to find dates that fit our various schedules while maintaining the January 29, 2024 trial date.

viii. Plaintiffs do not believe it will be warranted under Rule 26 for either side to take more than 10 fact witness depositions, and intend to oppose any

    motion by the City seeking leave to depose more than 10 fact witnesses.

c. Plaintiffs are evaluating whether to serve any interrogatories or requests for admissions.

d. Plaintiffs are prepared to complete all discovery by the current October 21, 2023 deadline.

**The City:**

e. For its part, the City notes that discovery has been stayed by either mutual agreement or court order for the majority of time the case has been pending, since the focus has been on the preliminary injunction proceedings. The City's position is that discovery is still stayed at this time as the preliminary injunction proceedings are still pending on appeal. When the issue of the stay is resolved, the City plans to serve requests for production and to depose the following individuals:

  i. a Rule 30(b)(6) Representative for GRACE, Inc.;

  ii. a Rule 30(b)(6) Representative for Engage Miami, Inc.;

  iii. a Rule 30(b)(6) Representative for South Dade Branch of the NAACP;

  iv. a Rule 30(b)(6) Representative for Miami-Dade Branch of the NAACP;

  v. Clarice Cooper;

  vi. Yanelis Valdes;

  vii. Jared Johnson;

  viii. Alexandra Contreras;

  ix. Steven Miro;

  x. Carolyn Donaldson;

     xi. Rebecca Pelham;

    xii. Harold Ford;

   xiii. Daniella Pierre;

   xiv. Cory McCartan, Plaintiffs' expert witness;

    xv. Bryant Moy, Plaintiffs' expert witness;

   xvi. Carolyn Abott, Plaintiffs' expert witness;

f. The City may also depose the following:

    i. Joe Arriola;

   ii. a Rule 30(b)(6) Representative for Miami-Dade County Elections Department; and

  iii. Nicholas Warren.

Because there has been no discovery to date, there may be other yet-to-be-identified individuals that the City may wish to depose. Plaintiffs have already proffered to the Court declarations, statements, or reports of more than 10 witnesses. If and when it becomes necessary, Defendant will move the Court for leave to exceed the limitations upon the number of depositions imposed under Federal Rule of Civil Procedure Rule 30.

g. The City has agreed not to present any city commissioners or the City Attorney as witnesses at trial or introduce declarations or affidavits from them during this case. The City stands by its motion to stay proceedings, but will work with Plaintiffs to identify agreeable depositions dates for De Grandy, Cody, and a 30(b)(6) deposition in case the Court denies that motion.

2. **Whether the Parties intend to file motions for summary judgment**

    a. Plaintiffs do not intend to file a motion for summary judgment. Plaintiffs expect that the Parties will each file pre-trial briefs that can be used to focus the issues necessary for trial and to inform the Court on what issues need to be presented at trial. Plaintiffs hope that such pre-trial briefing can obviate the need for summary judgment motions.

    b. The City expects to file a motion for summary judgment, assuming such a motion is supported by the information gleaned in discovery.

3. **Whether further mediation would assist in a resolution of the instant Action**

    a. The Parties have conferred and, based on prior mediation and the Parties' respective positions, agree that further mediation would not be worthwhile. The Parties seek to waive any requirement that they mediate again before trial.

Respectfully submitted,

| | |
|---|---|
| /s/ Nicholas L.V. Warren | /s/ George T. Levesque |
| Nicholas L.V. Warren (FBN 1019018) | Jason L. Unger (FBN 991562) |
| **ACLU Foundation of Florida** | George T. Levesque (FBN 55551) |
| 336 East College Avenue, Suite 203 | Andy Bardos (FBN 822671) |
| Tallahassee, FL 32301 | **GrayRobinson, P.A.** |
| (786) 363-1769 | 301 S. Bronough Street. Suite 600 |
| nwarren@aclufl.org | Tallahassee, FL 32301 |
| | Telephone: (850) 577-9090 |
| Daniel B. Tilley (FBN 102882) | Facsimile: (850) 577-3311 |
| Caroline A. McNamara (FBN 1038312) | |
| **ACLU Foundation of Florida** | Christopher N. Johnson (FBN 69329) |
| 4343 West Flagler Street, Suite 400 | Marlene Quintana, B.C.S. (FBN 88358) |
| Miami, FL 33134 | **GrayRobinson, P.A.** |
| (786) 363-2714 | 333 S.E. 2nd Avenue, Suite 3200 |
| dtilley@aclufl.org | Miami, Florida 33131 |
| cmcnamara@aclufl.org | Telephone: (305) 416-6880 |
| | Facsimile: (305) 416-6887 |

Neil A. Steiner*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com

Christopher J. Merken*
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2380
christopher.merken@dechert.com
jocelyn.kirsch@dechert.com

* *Admitted pro hac vice*

*Counsel for Plaintiffs*

Christopher.Johnson@gray-robinson.com
Marlene.Quintana@gray-robinson.com

**City of Miami Office of the City Attorney**
Victoria Méndez (FBN 194931)
John A. Greco (FBN 991236)
Kevin R. Jones (FBN 119067)
Kerri L. McNulty (FBN 16171)
444 S.W. 2nd Avenue
Miami, FL 33130
Telephone: (305) 416-1800
Facsimile: (305) 416-1801

*Counsel for Defendant*

6