IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
THE CITY'S MOTION TO STAY**

Desperate to perpetuate its unconstitutional racial separation of Miamians for as long as possible, the City of Miami requests that this Court stay discovery and further proceedings pending its latest appeal. ECF No. 104 ("Mot.").[1] But the City comes falls far short of meeting the high hurdle needed to demonstrate that a stay is warranted. Indeed, the City makes *no* argument that it is likely to succeed on the merits of its appeal, and it makes *no* argument that it will suffer irreparable harm absent a stay. Because no relevant factors support a stay, the Court should deny the City's motion and the Parties should proceed to trial on the current schedule.

**LEGAL STANDARDS**

    **I.**    **Rule 62(d)**

The City expressly seeks a stay under Rule 62(d), under which the Court may suspend an

---

[1] The City falsely informed the Court that the appeal "has been expedited at the Plaintiffs' request and Defendant's consent." Mot. at 5. Not so. The appeal is proceeding on the regular track. Indeed, the City has filed documents late, and recently requested an extension of time to file its initial brief. App. Docs. 27–33; App. Dkt. Notation Dated Sep. 6, 2023. Plaintiffs have no objection to those delays, but they underscore the prudence of proceeding expeditiously in this Court now.

1

injunction while an appeal of the interlocutory order is pending. Mot. at 1. A stay pending appeal under Rule 62 is an "extraordinary remedy." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1455 (11th Cir. 1986); *see also In re Lickman*, 301 B.R. 739, 742 (Bankr. M.D. Fla. 2003) ("A motion for stay pending appeal is an extraordinary remedy **and requires a substantial showing on the part of the movant**.") (emphasis added). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. Specifically, the party requesting a stay must show: "(1) that the movant is likely to prevail on the merits on appeal; (2) that absent a stay the movant will suffer irreparable damage; (3) that the adverse party will suffer no substantial harm from the issuance of the stay; and (4) that the public interest will be served by issuing the stay." *Meese*, 781 F.2d at 1453. "The first two factors are the most critical." *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019) (citing *Nken*, 556 U.S. at 434–35). "To satisfy its burden as to those factors, the party seeking the stay must show more than the mere possibility of success on the merits or of irreparable injury." *Id.*

II.   **Stays of Proceedings and Discovery Generally**

While the City's motion explicitly invokes Rule 62(d), the City may also seek to invoke the Court's general discretionary power to stay proceedings. *See Garcia v. Spruce Servs., Inc.*, 2023 WL 2589305, at *1 (S.D. Fla. Mar. 20, 2023). This power is part of the district court's "broad discretion over the management of pre-trial activities, including discovery and scheduling," *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001), because "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and

expeditious disposition of cases,'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

"In deciding whether to issue a stay, the Court must examine 'both the scope of the stay (including its potential duration) and the reasons cited.'" *Fusilamp, LLC v. Littelfuse, Inc.*, 2010 WL 2277545, at *4 (S.D. Fla. June 7, 2010) (quoting *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2002)). "The movant has the burden of making out the 'clear case' for a stay, *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), and a stay should not be lightly imposed." *S.E.C. v. Spinosa*, 2015 WL 11181929, at *1 (S.D. Fla. Jan. 8, 2015) (citing *C.F.T.C. v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("The right to proceed in court should not be denied except under the most extreme circumstances.") (cleaned up)).

## ARGUMENT

### I. The City Has Not Met Its Burden Under Rule 62(d)

Despite seeking relief under Rule 62(d), the City's motion fails to mention the first two stay factors. After a lengthy recitation of the procedural history of this case, the City casually suggests that "the appeal will necessarily address the merits of whether" its remedial plan "'suffers from the same constitutional infirmities' as the Enjoined Plan, and thus whether it is unconstitutional. The outcome of the appeal will significantly shape this proceeding." Mot. at 4. But a mere observation about one of the potential issues the Eleventh Circuit will (or will not) consider on appeal is a far cry from showing that the City is likely to *succeed* on the merits of that question. It does not meet the City's burden to "show more than the mere possibility of success on the merits." *Democratic Exec. Comm. of Fla.*, 915 F.3d at 1317. Indeed, this Court has already concluded that none of the City's (more fleshed out) arguments showed a likelihood of success on

the merits. *See* ECF No. 101 at 5–11. Because the City has not even attempted to demonstrate it is likely to succeed on the merits of its appeal, this factor weighs against granting a stay.

As to the second stay factor—irreparable harm—the City's motion does not mention it at all. That is because the City will suffer no harm by proceeding to discovery and to trial on the merits of Plaintiffs' racial gerrymandering claims. The City's failure to identify a single harm it will suffer dooms its request for a stay.

## II. This Court Should Decline to Exercise Its Discretion to Stay Proceedings

Even if the Court construes the City's motion as seeking a stay not under Rule 62(d), but rather as an exercise of the court's discretion to manage case schedules, the Court should still deny the motion. This case was filed nearly eight months ago. While discovery was stayed on June 2, 2023, the Parties exchanged written discovery (Rule 26(a)(1) disclosures) as early as February 27 and discussed deposition scheduling beginning on May 3. The Parties also developed a trial record at the preliminary injunction hearing, including the testimony of one key witness and documents that Plaintiffs may again introduce at trial, as noted in their Rule 26(a)(1) disclosures.

Discovery was stayed only "until after the interim remedial phase of this case conclude[d]." ECF No. 67. This was either when this Court issued its order on interim remedy (June 30, 2023) or shortly thereafter. In the past month, the Parties have again engaged in written discovery (with Plaintiffs serving their Request for Production, the response to which is due September 18) and worked to schedule depositions. As noted in the Joint Status Report, Plaintiffs have agreed not to depose any city commissioners, the city attorney, or the city clerk. ECF No. 107 at 2. In exchange, the City has agreed not to present any city commissioners or the city attorney as witnesses later in this case. *Id.* at 4. The Parties have agreed to a date for the primary deposition that Plaintiffs seek, and are working to schedule a 30(b)(6) deposition of the City. ECF No. 107 at 2.

4

For its part, the City did not request *any* written discovery or notice *any* depositions before the Court issued the temporary discovery stay on June 2. Now, the City says it will wait for its motion to be resolved and only *then* serve requests for production and depose at least 16—perhaps as many as 20—individuals. *See* ECF No. 107 at 3–4. Plaintiffs should not be punished for the City's failure to diligently prepare for trial. The closest the City comes to arguing that a discovery stay is warranted is that discovery would burden the City and the commissioners while they prepare for the 2022 elections. *See* Mot. at 5. This weak argument should be dismissed. Indeed, this Court rejected a similar argument in the City's last request for a stay, concluding that the fact that the Court remedial order would "affect candidates" and others did not constitute irreparable harm. *See* ECF No. 101 at 12. In any event, Plaintiffs' agreement to limit depositions of commissioners and other top City officials dramatically reduces the burden on the City and its officers. *See* ECF No. 107 at 2.

The City argues that judicial economy weighs in favor of a stay pending the appeal's resolution, but it is very possible—perhaps even likely—that this Court issues a final judgment *before* the Eleventh Circuit even hears argument on the City's pending appeal.[2] A final judgment

---

[2] With its recently granted extension, the City's initial brief is now due October 11. Plaintiffs' brief would not be due until November 13 at the earliest, but Plaintiffs are entitled to—and expect to seek—a 30-day extension to December 13. *See* 11th Cir. Rule 31-2(a). The City's reply brief would then not be due until January 3, 2024. Plaintiffs would not expect the Eleventh Circuit to hear oral argument until well into 2024. Add a few more months for a decision, and yet more for discovery and trial preparation in this Court after the Eleventh Circuit rules. Under this realistic timeline, a stay of this case pending appeal might very well jeopardize Plaintiffs' ability to obtain effective relief in time for even the 2025 elections.

5

and final remedy would moot issues related to the preliminary injunction and interim remedy, "substantially streamlin[ing] the issues and reduc[ing] the burden on the parties and the Court" of Appeals.[3] Mot. at 7.

"[T]o achieve the orderly and expeditious disposition of [this] case[]," the Court should adhere to the existing schedule that has been in place since February 24. *Equity Lifestyle Props.*, 556 F.3d at 1240 (quotation omitted). Between their First Amended Complaint and Supplemental Complaint, Plaintiffs allege that the City's commission districts have unconstitutionally segregated Miamians along racial lines for years.[4] Miamians will continue to live and vote in racially gerrymandered districts until this Court intervenes in time to affect a new election. As part of their trial presentation, Plaintiffs will ask this Court to order special elections concurrent with the November 2024 general election, so that Miami voters can achieve the constitutional

---

[3] For these reasons, Plaintiffs may seek to stay the appellate proceedings should this Court adhere to the existing trial schedule.

[4] The City somehow thinks Plaintiffs' filing their Supplemental Complaint restarts the case and resets all deadlines. Mot. at 5, 7. This belief seems to be related to the City's continued theory that Plaintiffs' First Amended Complaint is moot. Mot. at 1; *contra* ECF No. 91. A supplemental pleading "set[s] forth new facts in order to update the earlier pleading." *Lussier v. Dugger*, 904 F.2d 661, 670 (11th Cir. 1990) (quoting 6A C. Wright, A. Miller & M.K. Kane, *Federal Practice and Procedure* § 1504, at 177). Because Plaintiffs' supplemental allegations are interconnected with the allegations in the First Amended Complaint, there is no need to extend the discovery period to address them. In any event, most of the facts relevant to the Supplemental Complaint are about the conduct of the City's own officers and agents, so it is unclear what great amount of factual investigation the City could do, when it has had those facts in its possession all along.

representation that is their right as soon as practicable. Plaintiffs ought to receive a trial on the merits of their claims at the soonest possible date so that they do not have to wait years for effective relief. Accordingly, staying this case will severely prejudice not only Plaintiffs, but all Miamians.

## CONCLUSION

Because the "first two factors are the most critical" for a party requesting a stay pending appeal, *see Democratic Exec. Comm. of Fla.*, 915 F.3d at 1317, and because both factors weight against the City (or, rather, have no weight at all as the City declined to make such arguments), the Court should deny the City's latest attempt to delay these proceedings under Rule 62(d). Because all relevant considerations point against delay, the Court should decline to exercise its discretion to grant the City's motion under its inherent powers.

Respectfully submitted this 8th day of September, 2023,

 /s/ *Nicholas L.V. Warren*

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Neil A. Steiner*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com

Christopher J. Merken*
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2380
christopher.merken@dechert.com

*\* Admitted pro hac vice*

*Counsel for Plaintiffs*