UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,
    Plaintiffs,
v.

CITY OF MIAMI,
    Defendant.
                                      /

## ORDER

THIS CAUSE came before the Court upon Defendant City of Miami's ("Defendant") Motion to Stay Case Pending Appeal and to Continue Trial and Pretrial Deadlines. ("Motion" or "Mot.") (ECF No. 104). Therein, Defendant requests that the Court stay the case pending Defendant's appeal of the Court's order, *see* ("Order") (ECF No. 94), finding that Resolution 23-271 ("Remedial Plan") did not correct the constitutional infirmities that were substantially likely to exist in Resolution 22-131 ("Enjoined Plan" or "2022 Enacted Plan"). *See generally* Mot. Should the Court not grant the stay, Defendant seeks a continuance of trial and pretrial deadlines. *See generally id.* Plaintiffs filed a Memorandum in Opposition to the City's Motion to Stay. ("Resp.") (ECF No. 111). For the following reasons, the Court DENIES Defendant's Motion.

**I.    BACKGROUND**

On May 23, 2023, the Court granted Plaintiffs' Expedited Motion for Preliminary Injunction, *see* (ECF No. 26), and found that Plaintiffs demonstrated a substantial likelihood of success on the merits of their claim, namely that the 2022 Enacted Plan was racially gerrymandered in violation of the Fourteenth Amendment. *See* (ECF No. 60). Immediately thereafter, the Court referred the Parties to supplemental mediation. *See* (ECF No. 61). Plaintiffs then filed an

unopposed motion to stay discovery, *see* (ECF No. 66), which the Court granted, staying discovery "until the interim remedial phase of this case has concluded."[1] *See* (ECF No. 67).

Mediation was unsuccessful and on June 30, 2023, Defendant filed with the Court a Notice of Passage as to the Remedial Plan. *See* (ECF Nos. 74, 75, 77). Based on the implementation of the Remedial Plan, Defendant filed a motion to dismiss the Amended Complaint as moot.[2] *See generally* (ECF No. 80). Therein, Defendant erroneously relied on *Abbott v. Perez*, 138 S. Ct. 2305 (2018) to argue that the instant Action was moot following the passage of the Remedial Plan. *See generally id.* The Court denied the motion because accepting Defendant's argument would require the reversal of well-settled Supreme Court and Eleventh Circuit precedent regarding the Court's remedial power in racial gerrymandering cases. *See* (ECF No. 91).

Plaintiffs then filed objections to the Remedial Plan (ECF No. 83), and Defendant filed a memorandum of law in support of the Remedial Plan (ECF No. 86). After reviewing both Parties' arguments and the relevant record material, the Court issued the Order sustaining the objections to Defendant's Notice of Passing Remedial Plan. *See generally* Order. Therein, the Court provided a detailed analysis explaining precisely why the Remedial Plan did not provide a constitutional

---

[1] The Parties dispute whether and when the remedial phase of this case concluded. *See* Mot at 3; Resp. at 4. The Court issued the Order rejecting the Remedial Plan which the Eleventh Circuit stayed. *See* Order. Defendant is moving forward with the Remedial Plan in the November 2023 elections. Notwithstanding Defendant's appeal, the remedial phase of this proceeding has terminated. The stay of discovery is therefore no longer in effect.

[2] The instant Motion is filled with references to the (already dismissed) argument that the instant controversy is moot. *See* Mot. at 1, 3. Defendant also disingenuously argues that the "Court denied the motion to dismiss as moot, not on the merits, but because it found it had the remedial authority to ensure that any new plan passed 'does not suffer from the same constitutional infirmities' of the Enjoined Plan." *Id.* at 3. The Court considered Defendant's mootness argument in great detail and explicitly rejected it based on Defendant's broad misinterpretation of Supreme Court precedent. *See* (ECF No. 91) ("Relying on Supreme Court precedent and informed by the examples of *Covington III* and *Jacksonville II*, the Court is satisfied that the passage of the Remedial Map has not mooted the instant Action."). The Court will repeat itself once more: The Remedial Plan does not moot this controversy.

remedy for the Enjoined Plan. *See generally id.* Defendant filed an emergency motion to stay the Order with the Eleventh Circuit. On appeal, a divided panel granted Defendant's emergency motion solely based on its application of *Purcell v. Gonzalez*, 549 U.S. 1 (2006) to the instant Action. *Grace v. City of Miami*, CA11 Case No. 23-12472, App. Doc. 25. The appeal is now proceeding on the regular track.[3] *See* Resp. at 1 n.1.

Now, Defendant files this Motion requesting that the Court stay the case pending appeal. *See* Mot. In the alternative, Defendant requests a continuance of trial and pretrial deadlines. *See generally id.*

## II.     LEGAL STANDARD

The issuance of a stay pending appeal is an "extraordinary remedy." *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1455 (11th Cir. 1986). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* (quoting *Virginian Ry. Co.*, 272 U.S. at 672–73). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–44. Specifically, the movant must show: "(1) that the movant is likely to prevail on the merits on appeal; (2) that absent a stay the movant will suffer irreparable damage; (3) that the adverse party will suffer no substantial harm from the issuance of the stay; and (4) that the public interest will be served by issuing the stay." *Garcia-Mir*, 781 F.2d at 1453. "The first two factors are the most critical."

---

[3] Defendant's misrepresentation to the Court that the appeal "has been expedited at the Plaintiffs' request and Defendant's consent" is not taken lightly. Mot. at 5. Plaintiffs have indicated that not only did they not request the appeal be expedited, but that the appeal itself is proceeding on the regular track. Resp. at 1 n.1. Further misrepresentations to the Court from Defendant's counsel may result in Rule 11 sanctions.

*Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019) (citing *Nken* at 434–35). "To satisfy its burden as to those factors, the party seeking the stay must show more than the mere possibility of success on the merits or of irreparable injury." *Id.*

## III.   DISCUSSION

As a threshold matter, Defendant invokes Federal Rule of Civil Procedure 62(d)[4] as the basis for its requested stay. *See* Mot. at 1. As noted above, a stay pending appeal is an extraordinary remedy and a party requesting a stay must demonstrate (1) it is likely to succeed on the merits on appeal; (2) absent a stay, the moving party will suffer irreparable harm; (3) the adverse party will not suffer substantial harm from the issuance of a stay; and (4) the issuance of a stay will serve the public interest. *Garcia-Mir*, 781 F.2d at 1453. Though generally the Court would analyze each factor, Defendant does not make any argument as to a single part of the stay test. *See generally* Mot. Even if it did, the Court has already explained why it does not believe Defendant will succeed on the merits of appeal or that Defendant stands to suffer irreparable harm. *See generally* (ECF No. 101). Without proffering any new argument as to the stay factors, or even engaging with the stay factors at all, the Court does not find that Defendant has met its burden pursuant to Rule 62(d) justifying a stay.

Giving Defendant the benefit of the doubt, the Court will presume that Defendant erroneously invoked Rule 62(d) as the basis for its Motion, and instead, sought a stay based upon

---

[4] The Court construes Defendant's motion to invoke Federal Rule of Civil Procedure 62(d) as the basis for its Motion. Technically, Defendant brings its Motion pursuant to "Florida Rule of Civil Procedure 62(d)." Mot. at 1. That rule does not exist, and Florida procedural law would not govern the Court's consideration of the Motion. *See Erie R. Co. v. Tomkins*, 304 U.S. 64 (1996).

the Court's broad discretion to control its docket.[5] *See* Mot. at 5. Accordingly, Defendant argues that (1) a stay pending appeal will streamline the issues for trial and promote judicial economy, and (2) a stay would not prejudice Plaintiffs. *Id.* at 7. Plaintiffs disagree and argue that it is unclear what issues the Eleventh Circuit will review and that staying the case could prevent Plaintiffs from advocating for the relief they plan to seek. *See* Resp. at 3, 6–7. Given the Court's inherent control over its own docket, the Court agrees a stay is inappropriate.

Staying this Action will not promote judicial economy. First, it is unclear what issues the Eleventh Circuit will consider on appeal and the Court is unconvinced that it should stay its own proceedings based upon a potential topic that the Eleventh Circuit may consider. Other than this argument, Defendant asserts that a stay will promote judicial economy because "Plaintiffs['] supplemental pleading is essentially a new action." Mot. at 7. This argument appears to relate to Defendant's continued assertion that the Remedial Plan has mooted this case, and in Defendant's view, Plaintiffs "must file an amended (or supplemented) pleading to challenge the [Remedial Plan]." *Id.* at 3. As the Court has clearly explained multiple times, the action is not moot. In any event, a supplemental complaint "set[s] forth new facts in order to *update* the earlier pleading." *Lussier v. Dugger*, 904 F.2d 661, 670 (11th Cir. 1990) (quotations omitted) (emphasis added). Accordingly, the Case is proceeding forward with a supplemental pleading related to the allegations in the Amended Complaint. Defendant does not, and perhaps cannot, explain how judicial economy is promoted by staying an action where the supplemental pleading raises allegations that are related to the initial allegations Plaintiffs raised.

---

[5] Defendant also argues a stay should be granted because a dispositive motion was outstanding at the time of filing. *See* Mot. at 6–7. The Court denied that motion, *see* (ECF No. 34), as moot. *See* ECF No. 110).

Lastly, Plaintiffs aver that they would be prejudiced by a stay. They allege that "the City's commission districts have unconstitutionally segregated Miamians" and now "Miamians will continue to live and vote in racially gerrymandered districts until this Court intervenes." Resp. at 6. Plaintiffs state that they "ought to receive a trial on the merits of their claims at the soonest possible date so that they do not have to wait years for effective relief." *Id.* at 7. The Court agrees. Defendant's Motion for a stay is denied. Likewise, the Court will not grant a continuance of pretrial and trial deadlines.

## CONCLUSION

UPON CONSIDERATION of the Motion, the Court finds that a stay is not warranted. For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Stay Case Pending Appeal and to Continue Trial and Pretrial Deadlines (ECF No. 104) IS DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of September, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record