IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

### JOINT MOTION TO WAIVE PRETRIAL MEDIATION

The Parties jointly move the Court to waive the requirement that they participate in pretrial mediation, and state:

1. On February 24, 2023, the Court entered a Paperless Pretrial Order of Referral to Mediation, ordering the Parties to complete mediation no later than 80 days before the scheduled trial date. ECF No. 33.

2. On May 23, 2023, the Court entered a Paperless Order of Referral to Supplemental Mediation, ordering the Parties to mediate within 30 days, following the Court's issuing a preliminary injunction. ECF No. 61.

3. Pursuant to that Order, on March 10, 2023, the Parties notified the Court that they had selected a mediator for the pretrial mediation. ECF No. 35.[1]

4. The Parties mediated regarding the interim remedial process on June 13, 2023,

---

[1] The selected mediator has informed the Parties that he is not available until after the Court's deadline for completing pretrial mediation. Given their selected mediator's unavailability, the Parties expect that they will request the Clerk of Court to appoint a mediator should the Court deny this Motion.

resulting in an impasse. *See* ECF Nos. 74–75.

5. On September 6, 2023, the Parties filed a Joint Status Report, reporting that, "based on prior mediation and the Parties respective positions," both "agree that further mediation would not be worthwhile." ECF No. 107.

6. As trial in this matter is set to begin on January 29, 2024, the Parties are required to mediate by November 10, 2023. The Parties must file a notice of scheduling mediation by October 11, 2023. *See* ECF No. 32.

7. The Parties continue to agree that further mediation would not be worthwhile and would likely result in another impasse. Waiving mediation will reduce the cost and burden of litigation for both sides, and will allow the Parties to focus on completing discovery and preparing for trial.

**WHEREFORE**, pursuant to Local Rule 16.2(d)(4), the Parties respectfully request that the Court waive the requirement that they engage in pretrial mediation.

Respectfully submitted this 20th day of September, 2023,

/s/ *Nicholas L.V. Warren*  

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida, Inc**.
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida, Inc**.
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

/s/ *George T. Levesque*  

**GrayRobinson, P.A.**
Jason L. Unger (FBN 991562)
George T. Levesque (FBN 55551)
Andy Bardos (FBN 822671)
301 S. Bronough Street. Suite 600
Tallahassee, FL 32301
(850) 577-9090

**GrayRobinson, P.A.**
Christopher N. Johnson (FBN 69329)
Marlene Quintana, B.C.S. (FBN 88358)
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
(305) 416-6880

cmcnamara@aclufl.org

Neil A. Steiner*
Julia Markham-Cameron*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com
julia.markham-cameron@dechert.com

Christopher J. Merken*
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2380
christopher.merken@dechert.com

Gregory P. Luib*
**Dechert LLP**
1900 K Street NW
Washington, DC 20006
(202) 261-3413
gregory.luib@dechert.com

* *Admitted pro hac vice*

*Counsel for Plaintiffs*

Christopher.Johnson@gray-robinson.com
Marlene.Quintana@gray-robinson.com

**City of Miami Office of the City Attorney**
Victoria Méndez (FBN 194931)
John A. Greco (FBN 991236)
Kevin R. Jones (FBN 119067)
Kerri L. McNulty (FBN 16171)
444 S.W. 2nd Avenue
Miami, FL 33130
(305) 416-1800

*Counsel for Defendant*