UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-24066-KMM

GRACE, INC.; ENGAGE MIAMI, INC.;
SOUTH DADE BRANCH OF THE NAACP;
MIAMI-DADE BRACH OF THE NAACP;
CLARICE COOPER; YANELIS VALDES;
JARED JOHNSON; and ALEXANDER
CONTRERAS,

       Plaintiffs,

v.

CITY OF MIAMI,

       Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE

Defendant, City of Miami (the "City"), hereby responds to Plaintiffs' Motion to Strike (DE 124) and states as follows in support thereof:

On October 13, 2023, Plaintiffs filed their Motion to Strike, wherein they moved the Court to strike the City's Reply (DE 123) because it violates the Court's December 16, 2022 Paperless Pretrial Order (DE 7). Local Rule 7.1(c)(2) provides that, "[a]bsent prior permission of the Court . . . a reply memorandum shall not exceed (10) pages."

The City does not deny that, in its Reply, it respected the font and spacing requirements under Local Rule 5.1(a)(4), but unintentionally failed to take into account the spacing requirement under the Court's December 16, 2022 Paperless Pretrial Order (DE 7). The City did not intend to disregard the Court's order or rules, and respectfully asks the Court to consider the substance of the City's Reply on the merits, or accept the attached version of the Reply – which does not alter the substance of the Reply the City already filed, but does comply with the Court's font and spacing

requirements. (Exhibit 1).  Notwithstanding the foregoing, Plaintiffs' Motion should be denied because their counsel failed to make a reasonable, good faith effort to resolve the dispute raised in their Motion prior to filing it, as required.

Local rules have "the force of law" and should be followed. *Cheshire v. Bank of Am., NA*, 351 Fed.Appx. 386, 387 (11th Cir. 2009).  Local Rule 7.1(a)(3) requires counsel to "cooperate and act in good faith in attempting to resolve the dispute." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1298 (S.D. Fla. 2010).  "The local rule permits the Court to deny all [ ] motions[,]" based upon a violation of Local Rule 7.1(a)(3).

Here, Plaintiffs failed to comply with Local Rule 7.1(a)(3) because, when Plaintiffs' counsel contacted the City's counsel on October 13, 2023, Plaintiffs' counsel never stated that the basis for their Motion was the font and spacing requirements found in the Court's December 16, 2022 Paperless Pretrial Order.  As stated above, the City unintentionally failed to take into account the spacing requirements found in that Order and was under the impression that Plaintiffs' Motion would be based upon an alleged violation Rule 5.1(a)(4)'s font and spacing requirements. During the call, the City's counsel expressly stated that he opposed Plaintiffs' Motion *because* he did not believe the Reply violated Local Rule 5.1(a)(4)'s font and spacing requirements.  Yet, Plaintiffs' counsel never clarified that the Motion to Strike was not based on the Court's Local Rules, but rather the Court's December 16, 2022 Paperless Order.  Thus, Plaintiffs' Local Rule 7.1(a)(3) conferral statement, in which they state that their counsel "conferred with counsel for the City, which opposes the relief requested by the motion[,]" incorrectly conveys that a meaningful conferral occurred.  (DE 124 at pg. 2).

Had Plaintiffs' counsel complied with Local Rule 7.1(a)(3) by making a good faith effort to confer, it would have learned that the City did not, for all practical purposes, object to the relief

being sought. Instead, a good faith conferral would have avoided the necessity for a Motion to Strike altogether, because the City would have moved for leave to file an amended Reply that complied with DE 7, while taking other steps to resolve this issue without Court intervention. That difference is not insignificant because, although Plaintiffs' counsel would have presumably opposed a motion for leave to amend the Reply, the Court would be dealing with one Motion to resolve the City's admitted oversight, as opposed to several.

Accordingly, while the City does not deny that it unintentionally failed to take into account the spacing requirements found in the Court's December 16, 2022 Paperless Order, the City nevertheless requests that the Court deny Plaintiffs' Motion to Strike for failure to comply with Local Rule 7.1(a)(3).

Respectfully submitted,

GRAYROBINSON, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By: ___/s/ Christopher N. Johnson___
Christopher N. Johnson
Florida Bar No. 69329
Email: Christopher.Johnson@gray-robinson.com
Marlene Quintana, B.C.S.
Florida Bar No. 88358
Email: Marlene.Quintana@gray-robinson.com

GRAYROBINSON, P.A.
Jason L. Unger, Esquire
Florida Bar No. 991562
George T. Levesque
Florida Bar No. 55551
Andy Bardos
Florida Bar No. 822671
301 S. Bronough Street
Suite 600
Tallahassee, Florida 32301
Telephone: (850) 577-9090
Facsimile: (850) 577-3311

>CITY OF MIAMI
>VICTORIA MÉNDEZ, City Attorney
>Florida Bar No. 194931
>JOHN A. GRECO, Chief Deputy City Attorney
>Florida Bar No. 991236
>KEVIN R. JONES, Deputy City Attorney
>Florida Bar No. 119067
>KERRI L. MCNULTY,
>Litigation & Appeals Division Chief
>Florida Bar No. 16171
>Office of the City Attorney
>444 S.W. 2nd Avenue
>Miami, FL 33130
>Telephone: (305) 416-1800
>Facsimile:  (305) 416-1801
>*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: */s/ Christopher N. Johnson*