IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

**PLAINTIFFS' PROPOSED INTERIM REMEDIAL SCHEDULE**

In advance of the June 2, 2023 status conference, Plaintiffs submit the below proposed schedule for the interim remedial process in this case. Plaintiffs' counsel conferred with counsel for the City regarding this submission by videoconference on May 31, 2023. The City does not agree to this proposed schedule.

\* \* \*

On May 23, 2023, the Court preliminarily enjoined the district map for the Miami City Commission challenged in this case, finding that Plaintiffs are substantially likely to succeed on their claim that each of the five districts are racially gerrymandered in violation of the Fourteenth Amendment (ECF No. 60.)

"When a federal court declares an existing apportionment scheme unconstitutional, it is . . . appropriate . . . to afford a reasonable opportunity for the legislature to . . . adopt[] a substitute measure." *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978). The Court also has "its own duty to cure illegally gerrymandered districts through an orderly process in advance of elections," *North Carolina v. Covington*, 138 S. Ct. 2548, 2553 (2018), and "has a 'duty' to ensure that any remedy 'so far as possible eliminate[s] the discriminatory effects of the past as well as bar[s] like discrimination in the future.'" *Covington v. North Carolina*, 283 F. Supp. 3d 410, 424 (M.D.N.C.

1

2018), *aff'd in part, rev'd in part*, 138 S.Ct. 2548 (quoting *Louisiana v. United States*, 380 U.S. 145, 154 (1965)).

Accordingly, the Court orders the following schedule for the approval of an interim remedial plan for use in all City Commission elections to be held pending final judgment in this case:

1. The Parties must complete mediation by **June 22**. Mediation is currently scheduled for **June 13** (ECF No. 65).

2. If mediation is successful in reaching a full or partial settlement regarding an interim remedial plan, the Parties must promptly notify the Court of the settlement in accordance with Local Rule 16.2.F, by filing a notice of settlement within **10 days** of the mediation conference, and a joint motion to approve the settlement within **20 days** of the mediation conference.

3. If mediation is unsuccessful in reaching an agreement on an interim remedial plan, the City shall have until **June 28** to enact a proposed interim remedial plan, and file with the Court a motion to approve the plan and memorandum of law of no more than 35 pages, and any evidence in support.

    a. With its plan or as soon within three days thereafter as is practicable, the City must file all of the following relating to the enactment process and the development of the plan, not otherwise exempt from disclosure pursuant to Florida's public records law, Fla. Stat. ch. 119: files; data; correspondence, including text messages; transcripts, minutes, and recordings of meetings; notes; instructions; event calendars; and analyses.

    b. Any meetings of commissioners, staff, and/or mapping consultants not exempt from being open to the public under Fla. Stat. § 286.011 must be recorded and/or transcribed, and the recording and/or transcripts filed with the Court.

4. If at any point before **June 28** the City determines that it will not enact an interim remedial plan, the City must notify the Court immediately.

5. If, after the City Commission passes and submits a proposed interim remedial plan, Plaintiffs determine that they have no objections to the plan, Plaintiffs must notify the Court immediately.

    a. Plaintiffs may file a memorandum of no more than 20 pages in support of the plan within **7 days** of the City's motion.

6. Within **9 days** of the City's motion, Plaintiffs may file an opposing memorandum of no more than 35 pages, alternative remedial plans, and evidence in support.

7. Within **7 days** of the Plaintiffs' opposing memorandum, the City may file a reply memorandum of no more than 15 pages.

8. If the City fails to enact and file with the Court a proposed interim remedial plan by **June 28** or the City files a notice pursuant to Paragraph 4, each Party may each file a brief of no more than 35 pages proposing interim remedial plans for the Court's consideration by **July 5** or **7 days** after the City's notice, whichever occurs earlier.

    a. Each Party may file a response brief within **9 days**.

9. At the same time as any brief is due pursuant to Paragraph 8, each Party may also file a notice nominating up to three persons confirmed to be available to serve as special masters, in the event the Court decides it is appropriate to appoint one or more special masters to assist in developing an interim remedial plan.

10. As part of their initial submissions, the Parties must indicate whether they desire an evidentiary hearing or oral argument, what witnesses they intend to call if any, and whether they intend to depose any witnesses. The Court will set this matter for evidentiary hearing or oral argument, if necessary, by further order.

11. The court will approve an interim remedial plan by **August 1**. Upon receiving the Court's order, the City must immediately provide the Miami-Dade County Elections Department with all files and data necessary for implementation of the plan in the November elections.

\* \* \*

Respectfully submitted this 1st day of June, 2023,

 /s/ *Nicholas L.V. Warren*

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida, Inc**.
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida, Inc**.
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Neil A. Steiner\*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com

Christopher J. Merken\*
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2380
christopher.merken@dechert.com

\* *Admitted pro hac vice*

*Counsel for Plaintiffs*