UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-24066-KMM

GRACE, INC.; ENGAGE MIAMI, INC.;
SOUTH DADE BRANCH OF THE NAACP;
MIAMI-DADE BRACH OF THE NAACP;
CLARICE COOPER; YANELIS VALDES;
JARED JOHNSON; and ALEXANDER
CONTRERAS,

        Plaintiffs,

v.

CITY OF MIAMI,

        Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED INTERIM REMEDIAL SCHEDULE

The City of Miami, Defendant, in response to the Plaintiffs' Proposed Interim Remedial

Schedule, submits the below response and proposed schedule for the interim remedial process.

This Court has preliminarily enjoined the City from using the district plan adopted in City

of Miami Resolution 22-131 in its next election to be held in November, 2023.  (ECF No. 60.)  The

Court has not yet ruled on the merits of Plaintiffs' claims.  Defendant's chief objection to the

Plaintiffs' proposed schedule is that it impermissibly shifts the burden of proof to the City and

turns the presumption of good faith that attaches to any legislatively-enacted remedial redistricting

plan on its ear.  As the Supreme Court has explained:

> Whenever a challenger claims that a state law was enacted
> with discriminatory intent, the burden of proof lies with
> the challenger, not the State. This rule takes on special
> significance in districting cases. Redistricting is primarily
> the duty and responsibility of the State, and federal-court
> review of districting legislation represents a serious

> intrusion on the most vital of local functions. In assessing the sufficiency of a challenge to a districting plan, a court must be sensitive to the complex interplay of forces that enter a legislature's redistricting calculus. And the good faith of the state legislature must be presumed. The allocation of the burden of proof and the presumption of legislative good faith are not changed by a finding of past discrimination. Past discrimination cannot, in the manner of original sin, condemn governmental action that is not itself unlawful.

*Abbott v. Perez*, 138 S. Ct. 2305, 2324–25 (2018) (cleaned up).

Both *Perez* and *Covington v. North Carolina*, 283 F. Supp. 3d 410, 424 (M.D.N.C. 2018), *aff'd in part, rev'd in part*, 138 S.Ct. 2548 (2018), cited by Plaintiffs, involved a remedial phase implemented *after* a district court's ruling on the merits of the challengers' claims. At this time, no meaningful discovery has occurred[1], let alone a ruling on the merits of Plaintiffs' claims. To require the City to come back to this Court and request approval of its redistricting plan, as Plaintiffs request in bullet 3 of their proposal, flips the burden of proof and disregards the presumption of legislative good faith, and does so well before a merits finding of discriminatory intent. If *Perez* concluded that a challenger still bears the burden of proof and the legislative body still enjoys the presumption of good faith for its plans *after* a finding of discriminatory intent in a prior enacted plan, such burden and presumption most assuredly apply here. "[A] legislature's 'freedom of choice to devise substitutes for an apportionment plan found unconstitutional, either as a whole or in part, should not be restricted beyond the clear commands' of federal law." *North Carolina v.*

---

[1] Indeed, Plaintiffs have filed a motion seeking to stay discovery on the merits. *See* ECF No. 64.

*Covington*, 138 S.Ct. 2548, 2554 (2018) (quoting *Burns v. Richardson*, 384 U.S. 73, 85 (1966)).

Against that background, the City proposes the following schedule and process:

1.     Mediation is set for 6/13.  The parties must notify the Court by June 23 if an agreement is reached, or the status of such discussions.

2.     The City must apprise the Court by June 30 if the City has passed or anticipates that it will pass a new redistricting plan and the status of such efforts.

3.     If and when the City adopts a new redistricting plan, Plaintiffs may amend their complaint to challenge the new redistricting plan.  Upon amending their complaint, Plaintiffs may also seek an injunction, or both, as permitted under the Federal Rules of Civil Procedure.  If Plaintiffs seek such relief and if the Court wishes to set a schedule, Plaintiffs should have 7 days after the passage of a new redistricting plan to file seek such motions. Defendants may respond to any such motions within 7 days. And Plaintiffs may file a reply within 3 days.

4.     If the City fails to adopt a map by June 30, and the Court is unwilling to stay its injunction, the Court should commence its process for filling the vacuum and imposing a map.  Defendants are amenable to the Plaintiffs' proposed schedule for this scenario, but first request the Court to indicate whether the Court would prefer to use a special master or consider proposals from the parties in lieu of engaging a special master.

Respectfully submitted,

GRAYROBINSON, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida  33131

3

Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

By:  ___*s/ Christopher N. Johnson*_____
Christopher N. Johnson
Florida Bar No. 69329
Email: Christopher.Johnson@gray-robinson.com
Marlene Quintana, B.C.S.
Florida Bar No. 88358
Email: Marlene.Quintana@gray-robinson.com

GRAYROBINSON, P.A.
Jason L. Unger, Esquire
Florida Bar No. 991562
George T. Levesque
Florida Bar No. 55551
Andy Bardos
Florida Bar No. 822671
301 S. Bronough Street
Suite 600
Tallahassee, Florida 32301
Telephone: (850) 577-9090
Facsimile:  (850) 577-3311

CITY OF MIAMI
Kevin Jones, Esquire
Florida Bar No. 119067
Bryan Capdevila, Esquire
Florida Bar No. 119286
Eric Eves, Esquire
Florida Bar No. 91053
Office of the City Attorney
444 S.W. 2nd Avenue
Miami, FL 33130
Telephone: (305) 416-1800
Facsimile:  (305) 416-1801
*Attorneys for Defendant*

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of the

Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all

counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to

receive electronically Notices of Electronic Filing.


By:   s/ *Christopher N. Johnson*
             Christopher N. Johnson