IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

   *Plaintiffs*,

v.

CITY OF MIAMI,

   *Defendant*.

_____/

## PLAINTIFF SOUTH DADE BRANCH OF THE NAACP'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the U.S. District Court for the Southern District of Florida ("Local Rules"), Plaintiff South Dade Branch of the NAACP ("Plaintiff" or "South Dade NAACP"), by and through its undersigned counsel, hereby responds and objects to Defendant City of Miami's ("Defendant" or "City") First Request for Production of Documents ("RFPs"), dated September 19, 2023. These responses and objections are made to the best of Plaintiff's present knowledge, information, and belief, and are provided without prejudice to Plaintiff's right to amend, clarify, and/or supplement these responses and objections at a later time for any reason. This reservation, however, is not to be construed as an undertaking by Plaintiff of an affirmative duty to change or supplement these responses, except as otherwise required by the Federal Rules of Civil Procedure or Local Rules.

### GENERAL OBJECTIONS

Plaintiff states the following General Objections to the RFPs, which are hereby incorporated and made part of each of the following specific responses.

   1.    Plaintiff objects to each RFP to the extent that it seeks to impose obligations greater than or inconsistent with the scope or requirements of the Federal Rules of Civil Procedure, the

Local Rules, or applicable court orders.

2. Plaintiff objects to each RFP to the extent that it calls for disclosure of information or documents that are not relevant to any party's claim or defense, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will only produce documents relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each RFP to the extent that (a) it is unreasonably cumulative or duplicative of information provided by Plaintiff; (b) it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (c) the burden or expense of the proposed discovery is not proportional to the needs of this case.

4. Plaintiff objects to each RFP to the extent that it calls for the improper disclosure of Plaintiff's or any individual's confidential information. To the extent that Plaintiff provides any such information, Plaintiff will do so only subject to a protective order.

5. Plaintiff objects to each RFP to the extent that it purports to require Plaintiff to provide information that would violate any individual's privacy or associational rights protected by the U.S. Constitution or by law, contract, or public policy, or would otherwise require the disclosure of information in violation of any applicable law.

6. Plaintiff objects to each RFP to the extent that it seeks information protected from discovery by the attorney-client privilege; the work-product doctrine; the common-interest or joint-defense privileges; and/or any other applicable privilege, immunity, or protection. The inadvertent disclosure of any information subject to such privilege or protection is not intended to relinquish any privilege or protection, and shall not be deemed to be a waiver of any applicable privilege or protection. Upon Plaintiff's request, Defendant shall immediately return or destroy

any such information inadvertently disclosed.

7. Plaintiff objects to each RFP to the extent that it contains characterizations, definitions, or assumptions. Nothing contained in or absent from Plaintiff's responses or objections shall constitute, or be deemed as, an admission, concession, or agreement that Defendant's characterizations, definitions, or assumptions are correct or accurate.

8. Plaintiff objects to each RFP to the extent that it seeks information that is as readily available to Defendant as to Plaintiff, or that is otherwise in the possession of Defendant.

9. Plaintiff objects to each RFP to the extent that it is vague, ambiguous, and/or incapable of reasonable ascertainment. Without waiver of its objections, Plaintiff has made reasonable interpretations of the meanings of such terms and will respond according to such interpretations.

10. Plaintiff objects to each RFP to the extent that it assumes facts not in evidence or misstates facts. Plaintiff's responses are not intended to and shall not constitute admissions that any of the predicate facts stated in these RFPs are true or accurate.

11. Plaintiff objects to each RFP to the extent that it is not reasonably limited in time or otherwise not limited to a time frame relevant to this litigation. To the extent that Plaintiff provides a response to requests that call for information outside the relevant time frame, Plaintiff does not waive this objection.

12. Plaintiff objects to Defendant's definition of "You" and "Your" as inclusive of information outside of Plaintiff's possession, custody, or control.

13. Plaintiff's objections are made without waiving:

    a. The right to object to the competence, relevance, materiality, or admissibility as evidence of any answer, disclosure, document, file, record,

      object or information, or the subject matter thereof, in any aspect of this or any other action;

b.    The right to object at any time and upon any grounds to any other discovery requests;

c.    The right at any time and for any reason to revise, supplement, correct, add to, or clarify these responses; and,

d.    Any applicable privilege, including but not limited to the attorney-client privilege and the work-product privilege.

14.    Plaintiff's investigation and discovery are ongoing and may uncover additional facts, witnesses, documents, or things that support Plaintiff's claims. Plaintiff reserves all rights to supplement its responses and to offer such additional facts, witnesses, documents, or things at hearing, in future filings, or at trial.

15.    Plaintiff's responses are provided without prejudice to Plaintiff's right to produce and rely on expert testimony that addresses any of the issues addressed by these requests, including, without limitation, any expert testimony that varies from, supplements, expands on, further develops, or otherwise relates in any way to any response stated here.

## **SPECIFIC RESPONSES AND OBJECTIONS**

A specific response may repeat a General Objection for emphasis or for some other reason. However, the omission of any General Objection is neither intended to, nor should it be construed as, a waiver of any General Objection.

**REQUEST NO. 1:** Documents relating to Your organization's advocacy for the voting rights of African Americans and other voters of color in Miami as alleged in Paragraph 9 of the Supplemental Complaint.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to this Request as overbroad and not reasonably limited in time. Subject to and without waiving the foregoing and its General Objections, Plaintiff will produce documents sufficient to show that it has engaged in advocacy for the voting rights of African Americans and other voters of color in Miami during the last three years.

**REQUEST NO. 2:** Documents relating to Your organization's mission to ensure the political, educational, social, and economic equality of rights of all persons and to eliminate race-based discrimination as alleged in Paragraph 9 of the Supplemental Complaint.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to this Request as overbroad and not reasonably limited in time. Subject to and without waiving the foregoing and its General Objections, Plaintiff will produce documents sufficient to demonstrate that its mission is to ensure the political, educational, social, and economic equality of rights of all persons and to eliminate race-based discrimination.

**REQUEST NO. 3:** Documents demonstrating that Your members reside in Districts 2, 3, and 4 of the Enjoined Plan.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to this Request to the extent that it calls for specific information about Plaintiff's members, which is protected from disclosure by the First Amendment absent a compelling need for the information. *NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Subject to and without waiving the foregoing objections and its General Objections, Plaintiff will submit a declaration and/or provide testimony at the appropriate stage of this litigation verifying that it has members who reside in Districts 2, 3, and 4 of the Enjoined Plan.

**REQUEST NO. 4:** Documents demonstrating that Your members reside in Districts 2, 3, and 4 of the Enacted Plan.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to this Request to the extent that it calls for specific information about Plaintiff's members, which is protected from disclosure by the First Amendment absent a compelling need for the information. *NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Subject to and without waiving the foregoing objections and its General Objections, Plaintiff will submit a declaration and/or provide testimony at the appropriate stage of this litigation verifying that it has members who reside in Districts 2, 3, and 4 of the Enacted Plan.

**REQUEST NO. 5:** Documents relating to the proposed remedial plans P1, P2, P3, and P4 submitted in this case on behalf of Plaintiffs, including:

   a. any communications and memoranda related to the proposed remedial plans P1, P2, P3, and P4;

   b. any communications and memoranda related to the methodology used in drawing the proposed remedial plans P1, P2, P3, and P4;

   c. any communications and memoranda related to the criteria used in drawing the proposed remedial plans P1, P2, P3, and P4;

   d. any communications and memoranda regarding the use of race in drawing the proposed remedial plans P1, P2, P3, and P4; and

   e. any reports, data, databases, analyses, feedback, instructions, or GIS files related to in drawing the proposed remedial plans P1, P2, P3, and P4.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to this Request to the extent the

Request seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections and its General Objections, Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 6:** Documents relating to the Enjoined Plan, including:

a. any communications and memoranda related to the Enjoined Plan;

b. any communications and memoranda related to any analysis of the Enjoined Plan;

c. any reports, data, databases, analyses, feedback, instructions, or GIS files related to the Enjoined Plan.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to this Request to the extent the Request seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections and its General Objections, Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 7:** Documents relating to the Enacted Plan, including:

a. any communications and memoranda related to the Enacted Plan;

b. any communications and memoranda related to any analysis of the Enacted Plan;

c. any reports, data, databases, analyses, feedback, instructions, or GIS files related to the Enacted Plan.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to this Request to the extent the Request seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections and its General Objections, Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 8:** Documents related to Your allegations of harm, as alleged in Paragraph 10 of the Supplemental Complaint.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving its General Objections, Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 9:** Documents related to any analysis of District 5 in the proposed remedial plans P1, P2, P3, and P4, and compliance with Section 2 of the Voting Rights Act.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to the extent the Request seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections and its General Objections, Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 10:** Documents related to any analysis of District 5 in the Enjoined Plan, and compliance with Section 2 of the Voting Rights Act.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to the extent the Request seeks

information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections and its General Objections, Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 11:** Documents related to any analysis of District 5 in the Enacted Plan, and compliance with Section 2 of the Voting Rights Act.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to the extent the Request seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections and its General Objections, Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 12:** With respect to each expert that you have retained to provide expert testimony in this cause, any documents provided by you or your counsel to each such expert; any documents received by you or your counsel from such expert; any correspondence, reports, or written statements relating to the Complaint drafted by such expert, including all drafts and final versions; a current resume or CV of each such expert; any retainer agreements with each such expert; and any documents relating to compensation for each such expert's services.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to the extent the Request seeks information protected by Federal Rule of Civil Procedure 26(b)(4), which expressly protects drafts of expert reports and disclosures and certain communications between Plaintiffs' counsel and Plaintiffs' experts. Specifically, Rule 26(b)(4)(C) protects communications between Plaintiffs'

counsel and each of Plaintiffs' expert witnesses except to the extent that the communications (i) relate to the expert's compensation; (ii) identify facts or data that the attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiff further objects to the extent this Request seeks documents outside of her possession, custody, or control. Subject to and without waiving the foregoing objections and her General Objections, Plaintiff's counsel will produce all non-privileged documents within their possession, custody, or control that are responsive to this Request.

Dated: October 19, 2023

Caroline A. McNamara (FBN 1038312)
Daniel B. Tilley (FBN 102882)
Janine M. Lopez (FBN 1038560)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
cmcnamara@aclufl.org
dtilley@aclufl.org
jlopez@aclufl.org

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Gregory P. Luib*
**Dechert LLP**
1900 K Street NW
Washington, DC 20006
(202) 261-3413
gregory.luib@dechert.com

/s/ Nicholas L.V. Warren

Neil A. Steiner*
Julia Markham-Cameron*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com
julia.markham-cameron@dechert.com

Christopher J. Merken*
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2380
christopher.merken@dechert.com

*Admitted pro hac vice*

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that, on October 19, 2023, the above Plaintiff's Responses to Defendant's First Set of Requests for Production was served by email on counsel for the City of Miami.

/s/ Nicholas L.V. Warren