IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

### PLAINTIFFS' NOTICE AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs give notice that they will not demand more than $1 in nominal damages per Plaintiff in this action, and abandon any claim to damages over $1 each.

Further, Plaintiffs move for leave to file the attached Proposed Second Amended Complaint, pursuant to FRCP 15(a) and this Court's Scheduling Order, ECF 32. The Proposed Second Amended Complaint consolidates the allegations of the First Amended Complaint and Supplemental Complaint (together, "Operative Complaint"), deletes obsolete allegations, updates certain allegations to conform to new or newly discovered information, and reduces Plaintiffs' nominal damages demand to $1 per Plaintiff.

Plaintiffs' counsel conferred with counsel for City, which opposes this motion.

### MEMORANDUM

### I. Procedural History

Plaintiffs filed this action on December 15, 2022, alleging that the five Miami City Commission districts are racially gerrymandered in violation of the Fourteenth Amendment's Equal Protection Clause. ECF 1. On February 10, 2023, Plaintiffs filed a First Amended Complaint to add an additional plaintiff, among other changes, and moved for a preliminary injunction. ECF

1

23, 26. The Court granted that preliminary injunction, finding that Plaintiffs are substantially likely to prevail on their claim. ECF 60. The City abandoned its appeal of that injunction, ECF 88, and the specific plan discussed in the First Amended Complaint (the "2022 Plan") was replaced before the November 2023 elections. Instead, the City adopted another plan (the "2023 Plan"), which this Court found did not remedy the likely constitutional violations identified in its injunction order and remained an unconstitutional racial gerrymander. ECF 94. The Court issued an order directing the City to implement a court-ordered plan originally submitted by Plaintiffs. *Id.*

A divided motions panel of the Eleventh Circuit issued a stay of this Court's order pending appeal, solely on the grounds that this Court's order was imposed too close to the November elections. *GRACE, Inc. v. City of Miami*, No. 23-12472, 2023 WL 5286232 (11th Cir. Aug. 4, 2023). The motions panel did not reach the merits of the City's appeal. *Id.* Later the Court of Appeals stayed further appellate proceedings "until entry of final judgment by the district court in the case below or until May 1, 2024, whichever comes first." App. Doc. 45 (11th Cir. Nov. 29, 2023).

After the preliminary injunction proceedings concluded, Plaintiffs obtained the Court's leave to supplement their pleadings to add the facts regarding the 2023 Plan. ECF 108 (Sept. 8, 2023). The Supplemental Complaint was filed the same day. ECF 109. The parties conducted discovery, which closed on October 21, 2023. The City moved to dismiss the Supplemental Complaint, and the Court denied the motion. ECF 132 (Nov. 17, 2023). The City then filed its first responsive pleading by answering the First Amended Complaint and Supplemental Complaint. ECF 133 (Nov. 27, 2023). The City demanded a jury trial. *Id.*

This matter is set for trial to begin January 29, 2024. ECF 32. The deadline for the parties to amend the pleadings (45 days after the first responsive pleading) is January 11, 2024. *Id.*

2

## II. Argument

Courts must "freely give leave [to amend pleadings] when justice so requires." FRCP 15(a)(2). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). Unlike for amendments sought after the time allowed under the Court's scheduling order, a party seeking amendment before that deadline need not show "good cause." FRCP 16(b)(4); *see Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

The principal difference between the Operative Complaint and the Proposed Second Amended Complaint is the reduction in each Plaintiff's nominal damages demand from $100 to $1. Such a reduction is warranted—and indeed, may be compelled—by the law of nominal damages. This is because "nominal damages do not generally exceed one dollar." *Whitfield v. Thompson*, 165 F. Supp. 3d 1227, 1238 n.4 (S.D. Fla. 2016) (citing *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); *Familias Unidas v. Briscoe*, 619 F.2d 391, 402–02 (5th Cir. 1980) (holding the plaintiff was entitled to receive nominal damages not to exceed one dollar in § 1983 case); *Harrison v. Myers*, 2011 WL 3204372, *7 (S.D. Ala. July 13, 2011)); *see also Robinson v. Larson*, 2018 WL 6028819, at *1 (N.D. Fla. Oct. 17, 2018), *report and recommendation adopted*, 2018 WL 6025854 (N.D. Fla. Nov. 16, 2018) ("Both § 1983 caselaw and the Eleventh Circuit pattern jury instructions governing plaintiff's claim indicate the appropriate measure of nominal damages is $1.00."); Eleventh Circuit Pattern Jury Instructions (Civil Cases) Civil Right 42 U.S.C. § 1983 Claims Instruction 5.13 ("If [name of plaintiff] has

failed to prove that [he/she] suffered more than a minimal physical injury, then you must award nominal damages of $1.00.").

Because 42 U.S.C. § 1983 does not provide a statutory right to a jury trial, *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999), there is only a jury-triable issue in this case if the Seventh Amendment confers a right to a jury trial. If the "value in controversy" is equal to or less than twenty dollars—as it must be when nine Plaintiffs seek only nominal damages—there is no Seventh Amendment right to a jury trial, and the case *must* be tried by the Court. U.S. Const. amend. VII; FRCP 39(a)(2). Plaintiffs seek leave to file the Proposed Second Amended Complaint to avoid any doubt that the Constitution and laws of the United States require the Court to try this case.

The other differences between the Proposed Second Amended Complaint and Operative Complaint do not substantively change the Operative Complaint's allegations or insert new issues that require discovery. The amendment is also well within this Court's deadline for amending the pleadings (45 days after Defendant's first responsive pleading, which was filed 11 days ago, November 27, 2023). The proposed Second Amended Complaint will thus not delay the parties' ongoing preparation for trial.

### III.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file the attached Proposed Second Amended Complaint.

### LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Plaintiffs' counsel conferred with the City's counsel in a good-faith effort to resolve the issues raised in this motion, by telephone conference on December 4, 2023, and again by email on December 6. The City's counsel stated that the City opposes this motion and will not otherwise

withdraw its jury demand. Plaintiffs' counsel then provided the City's counsel with an advance courtesy copy of the Proposed Supplemental Complaint, tracking changes from the Operative Complaint, on December 8.

Respectfully submitted this 8th day of December, 2023,

/s/ Nicholas L.V. Warren

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
1809 Art Museum Drive, Suite 203
Jacksonville, FL 32207
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
Janine M. Lopez (FBN 1038560)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Gregory P. Luib*
**Dechert LLP**
1900 K Street NW
Washington, DC 20006
(202) 261-3413
gregory.luib@dechert.com

Neil A. Steiner*
Julia Markham-Cameron*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com
julia.markham-cameron@dechert.com

Christopher J. Merken*
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2380
christopher.merken@dechert.com

*Admitted pro hac vice*

*Counsel for Plaintiffs*

5