UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-24066-KMM

GRACE, INC.; ENGAGE MIAMI, INC.;
SOUTH DADE BRANCH OF THE NAACP;
MIAMI-DADE BRACH OF THE NAACP;
CLARICE COOPER; YANELIS VALDES;
JARED JOHNSON; and ALEXANDER
CONTRERAS,

        Plaintiffs,

v.

CITY OF MIAMI,

        Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant, City of Miami (the "City"), hereby responds to Plaintiffs' Notice and Motion for Leave to File Second Amended Complaint (DE 138, "Motion to Leave"), and states as follows in support thereof:

On December 15, 2022, Plaintiffs filed their Original Complaint in this case. (DE 1). In their Original Complaint, Plaintiffs allege that "**GRACE's members, most of whom are Black**, are split across Commission Districts 2 and 4." (DE 1, ¶19) (emphasis added). In their Original Complaint, Plaintiffs sought "nominal damages of $100[.]" (DE 1, at "Prayer for Relief").

On February 10, 2023, Plaintiffs filed their Amended Complaint. (DE 23). In their Amended Complaint, Plaintiffs once again alleged that "**GRACE's members, most of whom are Black**, reside in Commission Districts 2 and 4." (DE 23, ¶19) (emphasis added). Plaintiffs also once again sought "nominal damages of $100[.]" (DE 23, at "Prayer for Relief").

On September 7, 2023, Plaintiffs filed a Supplemental Complaint. (DE 109). In their Supplemental Complaint, Plaintiffs allege (for a third time) that "**GRACE's members, most of whom are Black**, reside in Commission Districts 2 under the 2023 Plan." (DE 109, ¶5) (emphasis added). In their Supplemental Complaint, Plaintiffs once again sought "nominal damages of $100[.]" (DE 109, at "Prayer for Relief").

On December 8, 2023, Plaintiffs filed their Motion for Leave, wherein they claim that the "principal difference between the Operative Complaint and the Proposed Second Amended Complaint is the reduction in each Plaintiff's nominal damages demand from $100 to $1." (Motion for Leave at 3). However, in their proposed Second Amended Compliant, Plaintiffs allege that "**GRACE's members and the members of its constituent organizations**, most of whom are Black, reside in Commission Districts 2 and 4 under the 2022 Plan and District 2 under the 2023 Plan." (DE 138-1, ¶21) (emphasis added).

Notwithstanding, Plaintiffs argue, without analysis, that "[t]he other differences between the Proposed Second Amended Complaint and Operative Complaint do not substantively change the Operative Complaint's allegations or insert new issues that require discovery." (*Id*.) Plaintiffs conclude that "[t]he proposed Second Amended Complaint will thus not delay the parties' ongoing preparation for trial." (*Id*.)

## I. Plaintiffs cannot base associational standing on the members of their associational members.

Plaintiffs' blanket assurances that their proposed Second Amended Complaint does not substantively change Plaintiffs' claims, and does not require discovery to resolve, is inaccurate. Article III limits the "judicial Power" of the United States to "Cases" and "Controversies." U.S. Const. art. III, § 2. "Article III standing . . . enforces the Constitution's case-or-controversy

2

requirement." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).

For a plaintiff to have standing under Article III, the plaintiff must have "'such a personal stake in the outcome of the controversy' as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). To meet this standard, a plaintiff must show three things: (1) injury in fact; (2) a causal connection between the injury alleged and the conduct complained of; and (3) the injury would likely be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). These three requirements are the "'irreducible constitutional minimum' of Article III standing." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021). If a plaintiff fails to meet any of these three irreducible constitutional minimums, the court must dismiss the suit for lack of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Associational Plaintiffs' purported basis for standing is inconsistent with two of these minimum requirements: injury in fact and redressability.

To establish Article III standing, GRACE does not claim that it has suffered or will suffer any cognizable injury; GRACE would unquestionably have standing had it suffered such an injury itself. In the City's motion for Summary Judgment, it argued that "GRACE does not have individual members" and failed to identify "where, and in which districts, its members live, and it does not know whether it has residents in all of the City's districts. (DE 131 at 10) Therefore, the City argued that GRACE does not have standing to sue based on an injury to one of its members. *See United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*, 517 U.S. 544, 552 (1996)

("[A]n organization may sue to redress its members' injuries, even without a showing of injury to the association itself.").

On December 21, 2023, this Court denied summary judgment based on GRACE's assertion that it did have members in Districts 2 and 4, who were presumably individuals. (DE 123 at 10-11, n.10). While there is a genuine issue of material fact, it is still an issue for trial. GRACE now seeks to shore up its basis for standing by moving to add "the members of [GRACE's] constituent organizations" to the list of whose rights GRACE seeks to vindicate in this suit. (DE 138-1, ¶21). GRACE is asserting that it has standing based on injuries allegedly suffered by members of its organizational members, thereby attempting to circumvent the requirements of Article III and carry ideological grievances of GRACE's organizational members' members into court. Plaintiffs are not hiding the fact that they are seeking to assert associational standing to sue in federal court, but they are now attempting to do so by impermissibly suing on behalf of third-party organizations as a basis for standing. Said differently, Plaintiffs seek to inject non-members, who do not receive any benefit from membership, who do not contribute anything to GRACE, and who have no personal stake in the issues before the Court, in order for GRACE to adjudicate its policy initiatives.

By attempting to sue on behalf of the members of other organizations, GRACE would not be vindicating injuries to itself or its members, and it would be attempting to bring its claim as a "concerned bystander," using the Article III courts as "a 'vehicle for the vindication of [its] value interests.'" Hollingsworth v. Perry, 570 U.S. 693, 707 (2013). Plaintiffs cannot use the Article III courts in this way. The appropriate parties to bring litigation challenging the policies at issue in this litigation would have been any of GRACE's organizational members' members that claim to

have been personally injured by the City's actions. (*Id.*) ("Without a judicially cognizable interest of their own, petitioners attempt to invoke that of someone else.").

**II.     Plaintiffs' attempt to avoid the right to trial by jury should be rejected.**

"Generally, federal courts favor jury trials." *Manrique v. Fagan*, No. 08-60501-CIV, 2009 WL 700999, at *7 (S.D. Fla. Mar. 16, 2009). The U.S. Supreme Court "has stated that 'the federal policy favoring jury trials is of historic and continuing strength.'" *Id.* (citing *Simler v. Conner*, 372 U.S. 221, 222 (1963)).

In their Motion for Leave, Plaintiffs assert that they "abandon any claim to damages over $1 each," as opposed to the $100 in nominal damages they have repeatedly alleged throughout this case. (DE 138 at 4). Plaintiffs have informed the City that it seeks to make this amendment as a predicate for challenging the City's jury trial demand. While Plaintiffs want to unilaterally prohibit the City from demanding a jury trial, the Federal Rules of Civil Procedure do not permit Plaintiffs to do so. *Manrique*, No. 08-60501-CIV, 2009 WL 700999, at *8. Instead, Rules 38 and 39 of the Federal Rules of Civil Procedure outline procedures for the preservation of the right to a jury. First, once a party files a jury demand, the demand "may not be withdrawn without the consent of the parties[.]" *Rachal v. Hill*, 435 F.2d 59, 63 (5th Cir. 1970)[1]; *see also*, *Calnetics Corp. v. Volkswagen of America, Inc.*, 532 F.2d 674, 690 (9th Cir. 1976), *cert. denied*, 429 U.S. 940 (1976) (holding that "other parties are entitled to rely on [a jury] demand for the issues it covers," and are not required to file their own jury demand). Because Plaintiffs cannot unilaterally remove the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

City's right to a trial by jury without the City's consent, they have decided to take a position that is inconsistent with the one Plaintiffs have take throughout this litigation, which the Court should estop.

"The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (citation and internal quotation marks omitted); *see also City of Riviera Beach v. That Certain Unnamed Gray, Two Story Vessel Approximately Fifty–Seven Feet in Length*, 649 F.3d 1259, 1273 (11th Cir.2011) ("Judicial estoppel is designed to prevent parties from making a mockery of justice by inconsistent pleadings.") (citation and internal quotation marks omitted). The decision to apply this equitable doctrine is vested in the discretion of the trial court. *See Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir.2006). In exercising that discretion, courts traditionally look at the following factors: "(1) whether a later position asserted by a party was clearly inconsistent with an earlier position; (2) whether a party succeeded in persuading a court to accept an earlier position . . . ; and (3) whether the party with an inconsistent position would derive an unfair advantage or impose an unfair treatment on the opposing party if not estopped." *Id.*

Here, Plaintiffs made the same request for damages in three separate pleadings in different stages of the litigation. (DE 1; DE 23; DE 109). Plaintiffs survived motions to dismiss and summary judgment and, ultimately, the City filed an Answer to Plaintiffs' First Amended Complaint and Supplemental Complaint (the "Answer"), wherein the City affirmatively requested a trial by jury. (DE 133 at 44, "Demand for Jury Trial"). The City relied on Plaintiffs' repeated request for damages and, it was not until *after* the City filed its Answer that Plaintiffs took an inconsistent position with respect to the damages they seek in this case. If Plaintiffs are not

6

estopped, Plaintiffs would certainly derive an unfair advantage by being permitted to take an inconsistent position solely for the purpose of unilaterally eliminating the City's right to a trial by jury without the City's consent.

Because the City relied on Plaintiffs' requests for damages, and because it is "necessary to protect the reliance that other parties may be placing on the demand[,]" the City respectfully requests that the Court deny Plaintiffs' Motion for Leave in its entirety. *See Manrique*, Case No. 08–60501, 2009 U.S. Dist LEXIS 61794, at *25, 2009 WL 700999.

### III. Plaintiffs' Motion for Leave prejudices the City and unduly delays this case.

Rule 15(a) gives this Court "extensive discretion" to decide whether or not to allow a party to amend a complaint. *Hargett v. Valley Federal Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995). When deciding how to exercise that discretion, "a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." *Scopellitti v. City of Tampa*, 617 Fed. Appx. 503, 509 (11th Cir. 2017) (citation omitted). "This liberal discretion is not abused when the amendment would prejudice the defendant, follows undue delays, or is futile." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citing *Technical Resource Services, Inc. v. Dornier Medical Systems, Inc.*, 134 F.3d 1458, 1463–64 (11th Cir. 1998)).

As the Eleventh Circuit has held, "[p]rejudice and undue delay are **inherent** in an amendment asserted **after the close of discovery and after dispositive motions have been filed**, briefed, and decided." *Campbell*, 166 F.3d at 1162 (emphasis added) (citing *Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996)). "It is [also] not an abuse of discretion for a district court to deny a motion for leave to amend a complaint when such motion is designed to avoid an impending adverse summary judgment." *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307,

7

1315 (11th Cir. 2002) (citation omitted).Here, Plaintiffs filed their Motion for Leave after the parties engaged in substantial amounts of discovery, completed discovery within the time period the Court required under its Paperless Order Scheduling Trial (DE 32), and after the City's motion for summary judgment was completely briefed and pending. (DE 131). By seeking to assert the rights of the members of organizations that in turn are members of GRACE, the membership of those organizations is now a relevant issue for discovery, yet GRACE waited until discovery closed and trial a mere month away to raise it. As Plaintiffs concede, the basic facts contained in Plaintiffs' proposed Second Amended Compliant were available to Plaintiffs when they filed their Supplemental Complaint on September 7, 2023, and their three month delay in seeking to file this fourth pleading, coupled with the request to amend being filed after the City's motion for summary judgment was fully briefed and pending, is completely unwarranted and not explained by Plaintiffs. Yet, and as explained above, given that Plaintiffs' proposed amendment raises new allegations directly relating to the question of standing, which Plaintiff had not raised in any prior pleading, but on which the City obtained significant discovery and devoted its entire summary judgment motion arguing, it is clear that Plaintiffs "seek[] amendment to avoid entry of summary judgment for [the City], which is an impermissible purpose." *Tri-Lady Marine, Ltd. v. Bishop Mech. Servs., LLC*, No. 16-62467-CIV, 2018 WL 10466994, at *1 (S.D. Fla. July 20, 2018). Its request to amend after the close of discovery would be highly prejudicial to the City, particularly given that trial is roughly one month away.

Accordingly, the City respectfully requests that the Court deny Plaintiffs' Motion for Leave in its entirety.

>Respectfully submitted,
>
>GRAYROBINSON, P.A.
>333 S.E. 2nd Avenue, Suite 3200
>Miami, Florida 33131
>Telephone: (305) 416-6880
>Facsimile: (305) 416-6887
>
>By: */s/ Christopher N. Johnson*
>Christopher N. Johnson
>Florida Bar No. 69329
>Email: Christopher.Johnson@gray-robinson.com
>Marlene Quintana, B.C.S.
>Florida Bar No. 88358
>Email: Marlene.Quintana@gray-robinson.com
>
>GRAYROBINSON, P.A.
>Jason L. Unger, Esquire
>Florida Bar No. 991562
>George T. Levesque
>Florida Bar No. 55551
>Andy Bardos
>Florida Bar No. 822671
>301 S. Bronough Street, Suite 600
>Tallahassee, Florida 32301
>Telephone: (850) 577-9090
>Facsimile: (850) 577-3311
>
>CITY OF MIAMI
>VICTORIA MÉNDEZ, City Attorney
>Florida Bar No. 194931
>JOHN A. GRECO, Chief Deputy City Attorney
>Florida Bar No. 991236
>KEVIN R. JONES, Deputy City Attorney
>Florida Bar No. 119067
>KERRI L. MCNULTY,
>Litigation & Appeals Division Chief
>Florida Bar No. 16171
>Office of the City Attorney
>444 S.W. 2nd Avenue
>Miami, FL 33130
>Telephone: (305) 416-1800
>Facsimile: (305) 416-1801
>*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _/s/ Christopher N. Johnson_
Counsel for City of Miami