IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs file this reply in support of their Motion for Leave to File Second Amended Complaint (ECF No. 138).

The City first objects to the Proposed Second Amended Complaint by (perhaps unsurprisingly at this point) attacking GRACE's standing. ECF No. 140 (Response) at 2–5. But the change in phrasing at ¶ 21 merely conforms the pleadings to the facts the City itself learned during discovery—that GRACE has both individual members, and organizational members with individual members, who in turn are members of GRACE. ECF No. 130-1 (Robinson Dep.) at 9:15–22, 59:5–18. As Plaintiffs argued in response to the City's summary-judgment motion, GRACE has standing to sue on behalf of both its own individual members and the individual members of its constituent organizations. *N.Y. State Club Ass'n v. City of New York*, 487 U.S. 1, 9–10 (1988); *Perez v. Abbott*, 267 F. Supp. 3d 750, 791 n.51 (W.D. Tex. 2017), *aff'd in relevant part*, 138 S. Ct. 2305 (2018); *Perez v. Abbott*, 253 F. Supp. 3d 864, 931 n.82 (W.D. Tex. 2017) (collecting cases). The change to ¶ 21 is not reason to deny leave to amend.[1]

---

[1] Should the Court disagree, Plaintiffs seek leave to file the Proposed Second Amended Complaint with a ¶ 21 that omits the added language.

1

The City's second objection is that Plaintiffs are estopped from pleading less than $100 in nominal damages. This argument ignores the body of caselaw holding $1 as the appropriate amount for nominal damages. *Whitfield v. Thompson*, 165 F. Supp. 3d 1227, 1238 n.4 (S.D. Fla. 2016) (citing *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999); *Familias Unidas v. Briscoe*, 619 F.2d 391, 402–02 (5th Cir. 1980); *Harrison v. Myers*, 2011 WL 3204372, *7 (S.D. Ala. July 13, 2011)); *Robinson v. Larson*, 2018 WL 6028819, at *1 (N.D. Fla. Oct. 17, 2018), *report and recommendation adopted*, 2018 WL 6025854 (N.D. Fla. Nov. 16, 2018); Eleventh Circuit Pattern Jury Instructions (Civil Cases) Civil Right 42 U.S.C. § 1983 Claims Instruction 5.13.

Frankly, Plaintiffs (or more accurately, Plaintiffs' counsel) erroneously pleaded an amount they now realize they cannot recover. The City could never expect to be liable for that amount, and so suffers no prejudice by conforming the pleadings to the legally sound nominal damages amount. And when Plaintiffs collectively cannot recover more than $20, the law *requires* the Court to try this case. *See* U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved"); FRCP 39(a)(2) ("The trial on all issues so demanded must be by jury unless . . . the court . . . finds that on some or all of those issues there is no federal right to a jury trial."). Granting leave to amend avoids any question as to this point.

Finally, the City argues that Plaintiffs unduly delayed in seeking this amendment. But the proposed amendment came just eleven days after the City's first responsive pleading. Indeed, had Plaintiffs not already amended once to add a new Plaintiff, they could have filed this amended complaint by right. While discovery has closed, the proposed amendment raises no new

discoverable issues that the City has not already probed exhaustively.[2] As to why Plaintiffs waited until now to make this change? Because they only realized the unsoundness of their nominal damages amount once it was brought to their attention by the City's jury demand.

The City's objections do not rise to the "substantial reasons" needed to deny leave to amend. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). Plaintiffs respectfully request the Court grant the motion.

Respectfully submitted this 22nd day of December, 2023,

/s/ Nicholas L.V. Warren

| | |
|---|---|
| Nicholas L.V. Warren (FBN 1019018) | Neil A. Steiner* |
| **ACLU Foundation of Florida** | Julia Markham-Cameron* |
| 1809 Art Museum Drive, Suite 203 | **Dechert LLP** |
| Jacksonville, FL 32207 | Three Bryant Park |
| (786) 363-1769 | 1095 Avenue of the Americas |
| nwarren@aclufl.org | New York, NY 10036 |
| | (212) 698-3822 |
| Daniel B. Tilley (FBN 102882) | neil.steiner@dechert.com |
| Caroline A. McNamara (FBN 1038312) | julia.markham-cameron@dechert.com |

---

[2] GRACE's standing to sue on behalf of its constituent organizations' members (as well as its own) was fully briefed at the summary-judgment stage. *See* ECF No. 135 at 5 n.3. It is thus preposterous to argue that "Plaintiffs seek amendment to avoid entry of summary judgment for the City." ECF No. 140 at 8 (cleaned up). Moreover, the Court rejected the City's standing arguments, explicitly finding that GRACE has standing. ECF No. 139 at 10 n.7. Plaintiffs do not intend to risk delay of the trial or waste the Court's time with a Rule 11 sanctions motion, and will address the additional expense required to respond to these arguments yet again in any post-trial motion for attorneys' fees. But the Court would be well within its inherent power to sua sponte order the City to show cause why it should not be sanctioned for continuing to pursue "its strategy of repeatedly asserting arguments that the Court has already rejected numerous times." ECF No. 139 at 1.

Janine M. Lopez (FBN 1038560)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Gregory P. Luib*
**Dechert LLP**
1900 K Street NW
Washington, DC 20006
(202) 261-3413
gregory.luib@dechert.com

Christopher J. Merken*
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2380
christopher.merken@dechert.com

*\* Admitted pro hac vice*

*Counsel for Plaintiffs*