UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    Plaintiffs,

v.

CITY OF MIAMI,

    Defendant.
_____ /

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs'[1] Notice and Motion for Leave to File Second Amended Complaint. ("Mot.") (ECF No. 138). Therein, Plaintiffs request permission to file a second amended complaint that "consolidates the allegations of the First Amended Complaint and Supplemental Complaint (together, 'Operative Complaint'),[2] deletes obsolete allegations, updates certain allegations to conform to new or newly discovered information, and reduces Plaintiffs' nominal damages demand to $1 per Plaintiff." *Id.* at 1. Defendant ("Defendant" or "City of Miami") filed a response in opposition ("Resp.") (ECF No. 140), and Plaintiffs filed a reply ("Reply") (ECF No. 141). The matter is now ripe for review.

**I.    LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its

---

[1] Plaintiffs in this Action are Clarice Cooper, Yanelis Valdes, Jared Johnson, Alexandra Contreras, Steven Miro, GRACE, Inc., Engage Miami, Inc., South Dade Branch of the NAACP and Miami-Dade Branch of the NAACP (collectively, "Plaintiffs").

[2] The term "Operative Complaint" refers to the allegations jointly contained in the First Amended Complaint (ECF No. 23) and the Supplemental Complaint (ECF No. 109).

pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B).  Beyond that, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 622 (11th Cir. 1983).

However, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (citing *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)).  "To establish good cause, the party seeking modification to the scheduling order must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citation omitted); *see also Sosa*, 133 F.3d at 1419.  A plaintiff must first demonstrate good cause under Rule 16(b) before a court will consider whether amendment is proper under Rule 15(a). *Sosa*, 133 F.3d at 1419.

**II.     DISCUSSION**

Plaintiffs' request to amend the First Amended Complaint occurred prior to the deadline set forth in the Court's Paperless Order Scheduling Trial. *See* (ECF No. 32) (establishing the deadline to amend as 45 days after the first responsive pleading, here, January 11, 2024).  Because Defendant did not consent in writing to Plaintiffs' request to amend the First Amended Complaint, the Court will use its discretion to grant leave if "justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs need not establish "good cause" to justify amendment.

Plaintiffs argue that the Court should grant leave to amend because their counsel made an

error when making demands for nominal damages. *See* Mot. at 3–4. Plaintiffs had previously demanded $100 per Plaintiff in nominal damages, but now, they seek to amend the First Amended Complaint to seek $1 in nominal damages per Plaintiff, which they aver is legally required. *Id.* at 3 (collecting cases). Plaintiffs assert that this alteration is the "principal difference between the Operative Complaint and the Proposed Second Amended Complaint" and the proposed amendments would "not substantially change the Operative Complaint's allegations or insert new issues that require discovery." *Id.* According to Plaintiffs, Defendant's "objections do not rise to the 'substantial reasons' needed to deny leave to amend." Reply at 3 (citing *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999)).

Defendant raises three arguments in response: (1) Plaintiffs' Proposed Second Amended Complaint alters the standing analysis with respect to Plaintiff GRACE; (2) Plaintiffs improperly use this Motion to thwart Defendant's demand for a jury trial; and (3) amendment would prejudice Defendant and delay the case. *See generally* Resp. Because the Court already adjudicated the issue of whether Plaintiff Grace has standing, and answered in the affirmative, the Court will not address that argument. *See* (ECF No. 139 at 10 n.7). The Court analyzes Defendant's remaining arguments below.

### A. Plaintiffs May Amend to Comply with the Law of Nominal Damages

Regarding the first argument, Defendant argues that Plaintiffs should not be permitted to amend, and thus correct, the First Amended Complaint because Plaintiffs "seek[] to make this amendment as a predicate for challenging [Defendant's] jury trial demand." Resp. at 5. Defendant further argues that Federal Rules of Civil Procedure 38 and 39 dictate that once Defendant makes a jury demand, Plaintiffs may not "unilaterally remove the City's right to a trial by jury without the City's consent." *Id.* at 5–6. To Defendant, Plaintiffs may not amend their First Amended

3

Complaint such that a jury triable issue no longer exists. *See id.*

This argument, however, ignores that Plaintiffs are not permitted to seek nominal damages to the extent set forth in the First Amended Complaint as a matter of law. As Plaintiffs correctly identify, their request for nominal damages in the First Amended Complaint runs afoul of case law holding that $1 is the appropriate amount of nominal damages. *See* Mot. at 3 (citing *Whitfield v. Thompson*, 165 F. Supp. 3d 1227, 1238 n.4 (S.D. Fla. 2016); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999)*; Familias Unidas v. Briscoe*, 619 F.2d 391, 402 (5th Cir. 1980); *Harrison v. Myers*, 2011 WL 3204372, at *7 (S. D. Ala. July 13, 2011)). To maintain a claim for nominal damages—a claim that Plaintiffs have asserted since the inception of this lawsuit (ECF No. 1)—Plaintiffs must amend their First Amended Complaint accordingly.

Indeed, Defendant does not seriously argue that Plaintiffs are not entitled to amend their Complaint under Rule 15. *See generally* Resp. Rather, the crux of Defendant's opposition relates to the *consequence* of this potential amendment. *See* Resp. at 5. Should Plaintiffs amend in the manner described above, Defendant would have no right to a jury trial. The Seventh Amendment states in relevant part: "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. Here, where there are nine Plaintiffs, the Proposed Second Amended Complaint would seek only $9 in nominal damages, and thus, there would be no jury-triable issue. Accordingly, Defendant does not argue that amendment under Rule 15 is improper, but instead, that the consequence flowing from such amendment would thwart its previously asserted right to trial by jury. *See* Resp. at 5.

Specifically, Defendant argues that Rules 38 and 39 provide the procedures for demanding—and rescinding—the right to a jury trial, and Plaintiffs "want to unilaterally prohibit" Defendant's right to a jury trial without its consent. *Id.* at 5–6. According to Defendant, "once a

party files a jury demand, the demand 'may not be withdrawn without the consent of the parties[,]'" which Defendant has not given. *Id.* at 5 (citations omitted). In Defendant's view, Plaintiffs may not amend their First Amended Complaint to remedy a legal error because doing so is tantamount to a unilateral rescission of Defendant's right to a jury trial.[3] *See id.* at 5–6.

Even if the Court were to entertain Defendant's argument, Rules 38 and 39 do not dictate that Plaintiffs may not amend the First Amended Complaint, even if doing so would result in the lack of a jury-triable issue. Rule 38 provides that: "The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38. Further, Rule 39(a) provides: "When a jury trial has been demanded under Rule 38 . . . The trial on all so issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury or so stipulate on the record; or (2) the court, *on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial*." Fed. R. Civ. P. 39(a) (emphasis added). Put simply, this is not a case where Plaintiffs demanded a jury trial, Defendant relied on such a demand, and Plaintiffs then attempted to unilaterally rescind the demand in violation of Rule 39(a)(1). Rather, Plaintiffs seek only to remedy a legal error in their pleadings, the consequences of which will result in there being no jury-triable issue. This consequence falls squarely within the confines of Rule 39(a)(2), where the

---

[3] Defendant also argues that because Plaintiffs have consistently taken the position that they are seeking $100 in nominal damages, they are judicially estopped from changing positions because "[t]he City relied on Plaintiffs' repeated request for damages." Resp. at 6. This argument is entirely unconvincing. Defendant cannot seriously contend that they relied on repeated claims of *nominal damages* in the initial complaint (ECF No. 1) and the First Amended Complaint, particularly when such claims were erroneously pled, as a reason that this case would proceed to trial by jury. *See id.* Moreover, it is nonsensical for Defendant to argue that the proposed amendment seeking to alter a claim for $100 in nominal damages to $1 in nominal damages is an "inconsistent position" when Plaintiffs have clearly asserted throughout this Action that they seek nominal damages.

5

Court could find that there is no federal right to a jury trial. It is therefore entirely consistent with the Federal Rules of Civil Procedure that Plaintiffs could amend the First Amended Complaint, and upon doing so, that the Court could find that no jury-triable issue exists, even if one theoretically existed prior.

Because Plaintiffs have consistently asserted that they were seeking nominal damages, the Court finds pursuant to Rule 15(a)(2) that they should be permitted to amend the First Amended Complaint to alter the amount of nominal damages sought in accord with Eleventh Circuit case law. Permitting Plaintiffs to amend their pleading to adhere to the law of nominal damages, when they have consistently asserted a right to nominal damages (albeit incorrectly) comports with Rule 15's mandate to grant leave to amend when "justice so requires." Fed R. Civ. P. 15(a)(2).

### B. Defendant Does Not Suffer Unfair Delay and Prejudice

Defendant also argues that granting Plaintiffs leave to amend the First Amended Complaint would result in unfair prejudice and unduly delays the case given that discovery has closed and dispositive motions have been filed. Resp. at 7 (citing *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).[4] But tellingly, Defendant cannot identify any reason that amendment would delay trial or otherwise prejudice it except for the previously rejected argument about Plaintiff GRACE's standing to bring suit. *See id.* at 7–8. Because Defendant cannot identify any

---

[4] In support of this argument, Defendant proffers the following quotation from *Campbell*: "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." Resp. at 7 (quoting *Campbell*, 166 F.3d at 1162) (emphasis omitted). But that case is clearly distinguishable. In *Campbell*, the motion to amend the complaint was filed over a year after discovery closed, and the proposed amendments purported to provide notice to two individuals that a claim of breach of fiduciary duty was asserted against them. *Id.* at 1161–62. Moreover, the Court held that "amendment at the late date offered would have been futile, caused undue delay and expense, and resulted in unfair prejudice to the individual defendants." *Id.* at 1162. These circumstances are clearly distinguishable from this Action where the principal amendment relates to the dollar amount of nominal damages and no other prejudice or undue delay would result.

substantive change to the Proposed Second Amended Complaint which has not already been fully briefed and adjudicated, the Court cannot find that amendment would prejudice the Defendant. Nor has Defendant proffered any reason why the case could not proceed to trial as scheduled based on the proposed amendment. Plaintiffs may amend their First Amended Complaint.

### III. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 135) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this  29th  day of December, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record