## PROFESSIONAL SERVICES AGREEMENT
### By and Between
### The City of Miami, Florida
### And
### HOLLAND & KNIGHT LLP

This Professional Services Agreement ("Agreement") is entered into this ___ day of _____, 2021 by and between the City of Miami, a municipal corporation of the State of Florida, whose address is 444 S.W. 2nd Avenue, 10th Floor, Miami, Florida 33130 ("City"), and, Holland & Knight LLP, a Florida limited liability partnership, whose principal address is 701 Brickell Avenue, Suite 3300, Miami, Florida 33131 ("H&K"), engaging Mr. Miguel De Grandy ("Mr. De Grandy"), (jointly and separately hereinafter the "Consultant").

### RECITALS:

WHEREAS, the City Manager determined that it was not practicable or advantageous for the City to adhere to competitive sealed bidding methods for the provision of redistricting services ("Services") and, therefore, submitted written findings seeking a waiver of such requirements; and

WHEREAS, every ten (10) years, it is a generally accepted practice for local governments, in conjunction with the United States ("U.S.") Census Bureau, to examine the makeup of the City Commission districts to ensure the principle of "one person, one vote"; and

WHEREAS, preliminary reports of the 2020 Census have revealed that the population growth of the City has not been uniform across all five (5) of the City Commission districts; and

WHEREAS, the City is desirous of ensuring that all five (5) City Commission districts provide proper proportional representation and through this Agreement with H&K, engaging Mr. De Grandy, the City can obtain the analysis necessary of the demographic data related to its population and the required studies can be conducted to determine whether and how the City Commission districts should be amended; and



PLAINTIFFS' TRIAL EXHIBIT

P9

1:22-cv-24066-KMM

COM24066-027841

WHEREAS, redistricting is a highly specialized matter, with few local experts in the field, and Mr. De Grandy has the extensive past experience of having performed these redistricting services for the City, inclusive of the 2010 cycle; and

WHEREAS, the U.S. Census Bureau normally releases P.L. 94.171 files to the States by April 1st of the year following the Census; and

WHEREAS, the P.L. 94.171 block level data is necessary to evaluate the extent of malapportionment and to draft a constitutionally compliant Redistricting Plan; and

WHEREAS, the U.S. Census Bureau has announced that it may delay publication of P.L. 94.171 data to the States until September of 2021, but may still release data earlier on a rolling basis; and

WHEREAS, based on the delays in the U.S. census Bureau's release of the P.L. 94-171 file data, it is no longer feasible or possible to complete a new redistricting plan for the 2021 elections; and

WHEREAS, a new district plan can and will be developed prior to February 28, 2022 in order to provide sufficient notice to the residents and candidates of the new district configurations prior to the 2023 election; and,

WHEREAS, Mr. De Grandy has offered to perform these Services for the City at the same flat fee of the One Hundred Thousand Dollars ($100,000.00) that was paid in the 2010 cycle; and

WHEREAS, H&K is an international law firm with active matters in the City; and

WHEREAS, the engagement of H&K, and Mr. De Grandy, for the Services is contingent upon City Commission approval of their waiver of conflicts as set forth in Exhibit "D"; and

WHEREAS, pursuant to Section 18-85 of the Code of the City of Miami, Florida, as amended ("City Code"), the City Manager has waived competitive sealed bidding methods as not being practicable or advantageous to the City, via written findings with reasons supporting his conclusion therein for the provision of the Services; and

COM24066-027842

WHEREAS, said conclusion must be ratified, confirmed, and approved by the City Commission by a four-fifths (4/5ths) affirmative vote during an advertised public hearing; and

WHEREAS, the City wishes to engage the Services of the Consultant, and Consultant wishes to perform Services for the City; and

WHEREAS, the City and the Consultant desire to enter into this Agreement under the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, Consultant and the City agree as follows:

**TERMS:**

**1.      RECITALS AND INCORPORATIONS; DEFINITIONS:**

The recitals are true and correct and are hereby incorporated into and made a part of this Agreement.  The City's legislation authorizing the Services, its exhibits, and attached supporting documentation are hereby incorporated into and made a part of this Agreement and attached hereto as Exhibit "A". The Services and Scope of Work/Specifications are hereby incorporated into and made a part of this Agreement and attached as Exhibit "B". The Consultant's Insurance Certificate is hereby incorporated into and made a part of this Agreement as attached Exhibit "C".

**2.      TERM:**

The Agreement shall become effective on the date on the first page and shall conclude upon complete provision of the Services.  The City, acting by and through its City Manager, shall have the option to extend or terminate the Agreement for convenience, that is, for any or no cause.

**3.      SCOPE OF SERVICES:**

COM24066-027843

**A.**     Consultant agrees to provide the Services as specifically described, and set forth in Exhibits "A" and "B" hereto, which by this reference is incorporated into and made a part of this Agreement.

**B.**     Consultant represents to the City that: (i) Consultant possesses all qualifications, licenses, certificates, authorizations, and expertise required for the performance of the Services, including but not limited to full qualification to do business in Florida, and membership in good standing in the Florida Bar  (ii) Consultant is not delinquent in the payment of any sums due the City, including payment of permits, fees, occupational licenses, etc., nor in the performance of any obligations or payment of any monies to the City;  (iii) all personnel assigned to perform the Services are and shall be, at all times during the term hereof, fully qualified and trained to perform the tasks assigned to each and possess the licenses, registrations, and certifications required by law to perform such tasks; (iv) the Services will be performed in the manner described in Exhibits "A" and "B"; and (v) each person executing this Agreement on behalf of Consultant has been duly authorized to so execute the same and fully bind Consultant as a party to this Agreement.

**C.**     Consultant shall always provide fully qualified, competent, and physically capable employees to perform the Services under this Agreement. Consultant shall possess and maintain any required licenses, permits and certifications to perform the Services under this Agreement.

**4.**     **COMPENSATION:**

**A.**     Consultant, as its sole compensation for the Services provided, shall receive compensation, as negotiated and agreed to, in the amount not to exceed the flat fee of One Hundred Thousand Dollars ($100,000.00). The fees are inclusive of costs incurred. Fees shall be paid be made based on the following events: 25% upon approval by the City Commission and execution of this Professional Services Agreement, 25% upon completion of meetings with commissioners and Voting Rights Act analysis, 25% upon completion of community public hearings and release of the P.L. 94-171 data, and the final 25% upon adoption of the Plan.

COM24066-027844

5.   **OWNERSHIP OF DOCUMENTS:**

Consultant understands and agrees that any information, document, report, data or other digital record, or any other material whatsoever which is given by the City to Consultant, its employees, or any subconsultant, or which is otherwise obtained or prepared by Consultant solely and exclusively for the City pursuant to or under the terms of this Agreement, is and shall always remain the property of the City.  Consultant agrees not to use any such information, document, report, data, or material for any other purpose whatsoever without the written consent of the City Manager, which may be withheld or conditioned by the City Manager in his/her sole discretion. Consultant is permitted to make and to maintain duplicate copies of the files, records, documents, etc. if Consultant determines copies of such records are necessary after the termination of this Agreement; however, in no way shall the confidentiality as permitted by applicable laws be breached. The City shall maintain and retain ownership of any and all documents which result upon the completion of the work and Services under this Agreement as per the terms of this Section 5.

6.   **AUDIT AND INSPECTION RIGHTS AND RECORDS RETENTION:**

**A.**   Consultant agrees to provide access to the City or to any of its duly authorized representatives, to any books, documents, papers, and records of Consultant which are directly pertinent to this Agreement, for the purpose of audit, examination, excerpts, and transcripts. The City may, at reasonable times, and for a period of up to three (3) years following the date of final payment by the City to Consultant under this Agreement, audit and inspect, or cause to be audited and inspected, those books, documents, papers, and records of Consultant which are related to Consultant's performance under this Agreement.  Consultant agrees to maintain all such books, documents, papers, and records at its principal place of business in Miami-Dade County, or its local office in Miami-Dade County or to otherwise make them available in Miami-Dade County for

COM24066-027845

a period of three (3) years after final payment is made under this Agreement and all other pending matters are closed. Consultant's failure to adhere to, or refusal to comply with, this condition shall result in the immediate cancellation of this Agreement by the City.

**B.**      The City may, at reasonable times during the term hereof, inspect the Consultant's facilities and perform such tests, as the City deems reasonably necessary, to determine whether the goods or services required to be provided by Consultant under this Agreement conform to the terms hereof. Consultant shall make available to the City all reasonable facilities and assistance to facilitate the performance of tests or inspections by City representatives. All audits, tests and inspections shall be subject to, and made in accordance with, the provisions of Sections 18-100, 18-101, and 18-102 of the Code of the City of Miami, Florida ("City Code"), which Sections apply to this Agreement, as same may be amended or supplemented, from time to time.

**7.      AWARD OF AGREEMENT:**

Consultant represents and warrants to the City that it has not employed or retained any person or company employed by the City to solicit or secure this Agreement and that it has not offered to pay, paid, or agreed to pay any person any fee, commission, percentage, brokerage fee, or gift of any kind contingent upon or in connection with, the award of this Agreement.

**8.      PUBLIC RECORDS:**

**A.**      Consultant understands that the public shall have access, at all reasonable times, to all documents and information pertaining to City Agreements, subject to the provisions of Chapter 119, Florida Statutes, and agrees to allow access by the City and the public to all documents subject to disclosure under applicable laws.  Consultant's failure or refusal to comply with the provisions of this section shall result in the immediate cancellation of this Agreement by the City.

COM24066-027846

**B.**     Consultant shall additionally comply with Section 119.0701, Florida Statutes, including without limitation: (1) keep and maintain public records that ordinarily and necessarily would be required by the City to perform this service; (2) upon request from the City's custodian of public records, provide the City with a copy of the requested records or allow the records to be inspected or copied within a reasonable time at a cost that does not exceed the cost provided in Chapter 119, Florida Statutes, or as otherwise provided by law; (3) ensure that public records that are exempt or confidential and exempt from public records disclosure requirements are not disclosed except as authorized by law for the duration of the contract term and following completion of the Agreement if the Consultant does not transfer the records to the City; (4) upon completion of the Agreement, transfer, at no cost, to the City all public records in possession of the Consultant or keep and maintain public records required by the City to perform the service, if the Consultant transfers all public records to the City upon completion of the Agreement, the Consultant shall destroy any duplicate public records that are exempt or confidential and exempt from public records disclosure requirements, if the Consultant keeps and maintains public records upon completion of the Agreement, the Consultant shall meet all applicable requirements for retaining public records, all records stored electronically must be provided to the City, upon request from the City's custodian of public records, in a format that is compatible with the information technology systems of the City.  Notwithstanding the foregoing, Consultant shall be permitted to retain any public records that make up part of its work product solely as required for archival purposes, as required by law, or to evidence compliance with the terms of the Agreement.

**C.**     Should Consultant determine to dispute any public access provision required by Florida Statutes, then Consultant shall do so at its own expense and at no cost to the City. **IF THE CONSULTANT HAS QUESTIONS REGARDING THE APPLICATION OF CHAPTER 119, FLORIDA STATUTES, TO THE CONSULTANT'S DUTY TO PROVIDE PUBLIC RECORDS RELATING TO THE CONTRACT, CONTACT THE DIVISION OF PUBLIC RECORDS AT (305) 416-1800, VIA EMAIL AT PUBLICRECORDS@MIAMIGOV.COM, OR REGULAR MAIL AT**

COM24066-027847

CITY OF MIAMI OFFICE OF THE CITY ATTORNEY, 444 SW 2ND AVENUE, 9TH FLOOR, MIAMI, FL 33130. THE CONSULTANT MAY ALSO CONTACT THE RECORDS CUSTODIAN AT THE CITY OF MIAMI DEPARTMENT WHO IS ADMINISTERING THIS CONTRACT.

9.    **COMPLIANCE WITH FEDERAL, STATE, AND LOCAL LAWS:**

Consultant understands that agreements with local governments are subject to certain laws and regulations, including laws pertaining to public records, conflict of interest, record keeping, etc.  City and Consultant agree to comply with and observe all such applicable federal, state and local laws, rules, regulations, codes, and ordinances, as they may be amended from time to time.

Consultant further agrees to include in all of Consultant's agreements with subconsultants for any Services related to this Agreement this provision requiring subconsultants to comply with and observe all applicable federal, state, and local laws rules, regulations, codes, and ordinances, as they may be amended from time to time. Local laws in accordance with this Section shall mean the applicable laws of the City of Miami, and Miami-Dade County.

10.    **INDEMNIFICATION:**

Consultant shall indemnify, hold and save harmless, and defend (at its own cost and expense), the City, its officers, agents, directors, and/or employees, from all liabilities, damages, losses, judgements, and costs, including, but not limited to, reasonable attorney's fees, to the extent caused by the negligence, recklessness, negligent act or omission, or intentional wrongful misconduct of Consultant and persons employed or utilized by Consultant in the performance of this Agreement. Consultant shall further indemnify, defend (at its own cost), and hold the City, its officers, agents, directors, and employees harmless against any civil actions, statutory or similar claims, injuries or damages arising or resulting from the Services, even if it is alleged that the City, its officers, agents, directors, and employees were negligent.  In the event that any action or

COM24066-027848

proceeding is brought against the City by reason of any such claim or demand, Consultant(s) shall, upon written notice from the City, resist and defend (at its own cost) such action or proceeding by counsel satisfactory to the City. Consultant(s) expressly understands and agrees that any insurance protection required by this Contract or otherwise provided by Consultant(s) shall in no way limit the responsibility to indemnify, defend and save the City, its officers, agents, directors, and employees harmless as herein provided.

In the event that any action or proceeding is brought against the City by reason of any such claim or demand, the Consultant shall, upon written notice from the City, resist and defend such action or proceeding by counsel satisfactory to the City. The Consultant expressly understands and agrees that any insurance protection required by this Agreement or otherwise provided by the Consultant shall in no way limit the responsibility to indemnify, keep and save harmless and defend the City or its officers, employees, agents and instrumentalities as herein provided.

The indemnification provided above shall obligate the Consultant to defend, at its own expense, to and through trial, administrative, appellate, supplemental or bankruptcy proceeding, or to provide for such defense, at the City's option, any and all claims of liability and all suits and actions of every name and description which may be brought against the City, whether performed by the Consultant, or persons employed or utilized by Consultant.

These duties will survive the cancellation or expiration of the Agreement. This Section will be interpreted under the laws of the State of Florida, including without limitation and interpretation, which conforms to the limitations of Sections 725.06 and/or 725.08, Florida Statutes, as applicable and as amended.

Consultant shall require all sub-consultant agreements to include a provision that each sub-consultant shall indemnify the City in substantially the same language as this Section. The Consultant agrees and recognizes that the City shall not be held liable or responsible for any claims which may result from any actions or omissions of the Consultant in which the City

COM24066-027849

participated either through review or concurrence of the Consultant's actions. In reviewing, approving or rejecting any submissions by the Consultant or other acts of the Consultant, the City, in no way, assumes or shares any responsibility or liability of the Consultant or sub-consultant under this Agreement.

Notwithstanding anything to the contrary in this Agreement, Consultant shall not have a duty to indemnify the City or otherwise defend the City at Consultant's own cost for any lawsuit filed by a third party challenging the Redistricting Plan adopted by the City.

Ten Dollars ($10.00) of the payments made by the City constitute separate, distinct, and independent consideration for the granting of this Indemnification, the receipt and sufficiency of which is voluntarily and knowingly acknowledged by the Consultant.

### 11.  <u>DEFAULT:</u>

If Consultant fails to comply with any term or condition of this Agreement or fails to perform in any material way any of its obligations hereunder and fails to cure such failure after reasonable notice from the City, then Consultant shall be in default.  Consultant understands and agrees that termination of this Agreement under this section shall not release Consultant from any obligation(s) accruing prior to the effective date of termination. Should Consultant be unable or unwilling to commence to perform the Services within the time provided or contemplated herein, then, in addition to the foregoing, Consultant shall be liable to the City for all expenses incurred by the City in preparation and negotiation of this Agreement, as well as all costs and expenses incurred by the City in the re-procurement of the Services, including consequential and incidental damages. Upon the occurrence of a default hereunder the City, in addition to all remedies available to it by law, may immediately, upon written notice to Consultant, terminate this Agreement whereupon all payments, advances, or other compensation paid by the City to Consultant while Consultant was in default shall be immediately returned to the City.

COM24066-027850

If the City fails to comply with any term or condition of this Agreement, or fails to perform in any material way any of its obligations hereunder, and fails to cure such failure after reasonable notice from Consultant, the City shall be in default, which shall be treated as a termination pursuant to Section 13.

**12.**     **RESOLUTION OF AGREEMENT DISPUTES:**

Consultant understands and agrees that all disputes between Consultant and the City based upon an alleged violation of the terms of this Agreement by the City shall be submitted to the City Manager for his/her resolution, prior to Consultant being entitled to seek judicial relief in connection therewith.  In the event that the amount of compensation hereunder exceeds Twenty Five Thousand Dollars ($25,000.00), the City Manager's decision shall be approved or disapproved, as applicable, by the City Commission, whose decision shall be final.  Consultant shall not be entitled to seek judicial relief, recourse, remedy or to file a civil action unless:  (i) it has first received City Manager's written decision, approved or disapproved, as applicable, by the City Commission if the amount of compensation hereunder exceeds Twenty Five Thousand Dollars ($25,000.00), or (ii) a period of sixty (60) days has expired, after submitting to the City Manager a detailed statement of the dispute, accompanied by all supporting documentation, one hundred twenty (120) days if City Manager's decision is subject to City Commission approval); or (iii) City has waived compliance with the procedure set forth in this section by a written instrument clearly waiving compliance, signed by the City Manager. In no event may the amount of compensation under this Section exceed the total compensation set forth in Section 4 (A) of this Agreement. The adherence to this Section is the condition precedent to the institution of any civil action by the Consultant against the City.

**13.**     **TERMINATION; OBLIGATIONS UPON TERMINATION:**

COM24066-027851

**A.**     The City, acting by and through its City Manager, shall have the right to terminate this Agreement, in its sole discretion, and without penalty, at any time, by giving written notice to Consultant at least thirty (30) calendar days prior to the effective date of such termination.  In such event, the City shall pay to Consultant compensation for Services rendered and approved expenses incurred prior to the effective date of termination.  In no event shall the City be liable to Consultant for any additional compensation and expenses incurred, other than that provided herein, and in no event shall the City be liable for any consequential or incidental damages. The Consultant shall have no recourse or remedy against the City for a termination under this subsection except for payment of fees due prior to the effective date of termination.

**B.**     The City, by and acting through its City Manager, shall have the right to terminate this Agreement, in its sole discretion, and without penalty, upon the occurrence of an event of a material breach hereunder, and failure to cure the same within thirty (30) days after written notice of default. In such event, the City shall not be obligated to pay any amounts to Consultant for Services rendered by Consultant after the date of termination, but the parties shall remain responsible for any payments that have become due and owing as of the effective date of termination. In no event shall the City be liable to Consultant for any additional compensation and expenses incurred, other than that provided herein, and in no event shall the City be liable for any direct, indirect, special, consequential, or incidental damages.

**C.**     Consultant, shall have the right to terminate this Agreement, in its sole discretion, and without penalty, upon the occurrence of an event of a material breach hereunder, and failure to cure the same within thirty (30) days after written notice of default. In such event, the City shall not be obligated to pay any amounts to Consultant for Services rendered by Consultant after the date of termination, but the parties shall remain responsible for any payments that have become due and owing as of the effective date of termination. In no event shall the City be liable to Consultant for any additional compensation and expenses incurred, other than that provided

COM24066-027852

herein, and in no event shall the City be liable for any direct, indirect, special, consequential, or incidental damages.

14.   **NONDISCRIMINATION:**

Consultant represents to the City that Consultant does not and will not engage in discriminatory practices and that there shall be no discrimination in connection with Consultant's performance under this Agreement on account of race, color, sex, religion, age, handicap, marital status, or national origin.  Consultant further covenants that no otherwise qualified individual shall, solely due to his/her race, color, sex, religion, age, handicap, marital status, or national origin, be excluded from participation in, be denied services, or be subject to discrimination under any provision of this Agreement.

15.   **ASSIGNMENT:**

The Consultant's services are considered specialized and unique. This Agreement shall not be assigned, sold, transferred, pledged, or otherwise conveyed by Consultant, in whole or in part, and Consultant shall not assign or otherwise subcontract any part of its operations performing these services under this Agreement, without the prior written consent of the City Manager, which may be withheld or conditioned, in the City Manager's sole discretion.

17.   **NOTICES:**

All notices or other communications required under this Agreement shall be in writing and shall be given by hand-delivery or by registered or certified U.S. Mail, return receipt requested, addressed to the other party at the address indicated herein or to such other address as a party may designate by notice given as herein provided.  Notice shall be deemed given on the day on which personally delivered; or, if by mail, on the fifth day after being posted or the date of actual receipt, whichever is earlier.

COM24066-027853

**TO CONSULTANT:**

Miguel De Grandy
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

Michael Chapman
General Counsel
Holland &Knight LLP.
100 N. Tampa Street
Tampa FL  33602

**TO THE CITY OF MIAMI:**

Arthur Noriega V, City Manager
City of Miami
444 S.W. 2nd Avenue, 10th Floor
Miami, Florida 33130

Victoria Mendez, City Attorney
City of Miami
444 S.W. 2nd Avenue, 9th Floor
Miami, Florida 33130

Annie Perez, CPPO
City of Miami
444 S.W. 2nd Avenue, 6th Floor
Miami, Florida 33130

18.  **MISCELLANEOUS PROVISIONS:**

A.  This Agreement shall be construed and enforced according to the laws of the State of Florida. Venue in any proceedings between the parties shall be in Miami-Dade County, Florida. **Each party shall bear its own attorney's fees.** Each party waives any defense, whether asserted by motion or pleading, that the aforementioned courts are an improper or inconvenient venue. Moreover, the parties consent to the personal jurisdiction of the aforementioned courts and irrevocably waive any objections to said jurisdiction. The parties irrevocably, knowingly and voluntarily waive any rights to a jury trial in any action or proceeding between them arising out of this Agreement.

B.  No waiver or breach of any provision of this Agreement shall constitute a waiver of any subsequent breach of the same or any other provision hereof, and no waiver shall be effective unless made in writing.

COM24066-027854

C.      Should any provision, paragraph, sentence, word or phrase contained in this Agreement be determined by a court of competent jurisdiction to be invalid, illegal or otherwise unenforceable under the laws of the State of Florida or the City of Miami, such provision, paragraph, sentence, word or phrase shall be deemed modified to the extent necessary in order to conform with such laws, or if not modifiable, then the same shall be deemed severable, and in either event, the remaining terms and provisions of this Agreement shall remain unmodified and in full force and effect or limitation of its use.

D.      Consultant shall comply with all applicable laws, rules, and regulations in the performance of this Agreement, including but not limited to licensure and certifications required by law for professional service Consultants.

E.      No modification or amendment hereto shall be valid unless in writing and executed by properly authorized representatives of the parties hereto.  Except as otherwise set forth in Section 2 above, the City Manager shall have the sole authority to extend, amend, or modify this Agreement on behalf of the City.

### 19.   SUCCESSORS AND ASSIGNS:

This Agreement shall be binding upon the parties hereto, their heirs, executors, legal representatives, successors, or assigns, if any.

### 20.   INDEPENDENT CONSULTANTS:

Consultant has been procured and is being engaged to provide Services to the City as an independent Consultant, and not as an agent or employee of the City. Accordingly, neither Consultant, nor its employees, nor any sub-Consultant hired by Consultant to provide any Services under this Agreement shall attain, nor be entitled to, any rights, emoluments, or benefits under the Civil Service or Pension Ordinances of the City, nor any rights afforded classified or unclassified employees of the City. Consultant further understands that Florida Workers'

COM24066-027855

Compensation benefits available to employees of the City are not available to Consultant, its employees, or any sub-Consultant hired by Consultant to provide any Services hereunder, and Consultant agrees to provide or to require sub-Consultant(s) to provide, as applicable, workers' compensation insurance for any employee or agent of Consultant rendering Services to the City under this Agreement. Consultant further understands and agrees that Consultant's or sub-Consultants' use or entry upon City properties shall not in any way change its or their status as an independent Consultant.

21.  **CONTINGENCY CLAUSE:**

Funding for this Agreement is contingent on the availability of funds and continued authorization for program activities and the Agreement is subject to amendment or termination due to lack of funds, reduction of funds, failure to allocate or appropriate funds, and/or change in program directions, applicable laws or regulations, upon thirty (30) days written notice.

22.  **FORCE MAJEURE:**

A "Force Majeure Event" shall mean an act of God, act of governmental body or military authority, including delays by the U.S. Census Bureau in publishing the P.L. 94.171 data for Florida, fire, explosion, power failure, flood, storm, hurricane, sink hole, other natural disasters, epidemic, riot or civil disturbance, war or terrorism, sabotage, insurrection, blockade, or embargo not within the control of the Consultant.  In the event that either party is delayed in the performance of any act or obligation pursuant to or required by the Agreement because of a Force Majeure Event as herein defined, including delays in publishing the P.L. 94.171 data needed to properly analyze the extent of malapportionment and draft a constitutionally compliant Redistricting Plan, the time for required completion of such act or obligation shall be extended by the number of days equal to the total number of days, if any, that such Force Majeure Event actually delay such party. The party seeking delay in performance shall give

COM24066-027856

notice to the other party in writing, within two (2) days of the Force Majeure Event, specifying the anticipated duration of the delay, and if such delay shall extend beyond the duration specified in such notice, additional notice shall be repeated no less than monthly so long as such delay due to a Force Majeure Event continues. Any party seeking delay in performance due to a Force Majeure Event shall use its best efforts to rectify any condition causing such delay and shall cooperate with the other party to overcome any delay that has resulted.

23.   **CITY NOT LIABLE FOR DELAYS:**

Consultant hereby understands and agrees that in no event shall the City be liable for, or responsible to Consultant or any sub-Consultant, or to any other person, firm, or entity for or on account of, any stoppages or delay(s) in work herein provided for, or any damages whatsoever related thereto, because of any injunction or other legal or equitable proceedings or on account of any delay(s) for any cause over which the City has no control. The sole remedy which may be granted to the Consultant, in the reasonable discretion of the City Manager, following a prompt and detailed request to be officially transmitted by the Consultant is an extension of time. No other recourse or remedy will be available to the Consultant against the City.

24.   **USE OF NAME:**

Consultant understands and agrees that the City is not engaged in research for advertising, sales promotion, or other publicity purposes. Consultant is allowed, within the limited scope of normal and customary marketing and promotion of its work, to use the general results of this project and the name of the City. The Consultant agrees to protect any confidential information provided by the City and will not release information of a specific nature without prior written consent of the City Manager or the City Commission.

COM24066-027857

**25.**   **NO CONFLICT OF INTEREST:**

Pursuant to City of Miami Code Section 2-611, as amended ("City Code"), regarding conflicts of interest, Consultant hereby certifies to the City that Miguel De Grandy , and no sub-Consultant under this Agreement nor any immediate family member of any of the same is also a member of any board, commission, or agency of the City. Consultant hereby represents and warrants to the City that throughout the term of this Agreement, Miguel De Grandy and its sub-Consultants will abide by this prohibition of the City Code.

**26.**   **NO THIRD-PARTY BENEFICIARY:**

No persons other than the Consultant and the City (and their successors and assigns) shall have any rights as an express or implied third-party beneficiary whatsoever under this Agreement.

**27.**   **SURVIVAL:**

All obligations (including but not limited to indemnity and obligations to defend, save and hold harmless) and rights of any party arising during or attributable to the period prior to expiration or earlier termination of this Agreement shall survive such expiration or earlier termination.

**28.**   **TRUTH-IN-NEGOTIATION CERTIFICATION, REPRESENTATION AND WARRANTY:**

Consultant hereby certifies, represents and warrants to the City that on the date of Consultant's execution of this Agreement, and so long as this Agreement shall remain in full force and effect, the wage rates and other factual unit costs supporting the compensation to Consultant under this Agreement are and will continue to be accurate, complete, and current. Consultant understands, agrees, and acknowledges that the City shall adjust the amount of the compensation and any additions thereto to exclude any significant sums by which the City determines the contract price of compensation hereunder was increased due to inaccurate, incomplete, or non-

COM24066-027858

current wage rates and other factual unit costs. All such contract adjustments shall be made within one (1) year of the end of this Agreement, whether naturally expiring or earlier terminated pursuant to the provisions hereof.

29.   **COUNTERPARTS; ELECTRONIC SIGNATURES:**

This Agreement and any amendments hereto may be executed in counterparts and all such counterparts taken together shall be deemed to constitute one and the same instrument, each of which shall be an original as against either party whose signature appears thereon, but all of which taken together shall constitute but one and the same instrument.  An executed facsimile or electronic scanned copy of this Agreement shall have the same force and effect as an original.  The parties shall be entitled to sign and transmit an electronic signature on this Agreement (whether by facsimile, PDF or other email transmission), which signature shall be binding on the party whose name is contained therein. Any party providing an electronic signature agrees to promptly execute and deliver to the other parties an original signed Agreement upon request.

30.   **ENTIRE AGREEMENT:**

This instrument and its attachments constitute the sole and final agreement of the parties relating to the subject matter hereof and correctly set forth the rights, duties, and obligations of each to the other as of its date.  Any prior agreements, promises, negotiations, or representations not expressly set forth in this Agreement are of no force or effect.

COM24066-027859

**IN WITNESS WHEREOF**, the parties have executed this Agreement, or have caused the same to be executed, as of the date and year first above written.

**"H&K" or "Consultant"**

**HOLLAND & KNIGHT LLP**,
a Florida limited liability partnership

**ATTEST:**

By:_____

Name:  Richard A. Perez_____
Title:    Partner

By: _____

Print Name:    Miguel De Grandy\_\_
Title:              Partner

**"CITY"**

**CITY OF MIAMI**,
a Florida municipal corporation

**ATTEST:**

By: _____
        Todd B. Hannon
        City Clerk

By: _____
        Arthur Noriega V
        City Manager

APPROVED AS TO LEGAL FORM AND
CORRECTNESS:

APPROVED AS TO INSURANCE
 REQUIREMENTS:

By: _____
        Victoria Méndez

By: _____
        Anne Marie Sharpe, Director

COM24066-027860

City Attorney                                        Risk Management

COM24066-027861

**EXHIBIT "A"**

**City's Legislation, Its Exhibits, & Supporting Documentation**

COM24066-027862

**EXHIBIT "B"**

**Scope of Work/Specifications**

1. Consultant shall meet with all City Commissioners individually to obtain input from them as to the demographics of their constituency and other relevant issues related to redistricting and to provide preliminary advice as to issues relative to the federal Voting Rights Act, 14th Amendment principles applicable to municipal redistricting, and traditional redistricting principles.

2. Consultant shall participate in a publicly noticed hearing to obtain guidance from the City Commission as to redistricting principles or guidelines it wishes to employ in developing the plan. These include, but are not limited to, the use of natural and man-made boundaries, maintaining the core of existing districts wherever possible, grouping like communities in terms of socio-economic factors, as well as living patterns (urban high-rise dwellers vs. suburban single-family residents, etc.) The Commission will also instruct as to the hierarchy of importance of those principles to be used in crafting the map.

3. In order to verify applicability and compliance with the federal Voting Rights Act, Consultant shall perform an analysis of the last ten years of elections to determine whether the factors identified in *Thornburg v Gingles* are evident. Upon verifying the continued existence of these factors, Consultant will perform an analysis of the "totality of the circumstances" addressing a myriad of factors including, history of discriminatory practices, discrimination or disproportionate impact in socio-economic areas such as education, employment, healthcare, subtle or overt racial appeals in campaigns, etc.

4. Prior to drafting a Redistricting Plan, Consultant shall participate in a public hearing in each district (in person or via Zoom meeting) to obtain input from the different communities that may be incorporated into the final Redistricting plan.

5. Consultant shall draft and present a proposed Redistricting Plan together with a report addressing the above referenced issues to the City Commission for its consideration and adoption in a public hearing. In the event that modifications are requested, Consultant shall make such modifications and present a revised Redistricting Plan, provided the requested modifications are constitutionally sound and compliant with the federal Voting Rights Act.

6. Consultant shall provide the draft redistricting Plan to the City Commission prior to February 28, 2022 provided the P.L. 94.171 data is available in September of 2021 or prior thereto.

7. Consultant may request modifications to the above referenced timeline for good cause, which for example may result from further delays in release of the P.L. 94-171 data files, delays in obtaining meetings with commissioners, delays resulting from setting the required public meetings or hearings, or other issues beyond Consultant's control.

COM24066-027863

**EXHIBIT "C"**

**Insurance Certificate**

**Insurance Requirements**

**I.      Commercial General Liability**

    A.      Limits of Liability
        Bodily Injury and Property Damage Liability

| | |
|---|---|
| Each Occurrence | $1,000,000 |
| General Aggregate Limit | $ 2,000,000 |
| Personal and Adv. Injury | $ 1,000,000 |
| Products/Completed Operations | $ 1,000,000 |

    B.      Endorsements Required

        City of Miami listed as additional insured
        Contingent & Contractual Liability
        Premises and Operations Liability
        Primary Insurance Clause Endorsement

**II.     Business Automobile Liability**

    A.      Limits of Liability
        Bodily Injury and Property Damage Liability
        Combined Single Limit
        Owned/Scheduled Autos
        Including Hired, Borrowed or Non-Owned Autos
        Any One Accident        $ 1,000,000

    B.      Endorsements Required

        City of Miami listed as an additional insured

**III.    Worker's Compensation**
    Limits of Liability
    Statutory-State of Florida
    Waiver of Subrogation

    Employer's Liability

    A. Limits of Liability
      $100,000 for bodily injury caused by an accident, each accident
      $100,000 for bodily injury caused by disease, each employee
      $500,000 for bodily injury caused by disease, policy limit

**IV.    Professional Liability/Errors and Omissions Coverage**

    Combined Single Limit

COM24066-027864

| | |
|---|---|
| Each Claim | $1,000,000 |
| General Aggregate Limit | $1,000,000 |
| Retro Date Included | |

V. **Network Security and Privacy Injury (Cyber Liability) If Applicable**

| | |
|---|---|
| Each Claim | $1,000,000 |
| Policy Aggregate | $1,000,000 |
| Retro Date Included | |

Consultant agrees to maintain professional liability/Errors & Omissions coverage, along with Network Security and Privacy Injury (Cyber) coverage, if applicable, for a minimum of 1 year after termination of the contract period subject to continued availability of commercially reasonable terms and conditions of such coverage.

**The above policies shall provide the City of Miami with written notice of cancellation or material change from the insurer in accordance to policy provisions.**

 Companies authorized to do business in the State of Florida, with the following qualifications, shall issue all insurance policies required above:

The company must be rated no less than "A-" as to management, and no less than "Class V" as to Financial Strength, by the latest edition of Best's Insurance Guide, published by A.M. Best Company, Oldwick, New Jersey, or its equivalent. All policies and /or certificates of insurance are subject to review and verification by Risk Management prior to insurance approval.

COM24066-027865

**EXHIBIT "D"**

**Conflict Waiver**

The City of Miami (the "City") hereby waives any conflict that may arise with respect to Holland & Knight LLP ("H&K") (1) serving as redistricting counsel/consultant to the City on the one hand and, on the other, (2) representing other clients (architects, City taxpayers, City residents, property owners, lenders, contractors, subcontractors, developers, sport franchises, media companies and the like) in unrelated matters in connection with negotiations and disputes (including but not limited to settlement discussions, litigation, mediation, arbitration, legislation, lobbying, land use, permitting, quasi-judicial, code enforcement, subdivision, procurement, community redevelopment ("CRA"), public records requests and administrative proceedings) arising with respect to the City and/or development projects and  public solicitations undertaken by the City provided that:

(a)      There is no substantial relationship between any matter in which H&K is representing or has represented the City and any matter for other clients

(b)      H&K reasonably believes that it would be able to provide competent and diligent representation to each affected client; and

(c)      H&K first obtains a reciprocal waiver from the other client with respect to any matter.

In addition, the City agrees to waive said conflicts of interest for both present and future conflicts during the term of the representation on redistricting without requiring H&K to provide notice or seek a further waiver of the conflict.

In the event the above conditions cannot be satisfied or the City objects to the adverse representation, H&K may immediately withdraw from its representation of the City on the redistricting matter and the City agrees that it will not assert H&K's former representation of the City, or H&K's withdrawal from the representation, as a conflict of interest or as the basis for a motion to disqualify H&K. In the event of H&K's withdrawal in such a situation, the firm would assist the City in a smooth transition of the matter to new counsel.

COM24066-027866