

# City of Miami

## Resolution R-22-0131

### Legislation

City Hall
3500 Pan American Drive
Miami, FL 33133
www.miamigov.com

---

**File Number: 11751**      **Final Action Date: 3/24/2022**

    A RESOLUTION OF THE MIAMI CITY COMMISSION, WITH ATTACHMENT(S), PROVIDING THE NEW JURISDICTIONAL BOUNDARIES OF THE CITY COMMISSION DISTRICTS FOLLOWING THE RESULTS OF THE 2020 UNITED STATES CENSUS; OFFICIALLY DELINEATING THE BOUNDARIES OF EACH DISTRICT AS SET FORTH IN "EXHIBIT 1," ATTACHED AND INCORPORATED; MAKING FINDINGS; AND PROVIDING AN EFFECTIVE DATE.

    WHEREAS, the voters of the City of Miami ("City") adopted a Charter Amendment on September 4, 1997, providing for a non-voting Executive Mayor elected City-wide, and five (5) City Commissioners elected from districts; and

    WHEREAS, the City Commission adopted Resolution No. 97-495 providing for the jurisdictional boundaries of the City Commission Districts; and

    WHEREAS, on May 8, 2003, the City reapportioned district boundaries in Resolution No. 03-0448 following the results of the 2000 Census; and

    WHEREAS, on May 23, 2013, the City reapportioned district boundaries in Resolution No. R-13-0208 following the results of the 2010 Census; and

    WHEREAS, on or about September 30, 2021, the United States Census bureau released the results of the 2020 decennial Census; and

    WHEREAS, the City Commission retained the services of a professional redistricting consultant to provide redistricting advice to the City; and

    WHEREAS, the results of the 2020 Census show that in 2020, the population of the City had grown to 442,241, an increase of 42,752 or 10.7 percent and that the growth has not been uniform across all five of the City's Commission districts; and

    WHEREAS, the 14th Amendment to the U.S. Constitution as interpreted by federal case law requires "substantial equality" of population among single member districts and a review of the Census data shows that the current plan is malapportioned and cannot be used for subsequent elections; and

    WHEREAS, Section 2, 52 U.S.C. § 10301 of the Voting Rights Act of 1965 (the "Voting Rights Act"), is a permanent nationwide prohibition on voting practices that discriminate on the basis of race, color, or membership in a language minority group (as defined in Sections 4(f)(2) and 14(c)(3) of the Act, 52 U.S.C. §§ 10303(f)(2),

---



# AGENDA ITEM SUMMARY FORM
## File ID: #11751

**Date:** 03/25/2022  **Requesting Department:** City Commission
**Commission Meeting Date:** 03/24/2022  **Sponsored By:**
**District Impacted:** All

**Type:** Resolution
**Subject:** Redistricting - Adoption of New City Commission District Boundaries

## Purpose of Item:

<Insert Purpose of Item Here>

## Background of Item:

<Insert Background Here>

## Budget Impact Analysis

Item has NO budget impact

**Total Fiscal Impact:**

## Reviewed By

| | | | | |
|---|---|---|---|---|
| Legislative Division | Maricarmen Lopez | Legislative Division Review | Skipped | 03/25/2022 4:49 PM |
| City Commission | Maricarmen Lopez | Meeting | Completed | 03/24/2022 2:30 PM |
| Legislative Division | Valentin J Alvarez | Legislative Division Review | Completed | 03/30/2022 4:06 PM |
| Office of the City Attorney | George K. Wysong III | ACA Review | Completed | 03/30/2022 6:01 PM |
| Office of Management and Budget | Marie Gouin | Budget Review | Completed | 03/31/2022 9:18 AM |
| Office of the Mayor | Mayor's Office | Unsigned by the Mayor | Completed | 04/03/2022 2:36 PM |
| Office of the City Clerk | City Clerk's Office | Signed and Attested by the City Clerk | Completed | 04/03/2022 2:39 PM |
| Office of the City Attorney | Victoria Méndez | Deputy Attorney Review | Skipped | 04/07/2022 7:01 AM |
| Office of the City Attorney | George K. Wysong III | ACA Review | Completed | 04/14/2022 3:28 PM |
| Office of the City Attorney | Victoria Méndez | Approved Form and Correctness | Completed | 04/19/2022 9:25 AM |
| Office of the City Clerk | City Clerk's Office | Rendered | Completed | 04/19/2022 12:33 PM |



# City of Miami

## Legislation

## Resolution

City Hall
3500 Pan American Drive
Miami, FL 33133
www.miamigov.com

**Enactment Number: R-22-0131**

**File Number: 11751**      **Final Action Date:3/24/2022**

A RESOLUTION OF THE MIAMI CITY COMMISSION, WITH ATTACHMENT(S), PROVIDING THE NEW JURISDICTIONAL BOUNDARIES OF THE CITY COMMISSION DISTRICTS FOLLOWING THE RESULTS OF THE 2020 UNITED STATES CENSUS; OFFICIALLY DELINEATING THE BOUNDARIES OF EACH DISTRICT AS SET FORTH IN "EXHIBIT 1," ATTACHED AND INCORPORATED; MAKING FINDINGS; AND PROVIDING AN EFFECTIVE DATE.

    WHEREAS, the voters of the City of Miami ("City") adopted a Charter Amendment on September 4, 1997, providing for a non-voting Executive Mayor elected City-wide, and five (5) City Commissioners elected from districts; and

    WHEREAS, the City Commission adopted Resolution No. 97-495 providing for the jurisdictional boundaries of the City Commission Districts; and

    WHEREAS, on May 8, 2003, the City reapportioned district boundaries in Resolution No. 03-0448 following the results of the 2000 Census; and

    WHEREAS, on May 23, 2013, the City reapportioned district boundaries in Resolution No. R-13-0208 following the results of the 2010 Census; and

    WHEREAS, on or about September 30, 2021, the United States Census bureau released the results of the 2020 decennial Census; and

    WHEREAS, the City Commission retained the services of a professional redistricting consultant to provide redistricting advice to the City; and

    WHEREAS, the results of the 2020 Census show that in 2020, the population of the City had grown to 442,241, an increase of 42,752 or 10.7 percent and that the growth has not been uniform across all five of the City's Commission districts; and

    WHEREAS, the 14th Amendment to the U.S. Constitution as interpreted by federal case law requires "substantial equality" of population among single member districts and a review of the Census data shows that the current plan is malapportioned and cannot be used for subsequent elections; and

    WHEREAS, Section 2, 52 U.S.C. § 10301 of the Voting Rights Act of 1965 (the "Voting Rights Act"), is a permanent nationwide prohibition on voting practices that discriminate on the basis of race, color, or membership in a language minority group (as defined in Sections 4(f)(2) and 14(c)(3) of the Act, 52 U.S.C. §§ 10303(f)(2), 10310(c)(3)) and prohibits both voting practices that result in citizens being denied equal access to the political process on account of race, color, or membership in a

language minority group, and voting practices adopted or maintained for the purpose of discriminating on those bases; and

WHEREAS, presently, the district with the largest population, District 2, has 116,742 persons, and is 28,364 persons above the ideal population for each district and District 3, has 79,309 residents, which is 9,069 below the ideal population. Taken together, that 37,433 person variance represents a total deviation of 42.35% from the ideal; far above what is allowed by the U.S. Constitution as interpreted by federal case-law and thus, the current plan is malapportioned and cannot be used for subsequent elections; and

WHEREAS, the Supreme Court observed in *Reynolds v. Sims*, 377 U.S. 533 (1964), that all that is necessary when drafting state legislative districts is achieving "substantial equality of population among the various districts." The phrase "substantial equality of population" has come to generally mean that a legislative or local government plan will not be held to violate the Equal Protection clause if the overall deviation between the smallest and largest district is less than 10%. In *Avery v. Midland County*, 390 U.S. 474 (1968), the United States Supreme Court applied the Reynolds decision to local governments; and

WHEREAS, the City Commission directed that the reapportionment process include publicly conducted meetings and workshops on the subject of City Commission Redistricting to apprise the public of the potential district boundary changes and for public input and participation; and

WHEREAS, the City's redistricting consultant analyzed the polarized voting patterns in the City and further determined that the three factors enunciated in the case of *Thornburg v. Gingles, 478 U.S. 30 (1986)*, were evident; and

WHEREAS, the City Commission held six (6) publicly noticed City Commission meetings to discuss the redistricting process on November 18, 2022, December 9, 2020, February 7, 2022, February 25, 2022, March 11, 2022, and March 24, 2022 at City Hall, 3500 Pan American Drive, Miami, Florida; and

WHEREAS, on December 9, 2020, the City Commission directed that the following redistricting criteria be used in developing a new plan and their order of importance:

Achieve substantial equality as opposed to mathematical equality in order to accommodate redistricting criteria (overall deviation of 10% or less);

Maintain the core of existing districts and configuration;

Voter cohesion; and

Preserve traditional Neighborhoods and communities of interest together when feasible; and

WHEREAS, on February 7, 2022, the City's redistricting consultant presented a Preliminary Plan for the City Commission's consideration; and

WHEREAS, after hearing from the public and discussing the Preliminary Plan, the City Commission requested additional changes thereto; and

WHEREAS, at that same meeting the City Commission voted to direct the redistricting consultant to use population in District 2 which is South of US 1 to equalize population of surrounding districts as may be necessary; and

WHEREAS, on February 25, 2022, the redistricting consultant presented a Revised Redistricting Plan for the City Commission's consideration; and

WHEREAS, after hearing from the public and discussing the Revised Plan, the City Commission voted to utilize the Revised Plan as the Base Plan for consideration of additional changes or amendments; and

WHEREAS, at that same meeting the City Commission deferred consideration of the Base Plan to the March 11, 2022, special meeting of the Commission in order to have time to conduct Community meetings in all five Districts and obtain additional public input; and

WHEREAS, on March 11, 2022, the City Commission set another special meeting to discuss redistricting; and

WHEREAS, after hearing from the public at the March 11, 2022, meeting and discussing the Base Plan, the City Commission directed the redistricting consultant to meet with each Commissioner individually and develop any amendments a Commissioner would like to propose to the Base Plan; and

WHEREAS, on March 24, 2022, at a Special City Commission meeting, the redistricting consultant presented the Base Plan along with proposed alternatives sponsored by Commissioners; and

WHEREAS, after hearing from the public, the City Commission debated the different Plans and ultimately voted to adopt the Base Plan with one amendment of an area that did not include population; and

WHEREAS, the demographics of the city are as follow: approximately 70% of the population is Hispanic, approximately 16.3% of the population is black, and approximately 11.9% of the population is non-Hispanic white; and

WHEREAS, the Base Plan provides for 3 majority Hispanic districts, one majority African American district, and one competitive district with approximately 37% white non-Hispanic population, approximately 7.5% black population, and roughly 48.7% Hispanic population; and

WHEREAS, the Base Plan allows the City's constituent minority groups an equal opportunity to elect a candidate of their choice, satisfying the demands of the Voting Rights Act; and

WHEREAS, the base Plan achieves substantial equality of population among the districts; and

WHEREAS, the minor deviations from the ideal population of each district are based on rational City objectives, including preserving majority/minority districts, maintaining the core of existing districts to avoid voter confusion, and minimizing to the extent practical the movement of population south of US 1 to adjoining districts; and

WHEREAS, the Plan is legally sound, meets the prime directive that the plan should abide by the Constitution and the Voting Rights Act, and also substantially meets each of the other adopted redistricting criteria;

NOW, THEREFORE, BE IT RESOLVED BY THE COMMISSION OF THE CITY OF MIAMI, FLORIDA:

Section 1. The recitals and findings contained in the Preamble to this Resolution are adopted by reference and incorporated as fully set forth in this Section and represent findings of the City Commission.

Section 2. The City delineates the jurisdictional boundaries of each of the five (5) delineated City Commission districts, as set forth in "Exhibit 1", attached and incorporated. These election districts shall be applicable for all purposes, including but not limited to, any election of City Commissioners, following the effective date of this resolution.

Section 3. This Resolution shall become effective immediately upon adoption and signature by the Mayor.[1]

APPROVED AS TO FORM AND CORRECTNESS:

_____
Victoria Méndez, City Attorney       4/19/2022

---

[1] If the Mayor does not sign this Resolution, it shall become effective at the end of ten (10) calendar days from the date it was passed and adopted. If the Mayor vetoes this Resolution, it shall become effective immediately upon override of the veto by the City Commission.

City of Miami Commission Districts Adopted March 24, 2022

Commission District: 1

Legend: City Boundary, Streets

# City of Miami Commission Districts Adopted March 24, 2022

**Commission District: 2**

**Legend**
- City Boundary
- Streets

# City of Miami Commission Districts Adopted March 24, 2022

**Commission District: 3**

Legend:
- City Boundary
- Streets

City of Miami Commission Districts Adopted March 24, 2022

Commission District: 4

# City of Miami Commission Districts Adopted March 24, 2022

## Commission District: 5

Author: O. Lopez Date: 4/12/2022 D:\GIS\Commission_Redistricting_2022\Proposed_CommissionDistricts_BookLandscapeFinal.mxd



# City of Miami

## Master Report

City Hall
3500 Pan American Drive
Miami, FL 33133
www.miamigov.com

**Enactment Number: R-22-0131**

| | | |
|---|---|---|
| **File Number:** 11751 | **File Type:** Resolution | **Status:** ADOPTED |
| **Revision:** | | **Controlling Body:** City Commission |
| **File Name:** Redistricting - Adoption of New City Commission District Boundaries | | **Introduced:** 3/25/2022 |
| **Requesting Dept:** City Commission | | **Final Action Date:** 3/24/2022 |

**Title:** A RESOLUTION OF THE MIAMI CITY COMMISSION, WITH ATTACHMENT(S), PROVIDING THE NEW JURISDICTIONAL BOUNDARIES OF THE CITY COMMISSION DISTRICTS FOLLOWING THE RESULTS OF THE 2020 UNITED STATES CENSUS; OFFICIALLY DELINEATING THE BOUNDARIES OF EACH DISTRICT AS SET FORTH IN "EXHIBIT 1," ATTACHED AND INCORPORATED; MAKING FINDINGS; AND PROVIDING AN EFFECTIVE DATE.

**Notes:**

**Links:**

**Attachments:**   11751 Exhibit 1   (PDF)

**History of Legislative File:**

| Revision: | Acting Body: | Date: | Action: | Result: |
|---|---|---|---|---|
| | City Commission | 3/24/2022 | Meeting | Completed |
| | City Commission | 3/24/2022 | ADOPTED | Passed |
| | Mayor's Office | 4/3/2022 | Unsigned by the Mayor | Completed |
| | City Clerk's Office | 4/3/2022 | Signed and Attested by the City Clerk | Completed |
| | Victoria Méndez | 4/19/2022 | Approved Form and Correctness | Completed |
| | City Clerk's Office | 4/19/2022 | Rendered | Completed |

10310(c)(3)) and prohibits both voting practices that result in citizens being denied equal access to the political process on account of race, color, or membership in a language minority group, and voting practices adopted or maintained for the purpose of discriminating on those bases; and

WHEREAS, presently, the district with the largest population, District 2, has 116,742 persons, and is 28,364 persons above the ideal population for each district and District 3, has 79,309 residents, which is 9,069 below the ideal population. Taken together, that 37,433 person variance represents a total deviation of 42.35% from the ideal; far above what is allowed by the U.S. Constitution as interpreted by federal case-law and thus, the current plan is malapportioned and cannot be used for subsequent elections; and

WHEREAS, the Supreme Court observed in *Reynolds v. Sims*, 377 U.S. 533 (1964), that all that is necessary when drafting state legislative districts is achieving "substantial equality of population among the various districts."  The phrase "substantial equality of population" has come to generally mean that a legislative or local government plan will not be held to violate the Equal Protection clause if the overall deviation between the smallest and largest district is less than 10%. In *Avery v. Midland County*, 390 U.S. 474 (1968), the United States Supreme Court applied the Reynolds decision to local governments; and

WHEREAS, the City Commission directed that the reapportionment process include publicly conducted meetings and workshops on the subject of City Commission Redistricting to apprise the public of the potential district boundary changes and for public input and participation; and

WHEREAS, the City's redistricting consultant analyzed the polarized voting patterns in the City and further determined that the three factors enunciated in the case of *Thornburg v. Gingles, 478 U.S. 30 (1986)*, were evident; and

WHEREAS, the City Commission held six (6) publicly noticed City Commission meetings to discuss the redistricting process on November 18, 2022, December 9, 2020, February 7, 2022, February 25, 2022, March 11, 2022, and March 24, 2022 at City Hall, 3500 Pan American Drive, Miami, Florida; and

WHEREAS, on December 9, 2020, the City Commission directed that the following redistricting criteria be used in developing a new plan and their order of importance:

Achieve substantial equality as opposed to mathematical equality in order to accommodate redistricting criteria (overall deviation of 10% or less);

Maintain the core of existing districts and configuration;

Voter cohesion; and

Preserve traditional Neighborhoods and communities of interest together when feasible; and

WHEREAS, on February 7, 2022, the City's redistricting consultant presented a Preliminary Plan for the City Commission's consideration; and

WHEREAS, after hearing from the public and discussing the Preliminary Plan, the City Commission requested additional changes thereto; and

WHEREAS, at that same meeting the City Commission voted to direct the redistricting consultant to use population in District 2 which is South of US 1 to equalize population of surrounding districts as may be necessary; and

WHEREAS, on February 25, 2022, the redistricting consultant presented a Revised Redistricting Plan for the City Commission's consideration; and

WHEREAS, after hearing from the public and discussing the Revised Plan, the City Commission voted to utilize the Revised Plan as the Base Plan for consideration of additional changes or amendments; and

WHEREAS, at that same meeting the City Commission deferred consideration of the Base Plan to the March 11, 2022, special meeting of the Commission in order to have time to conduct Community meetings in all five Districts and obtain additional public input; and

WHEREAS, on March 11, 2022, the City Commission set another special meeting to discuss redistricting; and

WHEREAS, after hearing from the public at the March 11, 2022, meeting and discussing the Base Plan, the City Commission directed the redistricting consultant to meet with each Commissioner individually and develop any amendments a Commissioner would like to propose to the Base Plan; and

WHEREAS, on March 24, 2022, at a Special City Commission meeting, the redistricting consultant presented the Base Plan along with proposed alternatives sponsored by Commissioners; and

WHEREAS, after hearing from the public, the City Commission debated the different Plans and ultimately voted to adopt the Base Plan with one amendment of an area that did not include population; and

WHEREAS, the demographics of the city are as follow: approximately 70% of the population is Hispanic, approximately 16.3% of the population is black, and approximately 11.9% of the population is non-Hispanic white; and

WHEREAS, the Base Plan provides for 3 majority Hispanic districts, one majority African American district, and one competitive district with approximately 37% white

non-Hispanic population, approximately 7.5% black population, and roughly 48.7% Hispanic population; and

    WHEREAS, the Base Plan allows the City's constituent minority groups an equal opportunity to elect a candidate of their choice, satisfying the demands of the Voting Rights Act; and

    WHEREAS, the base Plan achieves substantial equality of population among the districts; and

    WHEREAS, the minor deviations from the ideal population of each district are based on rational City objectives, including preserving majority/minority districts, maintaining the core of existing districts to avoid voter confusion, and minimizing to the extent practical the movement of population south of US 1 to adjoining districts; and

    WHEREAS, the Plan is legally sound, meets the prime directive that the plan should abide by the Constitution and the Voting Rights Act, and also substantially meets each of the other adopted redistricting criteria;

    NOW, THEREFORE, BE IT RESOLVED BY THE COMMISSION OF THE CITY OF MIAMI, FLORIDA:

    Section 1. The recitals and findings contained in the Preamble to this Resolution are adopted by reference and incorporated as fully set forth in this Section and represent findings of the City Commission.

    Section 2. The City delineates the jurisdictional boundaries of each of the five (5) delineated City Commission districts, as set forth in "Exhibit 1", attached and incorporated. These election districts shall be applicable for all purposes, including but not limited to, any election of City Commissioners, following the effective date of this resolution.

    Section 3. This Resolution shall become effective immediately upon adoption and signature by the Mayor.[1]

APPROVED AS TO FORM AND CORRECTNESS:

*[signature]*
Victoria Méndez, City Attorney     4/19/2022

---

[1] If the Mayor does not sign this Resolution, it shall become effective at the end of ten (10) calendar days from the date it was passed and adopted. If the Mayor vetoes this Resolution, it shall become effective immediately upon override of the veto by the City Commission.