# Engage Miami Bylaws

*Revised: 07/13/2017*
*Incorporating Amendments from 06/09/2016*

### Article I. Name and Offices

1. Name: The name of this organization is Engage Miami.
2. The principal offices and place of business of Engage Miami shall be fixed and located at such place as the Board of Directors shall determine. The Board is granted full power and authority to change the principal office from one location to another.
3. Engage Miami is incorporated in the State of Florida as a non profit public benefit organization with members.
4. Engage Miami will not participate or intervene in any political campaign on behalf of, or in opposition to, any candidate for public office to an extent that would disqualify it from being recognized as tax-exempt under section 501(c)(4) of the Internal Revenue Code.

### Article II. Membership

1. Members: An Engage Member is defined as an individual who opts in to membership by and of the following methods:
    a. signing up for Engage emails
    b. signing pledge to vote cards
    c. signing up for text-message reminders
    d. attending at least two meet-ups in a calendar year
2. Prospective members shall be notified that signup constitutes an opt-in for membership

### Article III. Membership Meetings

1. Members shall meet at least 4 x/ year.
2. Membership meetings should be large events where members and non-members are invited.
3. Special Meetings: a special meeting of members may be called by agreement of the Chair and Executive Director.

### Article IV. Board of Directors


PLAINTIFFS' TRIAL EXHIBIT
P55
1:22-cv-24066-KMM

GRACEPLFS0000054

1. Composition, Election, and Duties of the Board of Directors: the number of directors shall be determined from time to time by resolution of the Board of Directors, but the number of directors shall never be less than five (5) and should not exceed twelve (12) people
   a. Board Members shall serve at the pleasure of the entire board
   b. Officers shall stand for election by the Board annually in August
   c. The Board of Directors shall oversee the property, affairs, business, and policies of Engage Miami
   d. The Board of Directors shall meet at least once every quarter. Special meetings may be called by the Chair or upon the request of one-third (1/3) of the Board
2. Vacancies: in the event of a vacancy on the Board of Directors, the chair of the Board will notify the Governance Committee, which will be tasked with alerting the board, seeking applications, and accepting applications from and interviewing interested members. Filling a vacancy requires a two-thirds (2/3) vote of the Board of Directors.
   a. To recruit a Board Member: an existing board member makes a nomination, the board discusses, the nominee is approached with the board expectations, the nominee submits a letter of interest, the board conducts an interview and the board votes
3. Quorum: two-thirds (2/3) of the Board shall be sufficient for quorum at meetings of the Board of Directors, Standing Committees, or of any Special Committees.
4. Executive Session: any meeting of the Board of Directors, Standing Committees, or of any Special Committees may declare an executive session (open to board members, but not members, staff or visitors). Executive sessions can be declared by the chair of the body or upon motion of the body. Matters relating to personnel and matters relating to litigation shall normally be discussed in executive session.
   a. During the executive session, minutes shall be maintained outlining decisions made. Except upon a vote of the body or under advice of counsel, these minutes will be available to the board and the Executive Director.
5. Minutes of all meetings of the Board of Directors, Standing Committees, or of any Special Committees must be taken and maintained. Such minutes will record matters discussed and actions taken, but not the content of the discussions. Names of individuals making motions shall be included in the minutes. Written minutes of meetings, once approved, shall be the official record of such meetings.
6. Voting is allowed by electronic means, including emails and proxy.
7. Treasurer's Report: at each meeting of the Board of Directors, the Treasurer shall report on the financial standing of the organization.
8. Compensation: no elected Officer or Board Member of Engage Miami shall be entitled to receive any compensation for his or her services to Engage Miami in such capacity; however, nothing herein shall prevent any Officer or Board Member from serving Engage Miami in any other fully disclosed capacity, and receiving compensation therefore, upon approval of the Board of Directors.
9. Expectations for Board Members:

   a. Meeting attendance: Board members shall attend at least three quarters of all regularly-scheduled board meetings.
   b. Board members must be a monthly donor at the $10 level, unless a student
   c. Event attendance: Board members must attend 6 events a year
   d. Participate on a committee: Board members must participate on at least one committee per year (either standing or ad hoc)
10. Removal of a Board Member: In the event that the Board finds that a Board member is no longer suitable for the organization, the Board, except for the person in question, ¾ must vote for removal (where this results in a fraction, round downward).

**Article V. Officers**

1. Officers of the Board
   a. Chair: The Chair of the Board shall provide leadership and management direction to Engage Miami and its members, and shall perform such other duties as may properly be assigned to them by the Board of Directors. Specifically, they shall preside at Board meetings, supervise the ED, and communicate with the Board of Directors and staff between meetings. The Board Chair will collect agenda suggestions from other chairs to create and distribute agenda ahead of Board meetings.
   b. Vice Chair: The Vice Chair shall provide leadership and enforce policies of the organization; oversee budgets; perform such other duties as may properly be assigned to them by the Board of Directors; and assume the role of the Chair if the Chair is unable to do so.
   c. Secretary: The Secretary of the Board is responsible for taking, distributing, and maintaining minutes of all meetings of the Board; maintaining the Bylaws and other official documents of the organization; ensuring that notices of meetings be made available to members in compliance with these Bylaws; and performing such other duties as the Board of Directors may assign.
   d. Treasurer: The treasurer will oversee all budgets and financial actions of the organization. They will present budget reports at all Board meetings, and will maintain the organization's bank account.
2. Election and Removal of Officers from the Board
   a. The Board of Directors shall hold an annual meeting in August for the purpose of electing Officers.
   b. Officers shall serve one-year terms and may hold consecutive terms for the same position.
   c. In the event of a vacancy in an Officer position, the Board of Directors shall hold an election to fill the vacancy within sixty (60) days of the vacancy.
   d. The Board has the authority to remove an Officer from their position as an Officer. Such action does not affect the individual's standing as a Board Member. Such action takes a two-thirds (2/3) vote of all board members.

**Article VI. Standing Committees**

1. Governance Committee:
    a. The Governance Committee is responsible for compiling the list of interested, eligible candidates for the Board of Directors prior to each election or to fill a vacancy in the Board of Directors.
    b. The Governance Committee shall be composed of at least four (4) people.
    c. The Board Chair shall appoint the Chair of the Governance Committee, subject to confirmation by the Board of Directors.
    d. The Board Chair shall appoint members of the Governance Committee, subject to confirmation by the Board of Directors.
    e. During an election, the Treasurer shall count ballots.
    f. Upon the completion of the tallying of the vote, the Treasurer shall certify the results of the election and notify the Board Chair, who shall notify the newly elected Board Members in writing of the results.

## Article VII. Special Committees

1. The Board of Directors may, at its discretion, create additional committees consisting of at least two (2) members as it deems appropriate.
2. The Board of Directors, in the creation of a Special Committee, shall make clear how much authority, if any, is being granted to the committee to act, understanding that, at any time, the Board of Directors may revoke any or all of its authority.

## Article VIII. Advisory Board

1. Engage Miami's Advisory Board exists to consult with the board regarding strategy, planning and vision.
2. To add members on the Advisory board, an individual must be nominated by a board member, and approved by a vote of the board.
3. Advisory Board members must:
    a. attend 2 Engage events per year
    b. provide $100 of support to Engage annually, either through cash or the facilitation of in-kind donations

## Article IX. Rules of Order

The latest edition of Robert's Rules of Order Newly Revised shall govern deliberations at all meetings of Members, of the Board of Directors, and of the Executive Committee, unless specific exceptions are made in these Bylaws.

## Article X. Bylaws

1. These Bylaws shall be adopted and shall go into effect upon the unanimous consent of the Board of Directors.
2. Amendments to Bylaws

   a. For these Bylaws to be amended by the Board of Directors, the following procedure must be followed:
      i. The amendment must have been proposed in advance of the Board meeting at which it will be voted upon.
      ii. The proposed amendment must be adopted by a vote of two-thirds (2/3) of Board Members present at the meeting at which it is proposed.

**Article XI. Fiscal Year.**

The fiscal year of Engage Miami shall begin in August.

**Article XII. Authority to Expend Funds, Execute Contracts or Other Legal Instruments.**

1. No person shall have any authority to legally bind the organization by any contract or any other legal instrument unless so authorized by these Bylaws or by specific authorization of the Board of Directors.
2. The Executive Director is permitted to execute Memoranda of Understanding pursuant to existing programs and contracts contemplated in an approved budget budget without board authorization.
3. No person shall have any authority to expend funds unless so authorized by these Bylaws, an approved budget, or by specific authorization of the Board of Directors.
4. The Executive Director can make reimbursements for individual expenses under $250 without explicit board authorization so long as they are reflected in an approved budget.
5. The Treasurer may authorize reimbursements of under $250 for individual expenses without explicit board authorization.

**Article XIII. Applicable Law.**

These bylaws shall be governed by the laws of the State of Florida.

**Article XIV. Conflict of Interest.**

1. Definitions:
   a. Interested Person. Any director or officer who has a direct or indirect financial interest, as defined below, is an interested person.
   b. Financial Interest. A person has a financial interest if the person has, directly or indirectly, through business, investment, or family:
      i. An ownership or investment interest in any entity with which the organization has a transaction or arrangement,
      ii. A compensation arrangement with the organization or with any entity or individual with which the organization has a transaction or arrangement, or
      iii. A potential ownership or investment interest in, or compensation arrangement with, any entity or individual with which the organization is

    negotiating a transaction or arrangement.
  c. Compensation includes direct and indirect remuneration as well as gifts or favors that are not insubstantial. A financial interest is not necessarily a conflict of interest.
2. Procedures:
  a. Duty to Disclose. In connection with any actual or possible conflict of interest, an interested person must disclose the existence of the financial interest and be given the opportunity to disclose all material facts to the directors when considering the proposed transaction or arrangement.
  b. Determining Whether a Conflict of Interest Exists. After disclosure of the financial interest and all material facts, and after any discussion with the interested person, he/she shall leave the Board of Directors meeting while the determination of a conflict of interest is discussed and voted upon. The remaining Board members shall decide if a conflict of interest exists.
  c. Procedures for Addressing the Conflict of Interest.
    i. An interested person may make a presentation at the Board meeting, but after the presentation, he/she shall leave the meeting during discussion of, and vote on, the transaction or arrangement involving the possible conflict of interest.
    ii. The Chair shall, if appropriate, appoint a disinterested person or committee to investigate alternatives to the proposed transaction or arrangement.
    iii. After exercising due diligence, the Board of Directors shall determine whether the organization can obtain with reasonable efforts a more advantageous transaction or arrangement from a person or entity that would not give rise to a conflict of interest.
    iv. If a more advantageous transaction or arrangement is not reasonably possible under circumstances not producing a conflict of interest, the Board of Directors shall determine by a majority vote of the disinterested directors whether the transaction or arrangement is the organization's best interest, for its own benefit, and whether it is fair and reasonable. In conformity with the above determination it shall make its decision as to whether to enter into the transaction or arrangement.
3. Violations of the Conflicts of Interest Policy
  a. If the Board of Directors has reasonable cause to believe a director or officer has failed to disclose actual or possible conflicts of interest, it shall inform the person of the basis for such belief and afford that person an opportunity to explain the alleged failure to disclose.
  b. If, after hearing the member's response and after making further investigation as warranted by the circumstances, the Board of Directors determines that the director or officer has failed to disclose an actual or possible conflict of interest, it shall take appropriate disciplinary corrective action.
4. Records of Proceedings: The minutes of the Board of Directors shall contain:
  a. The names of the persons who disclose or otherwise were found to have a

GRACEPLFS0000059

      financial interest in connection with an actual or possible conflict of interest, the nature of the financial interest, any action taken to determine whether a conflict of interest was present, and the Board's decision as to whether a conflict of interest in fact existed.

      b. The names of the persons who were present for discussions and votes relating to the transaction or arrangement, the content of the discussion, including any alternatives to the proposed transaction or arrangement, and a record of any votes taken in connection with the proceedings.

5. Compensation: A voting member of the Board of Directors who receives compensation, directly or indirectly, from the organization for services is precluded from voting on matters pertaining to that member's compensation.
6. Loans to Directors and Officers: No loans shall be made by the organization to its directors or officers.

**Article XV. Indemnification, Insurance and Limitation of Liability**

1. Protection: no Officer, Board Member, or committee member of Engage Miami shall be held legally and personally liable for monetary damages for a breach of fiduciary duty in their individual official capacities, as long as the individual:
    a. engaged in good faith conduct;
    b. reasonably believed:
        i. in the case of conduct in the individual's official capacity with the organization, that the conduct was in its best interests; and
        ii. in all other cases, that the conduct was at least not opposed to its best interests; and
    c. in the case of any criminal proceeding, had no reasonable cause to believe the conduct was unlawful.
2. Indemnification: Engage Miami shall indemnify and hold harmless each of its Officers, Board Members, and committee members, or former officials or agents, to the fullest extent permitted by law. The indemnification provided by this section shall not be deemed to be exclusive of any other rights to which any person may be entitled under any agreement, or as a matter of law, or otherwise, both as to action in a person's official capacity and to action in another capacity.
3. Limitation of Liability: Notwithstanding any other provision hereof, the debts, obligations and liabilities of Engage Miami shall be solely the debts, obligations and liabilities of Engage Miami; and no Officer, Board Member, or member of any Engage Miami committee shall be obligated personally for any such debt, obligation or liability of Engage Miami solely by reason of being or serving as an Officer, Board Member, or committee member of Engage Miami.

**Article XVI. Dissolution of the Organization.**

1. In the event of liquidation, discontinuance, dissolution, or abandonment of the organization, all of the property and assets of Engage Miami shall be transferred or conveyed by the Board of Directors by way of gift to one or more domestic organizations that are exempt from state and federal taxes as organized under

   Sec. 501(c)(3) or 501(c)(4) of the Internal Revenue Code and are engaged in activities similar to those of Engage Miami.

2. Dissolution of the organization requires unanimous consent of the Board.

GRACEPLFS0000061