

# City of Miami

### Resolution R-24-0205

City Hall
3500 Pan American Drive
Miami, FL 33133
www.miamigov.com

## Legislation

**File Number: 15985**  **Final Action Date:  5/23/2024**

\*

A RESOLUTION OF THE MIAMI CITY COMMISSION, WITH ATTACHMENT(S), AUTHORIZING THE CITY MANAGER TO ENTER INTO A SETTLEMENT AGREEMENT AND NEGOTIATE AND EXECUTE ANY AND ALL NECESSARY DOCUMENTS, IN A FORM ACCEPTABLE TO THE CITY ATTORNEY, FOR THE PURPOSES STATED THEREIN; FURTHER AUTHORIZING THE DIRECTOR OF FINANCE TO MAKE PAYMENT, IN THE AMOUNT OF ONE DOLLAR ($1.00) IN NOMINAL DAMAGES TO THE PLAINTIFFS, AND IN THE AMOUNT OF ONE MILLION FIVE HUNDRED EIGHTY-THREE THOUSAND THIRTY ONE DOLLARS AND THIRTY FIVE CENTS ($1,583,031.35) FOR ATTORNEYS FEES AND COSTS, WITHOUT ADMISSION OF LIABILITY, IN FULL AND COMPLETE SETTLEMENT OF ANY AND ALL CLAIMS AND DEMANDS, INCLUDING ALL CLAIMS FOR ATTORNEYS' FEES, AGAINST THE CITY OF MIAMI ("CITY") AND ITS OFFICERS, AGENTS, AND EMPLOYEES IN THE CASES STYLED GRACE, INC.; ENGAGE MIAMI, INC.; SOUTH DADE BRANCH OF THE NAACP; MIAMI-DADE BRANCH OF THE NAACP; CLARICE COOPER; JARED JOHNSON; YANELIS VALDES; ALEXANDRA CONTRERAS; AND STEVEN MIRO V. CITY OF MIAMI, CASE NO. 1:22-CV-24066-KMM, PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, CITY OF MIAMI V. GRACE, INC.; ENGAGE MIAMI, INC; SOUTH DADE BRANCH OF THE NAACP; MIAMI-DADE BRANCH OF THE NAACP; CLARICE COOPER; JARED JOHNSON; YANELIS VALDES; AND ALEXANDRA CONTRERAS, CASE NO. 23-12472, PENDING IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT, AND AMERICAN CIVIL LIBERTIES UNION OF FLORIDA, INC. V. CITY OF MIAMI, CASE NO. 2023-023038-CA-01, CURRENTLY PENDING IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA; ALLOCATING FUNDS FROM ACCOUNT NO. 00001.980000.531010.0.0; FURTHER ACCEPTING THE BOUNDARIES OF EACH DISTRICT AS SET FORTH IN "EXHIBIT A," ATTACHED AND INCORPORATED, WHICH SHALL BECOME EFFECTIVE SEVEN (7) DAYS AFTER THE SETTLEMENT IS APPROVED BY THE COURT, WHICH APPROVAL SHALL INCLUDE A DECREE THAT NO CHANGE IN DISTRICT BOUNDARIES CAUSED BY THIS RESOLUTION THAT WOULD AFFECT THE QUALIFICATIONS OF ANY INCUMBENT COMMISSIONER UNDER SECTION 4(C) OF THE CITY CHARTER OR CHAPTER 16 OF THE CITY CODE WILL DISQUALIFY SUCH INCUMBENT COMMISSIONER DURING THE TERM FOR WHICH THEY ARE ELECTED; FURTHER DIRECTING THE CITY ATTORNEY TO TIMELY PREPARE AN AMENDMENT TO THE CHARTER OF THE CITY OF MIAMI, FLORIDA, AS AMENDED ("CHARTER"), PURSUANT TO THE TIME FRAMES PROVIDED IN SECTION 2-64 OF THE CODE OF THE CITY OF MIAMI,

File ID: 15985                      Enactment Number: R-24-0205

FLORIDA, AS AMENDED, FOR CONSIDERATION AT A REFERENDUM SPECIAL ELECTION TO BE HELD CONCURRENTLY WITH THE GENERAL MUNICIPAL ELECTION SCHEDULED FOR NOVEMBER 2025, PROPOSING, UPON APPROVAL OF THE ELECTORATE, TO ESTABLISH A NEW SECTION 13 OF THE CHARTER, TITLED " REDISTRICTING," TO ESTABLISH A CITIZENS' REDISTRICTING COMMITTEE AND PROVIDING FOR AN APPOINTMENT PROCESS, QUALIFICATIONS FOR MEMBERSHIP, TENURE, REMOVAL AND VACANCIES, DUTIES, AND PROVIDING FOR STANDARDS FOR ESTABLISHING DISTRICT BOUNDARIES; MAKING FINDINGS; AND PROVIDING AN EFFECTIVE DATE.

WHEREAS, on March 24, 2022, the Miami City Commission adopted Resolution R-22-0131 (the "2022 Plan"), redrawing the City Commission districts following the 2020 Census; and

WHEREAS, on December 15, 2022, Grove Rights and Community Equity, Inc. ("GRACE"), Engage Miami, Inc., the South Dade Branch of the NAACP, the Miami-Dade Branch of the NAACP, Clarice Cooper, Yanelis Valdes, Jared Johnson, Alexandra Contreras, and Steven Miro (collectively, "Federal Plaintiffs") filed GRACE, Inc.; Engage Miami, Inc; South Dade Branch of the NAACP; Miami-Dade Branch of the NAACP; Clarice Cooper; Jared Johnson; Yanelis Valdes; and Alexandra Contreras vs. City of Miami, Case No. 1:22-CV-24066-KMM, ("Federal Action") against the City of Miami ("City") in the U.S. District Court for the Southern District of Florida (the "Federal Court"), alleging that the 2022 Plan violated the Equal Protection Clause of the Fourteenth Amendment; and

WHEREAS, on May 23, 2023, the Federal Court preliminarily enjoined the City from enforcing the 2022 Plan; and

WHEREAS, on June 14, 2023, the Miami City Commission adopted Resolution R-23-0271 ("2023 Plan"), another plan for the City Commission districts; and

WHEREAS, on July 30, 2023, the Federal Court issued its order on interim remedy, sustaining the Federal Plaintiffs' objections to the 2023 Plan and adopting Plaintiffs' P4 plan as the Federal Court's interim remedy pending final judgment; and

WHEREAS, on July 30, 2023, the City appealed the Federal Court's interim remedial order, City of Miami v. GRACE, Inc.; Engage Miami, Inc; South Dade Branch of the NAACP; Miami-Dade Branch of the NAACP; Clarice Cooper; Jared Johnson; Yanelis Valdes; and Alexandra Contreras, Case No. 23-12472 ("Federal Appeal"); and

WHEREAS, on September 14, 2023, the American Civil Liberties Union of Florida, Inc. (the "ACLU of Florida") filed a new lawsuit, American Civil Liberties, Union of Florida, Inc. vs. City of Miami, Case No. 2023-023038-CA-01 ("State Action"), against the City in the Circuit Court of Florida's Eleventh Judicial Circuit ( "State Court"), alleging that the 2023 Plan violated Florida's Government in the Sunshine Law, Chapter 286, Florida Statutes; and

WHEREAS, on January 11, 2024, the Miami City Commission adopted Resolution R-24-0001, amending the 2023 Plan by making a small change affecting two districts; and

WHEREAS, on April 10, 2024, following a bench trial, the Federal Court: (1) found all five (5) districts in both the 2022 Plan and the 2023 Plan (including as amended by R-24-0001) are unconstitutionally racially gerrymandered in violation of the Equal Protection Clause of the

Fourteenth Amendment; (2) permanently enjoined the City of Miami and its officers and agents from enforcing the unconstitutional districts; (3) awarded each Federal Plaintiff nominal damages in the amount of $1.00; and (4) retained jurisdiction to adjudicate the remedial phase of the case;

NOW, THEREFORE, BE IT RESOLVED BY THE COMMISSION OF THE CITY OF MIAMI, FLORIDA:

Section 1.  The recitals and findings contained in the Preamble to this Resolution are adopted by reference and incorporated as fully set forth in this Section and represent findings of the City Commission.

Section 2.  The City Commission hereby authorizes[1] the City Manager to enter into a Settlement Agreement and negotiate and execute any and all necessary documents, in a form acceptable to the City Attorney, for the purposes stated herein.

Section 3.  The City Commission hereby authorizes[1] the Director of Finance to make payments, in the amount of one dollar ($1.00), in nominal damages to the Plaintiffs, and in the amount of one million five hundred eighty three thousand thirty one dollars and thirty five cents ($1,583,031.35), for attorneys' fees and costs, without admission of liability, in full and complete settlement of any and all claims and demands, including all claims for attorneys' fees, against the City and its officers, agents, and employees in the cases styled GRACE, Inc.; Engage Miami, Inc; South Dade Branch of the NAACP; Miami-Dade Branch of the NAACP; Clarice Cooper; Jared Johnson; Yanelis Valdes; Alexandra Contreras; and Steven Miro vs. City of Miami, Case No. 1:22-CV-24066-KMM, pending in the United States District Court for the Southern District of Florida, City of Miami v. GRACE, Inc.; Engage Miami, Inc; South Dade Branch of the NAACP; Miami-Dade Branch of the NAACP; Clarice Cooper; Jared Johnson; Yanelis Valdes; and Alexandra Contreras, Case No. 23-12472, pending in the United States Court of Appeals for the Eleventh Circuit, and American Civil Liberties, Union of Florida, Inc. vs. City of Miami, Case No. 2023-023038-CA-01, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Section 4.  Further allocating funds from Account No. 00001.980000.531010.0.0 for payment pursuant to the Settlement Agreement.

Section 5.  The City Commission officially accepts the boundaries of each City Commission District as set forth in "Exhibit A," attached and incorporated.  These boundaries shall become effective seven (7) days after the Settlement is approved by the Court, which approval shall include a decree that no change in district boundaries caused by this Resolution that would affect the qualifications of any incumbent commissioner under Section 4(c) of the City Charter or Chapter 16 of the City Code will disqualify such incumbent commissioner during the term for which they are elected.

Section 6.  The City Attorney is hereby directed to timely prepare an amendment to the Charter, pursuant to the time frames provided in Section 2-64 of the City Code for consideration at the referendum special election to be held concurrently with the general municipal election scheduled for November 2025, proposing, upon approval of the electorate, to establish a new Section 13 of the Charter, titled "Redistricting," to establish a Citizens Redistricting Committee

---

[1] The herein authorization is further subject to compliance with all legal requirements that may be imposed, including but not limited to, those prescribed by applicable City Charter and City Code provisions.

**File ID:  15985**  **Enactment Number: R-24-0205**

and providing for an appointment process, qualifications for membership, tenure, removal and vacancies, duties, and providing for standards for establishing district boundaries.

      Section 7.  This Resolution shall become effective immediately upon adoption and signature by the Mayor.[2]

APPROVED AS TO FORM AND CORRECTNESS:

*George K. Wysong III, City Attorney*  4/30/2024

---

[2] If the Mayor does not sign this Resolution, it shall become effective at the end of ten (10) calendar days from the date it was passed and adopted. If the Mayor vetoes this Resolution, it shall become effective immediately upon override of the veto by the City Commission.

