UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24066-KMM

GRACE, INC., *et al.*,

    Plaintiffs,

v.

CITY OF MIAMI,

    Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon the Joint Motion to Approve Consent Judgment and Settlement Agreement. ("Mot.") (ECF No. 196). Therein, Plaintiffs GRACE, Inc., Engage Miami, Inc., South Dade Branch of the NAACP, Miami-Dade Branch of the NAACP, Clarice Cooper, Yanelis Valdes, Jared Johnson, Alexandra Contreras and Steven Miro, and Defendant City of Miami (collectively, the "Parties") request that the Court approve the Settlement Agreement between the Parties and enter a consent judgment embodying the Parties' agreed-upon settlement terms. *See id.* at 1; ("Settlement Agreement") (ECF No. 196-1). No interested third parties have sought to intervene in this case or object to the Settlement Agreement. The Motion is now ripe for review.

**I.    BACKGROUND**

Following the 2020 United States Census, the Miami City Commission adopted Resolution R-22-131 (the "2022 Plan"), redrawing the jurisdictional boundaries for Miami's five City Commission districts. On December 15, 2022, Plaintiffs initiated this action against the City of Miami alleging that the five City Commission districts as drawn in the 2022 Plan were racially

gerrymandered in violation of the Equal Protection Clause of the Fourteenth Amendment. *See* (ECF No. 1). On May 23, 2023, the Court preliminarily enjoined the City from enforcing the 2022 Plan after finding that race was the predominant factor in the design each of the five districts and no district could withstand strict scrutiny. *See* (ECF No. 60).

Thereafter, the Miami City Commission adopted Resolution R-23-271 (the "2023 Plan"), a new redistricting plan to replace the 2022 Plan. *See* (ECF No. 77). On July 30, 2023, the Court sustained Plaintiffs' objections to the 2023 Plan and adopted Plaintiffs' P4 plan as the Court's interim remedial plan pending final judgment. *See* (ECF No. 94). On July 30, 2023, the City appealed this Court's interim remedial order. *See* (ECF No. 96). That appeal remains pending. On January 11, 2024, the Miami City Commission adopted Resolution R-24-1, amending the 2023 Plan by making a small change affecting two districts. *See* (ECF No. 151).

On January 29 and 30, 2024, the Court held a two-day bench trial during which the Court heard witness testimony, admitted documentary evidence, and considered arguments from the Parties. *See* (ECF Nos. 168, 169). On April 10, 2024, the Court entered its Findings of Fact and Conclusion of Law, wherein the Court: (1) found all five districts in both the 2022 Plan and the 2023 Plan (including as amended by R-24-1) are unconstitutionally racially gerrymandered in violation of the Equal Protection Clause of the Fourteenth Amendment; (2) permanently enjoined the City of Miami and its officers and agents from calling, conducting, supervising, or certifying any elections under the unconstitutional districts; (3) awarded each Plaintiff nominal damages in the amount of $1.00; and (4) retained jurisdiction to adjudicate the remedial phase of the case. *See* (ECF No. 185). The City filed an appeal which remains pending. *See* (ECF No. 189).

The Parties now wish to avoid the cost, risk, and uncertainty associated with further litigation, and have reached a compromise to resolve this matter through the Settlement

Agreement. *See generally* Mot.; Settlement Agreement. On May 23, 2024, the Miami City Commission directed the City Manager to enter into the Settlement Agreement pursuant to Resolution R-24-0205. *See* (ECF No. 196-2). In the Joint Motion, the Parties request that the Court approve the Settlement Agreement, enter a consent judgment embodying its terms, retain jurisdiction to enforce the Settlement Agreement, and dismiss the action with prejudice. *See* Mot. at 8–9.

## II. LEGAL STANDARD

"District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240 (11th Cir. 1997); *see also United States v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998) ("The district court has the responsibility to insure that a consent decree is not unlawful, unreasonable, or inequitable." (internal quotation marks and citation omitted)). When a proposed settlement "reaches into the future and has continuing effect," the court must carefully ascertain "not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence." *Stovall*, 117 F.3d at 1242 (quoting *United States v. City of Miami, Fla.*, 664 F.2d 435, 440–41 (5th Cir. 1981)). "If the decree also affects third parties, the court must be satisfied that the effect on them is neither unreasonable nor proscribed." *Id.*

## III. DISCUSSION

As set forth in the Joint Motion and the Settlement Agreement, the Parties have settled this litigation, the related appeals, and the State Action through the Settlement Agreement. *See* Mot. at 4. The Parties agree that their individual best interests, as well as the best interests of the residents of Miami, are served by a resolution of this matter. *Id.* at 5. Under the terms of the

Settlement Agreement, the City of Miami will adopt P5 as its redistricting map for the 2020 decennial census term.  *See* Settlement Agreement at 2.  The City also agrees to place a charter amendment on the November 2025 ballot that would prohibit drawing districts with the intent to favor or disfavor a candidate or incumbent and would create a Citizens' Redistricting Committee to draft maps and propose them to the City Commission in all future redistricting processes.  *Id.* at 2–4.  The Settlement Agreement further provides that the Parties acknowledge this Court's findings, the City relinquishes its right to appeal this Court's rulings, the Parties agree that each Plaintiff is entitled to $1.00 in nominal damages, and the Parties agree that Plaintiffs are entitled to costs and attorneys' fees of $1,583,031.35.  *Id.* at 4.

The Court's review of the Parties' Settlement Agreement in this case is informed by the extensive procedural history described above.  As such, the Court has "an adequate record upon which to determine whether to accept the Settlement and is fully acquainted with the factual and legal issues giving rise to this case."  *Jacksonville Branch of NAACP v. City of Jacksonville*, No. 3:22-CV-493-MMH-LLL, 2023 WL 4277423, at *1 (M.D. Fla. May 30, 2023).  Upon careful review, the Court finds that the Settlement Agreement attached to the Joint Motion is fair, reasonable, constitutional, lawful, and in accord with public policy, both with respect to the Parties involved and the residents of Miami impacted by its terms.

IV. **CONCLUSION**

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Joint Motion to Approve Consent Judgment and Settlement Agreement (ECF No. 196) is GRANTED.

A separate Judgment consistent with this Order shall follow.

DONE AND ORDERED in Chambers at Miami, Florida, this __1st__ day of July, 2024.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record